IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WALTER L. DIXON, SR.,

       Plaintiff,                           CIVIL ACTION FILE NO.

vs.                                       _____

U-HAUL INTERNATIONAL, INC.,

       Defendant.

_____/

## **DEFENDANT'S NOTICE OF REMOVAL**

COMES NOW Defendant U-Haul International, Inc. ("Defendant"), by and through its attorneys, and respectfully shows to this Court the following:

1. Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1441 to remove this action from Superior Court of Gwinnett County for the State of Georgia, which case is now pending in that court under the name Walter L. Dixon, Sr. v. U-Haul International, Inc., docketed as Civil Action No. 25-A-03941-1.

2. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that a federal question arising under the laws of the United States is presented on the face of Plaintiff Walter L. Dixon, Sr.'s ("Plaintiff")

Petition For Damages and Jury Trial ("Complaint"), as follows:

      a.    Count III of the Complaint alleges a claim for "racially discriminating and harassing conduct of Defendant's employee . . . [and] constitutes a violation of Plaintiff's civil rights as protected by applicable federal and state statutes, including but not limited to 42 U.S.C. § 1981 . . . . ."

      b.    Paragraph 31 of the Complaint alleges that Plaintiff was subjected to "unlawful discrimination and harassment based on his race, causing him significant injury and damages."

3.    42 U.S.C. § 1981 is a law of the United States.

4.    "The plaintiff is the master of the complaint, and federal question jurisdiction is only proper if the removing party can establish one of the following: 1) a federal claim is asserted on the face of the complaint; 2) under the 'artful pleading doctrine,' federal claims were wrongly characterized as state law claims, or 3) the state law claim requires the interpretation of federal law." Escala v. Victoria's Secret Stores, LLC, 727 F. Supp. 2d 1350, 1352 (S.D. Fla. 2009) (citing Rivet v. Regions Bank, 522 U.S. 470, 475 (1988)); Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 807-10 (1986); Rains v. Criterion Sys. Inc., 80 F.3d 339, 343 (9th Cir. 1996)). As shown above, Plaintiff has asserted a federal claim on

the face of his Complaint.

5.     Alternatively, this is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that the alleged matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, as follows:

a.     The matter in controversy is between citizens of different states.

i.     Plaintiff is, and was at the commencement of this action, a citizen and resident of the State of Georgia.  See Compl. ¶ 3.

ii.     Defendant currently is and was at the commencement of this action a corporation formed under the laws of the State of Nevada with its principal place of business in Phoenix, Arizona.  It is therefore a citizen of Arizona.  See 28 U.S.C. § 1332(c)(1).

iii.     Thus, there is complete diversity between Plaintiff and Defendant.

b.     The alleged matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

i.     In his Complaint, Plaintiff seeks to recover "a monetary verdict award against Defendant in an amount not less than TWELVE MILLION DOLLARS ($12,000,000.00) and cost (sic) to compensate Plaintiff for his actual

damages including, but not limited to, emotional distress, pain, suffering, and humiliation."  See Compl. ¶ VII (a).

      ii.    In his Complaint, Plaintiff also seeks to recover "an award of punitive damages . . . " an award of pre-judgment and post-judgment interest" . . . and "for reasonable attorney's fees and expenses of litigation . . . ."  See Compl. ¶ VII (b), (c) and (d).

      iii.   The amount sought by Plaintiff for alleged damages exceeds the jurisdictional amount of $75,000, exclusive of interest and costs, as a matter of law.

      iv.   Thus, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.    Under the provisions of 28 U.S.C. § 1441(a), the right exists to remove this action from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, which embraces the place where such action is pending.

7.    In accordance with the requirements of 28 U.S.C. § 1446(b)(1), Defendant files this Notice of Removal within thirty (30) days after its receipt of the Summons and Complaint.  Defendant's General Counsel received a copy of the

Summons and Complaint on May 1, 2025.[1]  Because the thirtieth day after notice is May 31, 2025, pursuant to Federal Rule of Civil Procedure 6(a)(1), Defendant's deadline to remove this action is June 2, 2025.[2]

8.    Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendant attaches hereto copies of all the documents that  it has received or otherwise been notified about in this action, described as follows:

a.    Summons and Complaint, marked as Exhibit "A."

b.    Amendment to Complaint and additional pleadings filed in Superior Court of Gwinnett County, marked as Exhibit "B."[3]

9.    By reason of the foregoing, Defendant desires and respectfully submits

---

[1] Defendant has not been properly served with process pursuant to F.R.C.P. 4(c). Defendant has not accepted service of process.  Nonetheless, Defendant hereby files this Notice of Removal within thirty (30) days of its receipt of the Summons and Complaint.  See Kirby v. OMI Corp., 655 F. Supp. 219, 222 (M.D. Fla. 1987) (finding that "Plaintiff's substantial compliance with the substituted service of process provisions . . . although later found to be technically flawed, controls the commencement of the thirty-day removal period"); IMCO USA, Inc. v. Title Ins. Co., 729 F. Supp. 1322, 1323 (M.D. Fla. 1990) ("The Defendant's challenge to the motion to remand based on the Plaintiff's technical service error is without merit. Service of process under state law does not control for removal purposes.  What is important is that the Defendant was on notice of the pending action through receipt of the 'initial pleading.'") (citation omitted).

[2] May 31, 2025 is a Saturday.  Pursuant to F.R.C.P. 6(a) the deadline to remove this matter to this Court is June 2, 2025.

[3] Plaintiff's Amendment to Complaint refers solely to exhibits which Plaintiff intends to use to support his claim.

that it is entitled to have this action removed from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, such being the district where said suit is pending.

10.    A true copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Gwinnett County, Georgia, as required by law.  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit "C"

11.    Written notice of the filing of this Notice of Removal, a copy of which is attached hereto as Exhibit "D," will be given to Plaintiff as required by law.

12.    The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after a reasonable inquiry, it is well grounded in fact; is warranted by existing law or an extension or modification of existing law; and is not interposed for any improper purposes, such as to harass or cause unnecessary delay or needless increase in the cost of this litigation.

WHEREFORE, Defendant prays that this action be removed to this Court and that this Court accept jurisdiction of this matter, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

This 27th day of May, 2025.

Respectfully submitted,

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

/s/ Stephen W. Mooney
STEPHEN W. MOONEY
Georgia Bar No. 001790
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
T. 404.876.2700
F. 404.875.9433
Attorneys for Defendant U-Haul
International, Inc.

## **Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by the CM/ECF system on Pro Se Plaintiff Walter L. Dixon, Sr., on all parties of record on the Service List below.

Walter L. Dixon, Sr.
1378 Legrand Circle
Lawrenceville, GA 30043
walterleedixon@gmail.com

This 27th day of May, 2025.

/s/ Stephen W. Mooney