# EXHIBIT A

# IN THE SUPERIOR COURT

## OF

## GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**　　　　　　　　　**CIVIL ACTION**
**PLAINTIFF**　　　　　　　　　　　　　　　**FILE NO.**_____


**U-HAUL International, Inc.**
**DEFENDANT**


## PETITION FOR DAMAGES AND JURY TRIAL

**COMES NOW**, Plaintiff, Walter L. Dixon, Sr., and files this Petition for Damages against Defendant, U-Haul International, Inc.., and respectfully shows this Honorable Court the following:

### I.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to the laws of the State of Georgia.

2. Venue is proper in Gwinnett County, Georgia, pursuant to O.C.G.A. § 9-2-2, as the tortious acts complained of herein occurred in Gwinnett County, specifically at the U-Haul location situated at 5365 Jimmy Carter Blvd., Norcross, GA 30093. Furthermore, Defendant conducts substantial business within this jurisdiction, rendering it amenable to suit in this Court.

## II.

## PARTIES

3. Plaintiff, Walter L. Dixon, Sr., who is a resident 1378 Legrand Circle, City of Lawrenceville, Gwinnett County, Georgia, and is subject to the jurisdiction of this court.

4. Defendant, U-Haul Holding Company is a corporation organized and existing under the laws of a state other than Georgia, with its principal place of business located at 2727 North Central Avenue, Phoenix, AZ 85004. Defendant is authorized to conduct and does conduct business within the State of Georgia.

## III.

## STATEMENT OF FACTS

5. On or about October 7, 2023, Plaintiff, a venerable and long-standing customer of Defendant for over two decades, entered the premises of Defendant's facility located at 5365 Jimmy Carter Blvd., Norcross, GA 30093, for the routine return of a rental truck, Contract #17110755, at approximately 10:38 a.m. **See Plaintiff's Exhibits A, B and C.**

6. Upon his lawful entry onto Defendant's property, Plaintiff was immediately and heinously accosted by an employee of Defendant, who identified herself as "Andrea," the assistant manager of the aforementioned location.

7. In a brazen display of unmitigated malice and racial animus, Defendant's agent, Andrea, responded to Plaintiff's innocuous greeting with a venomous and racially charged tirade, proclaiming, "Don't be calling me darling, I don't like that, and don't you ever call me that no damn more."

8. Not content with this initial affront, Defendant's employee, acting within the scope of her employment and under the direct or indirect control of Defendant, escalated her abhorrent conduct by spewing the vile and opprobrious racial slur, "you damn black niggers always trying to be so damn slick." This odious epithet was intentionally calculated to inflict maximum emotional distress and to demean Plaintiff based solely on his race.

9. When Plaintiff, understandably aghast and deeply offended by this execrable behavior, attempted to address this reprehensible conduct, Defendant's agent, Andrea, defiantly

asserted her purported right to "say any damn thing she want to" and further issued a
menacing threat to ban Plaintiff, a loyal customer, from Defendant's premises.

10. The depraved and racially motivated actions of Defendant's employee, Andrea, constitute
a flagrant violation of Plaintiff's fundamental civil rights, protections enshrined in both
federal and state law. Her malicious use of racial slurs, coupled with her aggressive and
threatening demeanor, unequivocally demonstrates intentional discrimination and
harassment.

11. Furthermore, the conduct of Defendant's agent reveals a shocking and inexcusable
dereliction of the duty of care owed to its customers and a profound disregard for basic
standards of professional conduct and human decency.

12. As a direct and proximate result of the tortious and outrageous conduct of Defendant's
employee, Plaintiff, a seventy (70) year old man at the time of this incident, was
subjected to extreme emotional distress, profound humiliation, a deep sense of violation,
and a reasonable fear for his safety and well-being.

13. So severe was the emotional trauma inflicted upon Plaintiff by Defendant's agent that he
was compelled to seek the intervention of law enforcement by contacting the Gwinnett
County Police Department's 911 emergency service.

14. Responding to Plaintiff's plea for assistance, Officer J.M. Cray arrived at Defendant's
premises and conducted an investigation into the abhorrent incident. Officer Cray's
official report, attached hereto as **Plaintiff's Exhibits D, E and F** corroborates Plaintiff's
account of the events and unequivocally establishes that Defendant's agent, Andrea, did
not deny the statements attributed to her, offering only the feeble and irrelevant excuse
that she preferred to be addressed by her given name.

15. Significantly, Officer Cray, based on his prior experiences at Defendant's location,
advised Plaintiff to seek legal counsel, stating that he had responded to multiple prior
incidents involving the same employee and location, thereby indicating a pattern of
egregious misconduct condoned or negligently overlooked by Defendant.

16. Adding further insult to injury, when Plaintiff reasonably requested a copy of notes that
Defendant's agent, Andrea, was surreptitiously making on his customer file, she
responded with a vulgar and contemptuous expletive, yelling "fuck off," further

demonstrating her utter lack of professionalism and the hostile environment fostered by Defendant.

17. The attached police report, along with anticipated witness testimony, will provide irrefutable evidence of the unlawful and malicious conduct perpetrated by Defendant's agent against Plaintiff.

18. Defendant's subsequent actions, including the dismissive and perfunctory response from its General Counsel and the callous denial of Plaintiff's legitimate claim by Repwest Insurance Company, reveal a disturbing pattern of corporate malfeasance and a deliberate and reprehensible attempt to evade accountability for the egregious actions of its employee. **See Plaintiff's Exhibits (G) Repwest's Letter of April 18, 2025, (H) Letter of August 19, 2024 and (I) Letter of August 6, 2024 hereto attached.**

19. Plaintiff's independent investigation, utilizing judicial system legal databases, has unearthed a troubling history of civil rights violations perpetrated by Defendant, as evidenced by prior lawsuits filed and, in some instances, settled. This documented history starkly illuminates a systemic failure on the part of Defendant to adequately address and rectify discriminatory practices within its organizational structure, thereby emboldening its employees to engage in further acts of unlawful discrimination and harassment.

20. As a direct and proximate consequence of the aforementioned tortious conduct of Defendant's agent, Plaintiff has suffered and continues to suffer significant emotional and psychological harm, including, but not limited to, severe anxiety, persistent insomnia, debilitating emotional distress, and a profound and lasting sense of violation and indignity. These damages are the direct and foreseeable result of the unlawful and malicious actions of Defendant's employee, acting within the scope of her employment.

**IV.**

**COUNT I – NEGLIGENCE IN HIRING, TRAINING, AND SUPERVISION**

21. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

22. Defendant owed a duty to Plaintiff and other members of the public to exercise reasonable care in the hiring, training, and supervision of its employees to ensure they would conduct themselves in a lawful, professional, and non-discriminatory manner.

23. Defendant breached this duty by negligently hiring, training, and/or supervising its employee, Andrea, despite a clear and foreseeable risk that she would engage in discriminatory and abusive conduct towards customers, as evidenced by prior complaints and incidents.

24. Defendant's negligent hiring, training, and/or supervision of its employee, Andrea, was a direct and proximate cause of the injuries and damages sustained by Plaintiff, as described herein.

## V.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 24 as if fully set forth herein.

26. The conduct of Defendant's employee, Andrea, in subjecting Plaintiff to a barrage of racially charged insults, threats, and abusive language was extreme and outrageous, exceeding the bounds of what is tolerable in a civilized society.

27. Defendant's employee, Andrea, acted intentionally or recklessly, with the specific intent to inflict emotional distress upon Plaintiff or with a reckless disregard for the high probability that her conduct would cause such distress.

28. As a direct and proximate result of Defendant's employee's extreme and outrageous conduct, Plaintiff suffered severe emotional distress, including, but not limited to, anxiety, insomnia, humiliation, and a profound sense of violation.

## VI.

## COUNT III – VIOLATION OF CIVIL RIGHTS

29. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28 as if fully set forth herein.

30. The racially discriminatory and harassing conduct of Defendant's employee, Andrea, constitutes a violation of Plaintiff's civil rights as protected by applicable federal and state statutes, including but not limited to **42 U.S.C. § 1981, O.C.G.A. § 51-1-44**.

31. Defendant, through the actions of its agent, Andrea, subjected Plaintiff to unlawful discrimination and harassment based on his race, causing him significant injury and damages.

## VII.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff, Walter L. Dixon, Sr., demand and prays that this Honorable Court enter judgment against Defendant, U-Haul International, Inc., as follows:

a. For a monetary verdict award against Defendant in an amount not less than **TWELVE MILLION DOLLARS ($12,000,000.00)** and cost to compensate Plaintiff for his actual damages, including, but not limited to, emotional distress, pain, suffering, and humiliation.

b. For an award of punitive damages against Defendant in an amount sufficient to punish Defendant for its willful, wanton, and malicious conduct and to deter it and others from engaging in similar egregious actions in the future.

c. For an award of pre-judgment and post-judgment interest at the legal rate.

d. For an award of Plaintiff, if Defendant elect to not settled this matter prior to Plaintiff's petition being file as pro.se or the decision of Plaintiff to retain counsel after Plaintiff's filing of this petition Plaintiff's for reasonable attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 and other applicable law.

e. For all other relief that this Court deems just and equitable.

## VIII.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury of twelve on all issues so triable in the above-style case.

Respectfully submitted this 29 day of April, 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

# U-HAUL® Equipment Contract



**In-Town Rental (Out)**

**Contract No:** 17110755
Saturday, October 7, 2023 8:07 AM

**Equipment:**
DC 5938G
KO 8405L

**Dispatched From:** 863067
**Safe-Protection: (YES)**

**Roadside Assistance:**

**Customer Name:**
Walter Dixon
1378 legr and ct
LAWRENCEVILLE, GA 30043

(770) 905-0514
DL.xxxx0326, GA 0926
walterleedixon
@gmail.com

**Renting Location:**
U-HAUL MOVING & STORAGE AT JIMMY
CARTER - (863067)
5365 JIMMY CARTER BLVD
NORCROSS, GA 30093
(770) 447-5017

**U-Haul App**

**Authorized Driver(s):** Walter Dixon

**Rental Out Date/Time:**
10/7/2023 8:07 AM

**Rental Due Date/Time:**
10/7/2023 2:00 PM

If you return after store hours please verify your equipment
return on your mobile device using the U-Haul App. Or you can
choose to have a U-Haul Representative verify it for you the next
business day. There is a $20.00 convenience fee for this option.

- Failure to return the equipment by the Rental Due time may result in additional charges.

| Equipment | MI Out | MI Rate | MI Charge | Coverage | Rental Rate | Rental Charge | Estimated Charges |
|---|---|---|---|---|---|---|---|
| DC5938G | 125280.0 | $0.99 x 40.00 | $39.60 | Safe Move: $15.00 | $29.95 | $29.95 | $84.55 |
| AE58111-AZ | | | | | | | |
| Appliance Dolly: 0000KO 8405L | | | | | $10.00 | $10.00 | $10.00 |

REGULAR CHECK-IN - EMAIL ON FILE
Fuel Tank Capacity: 40 Gallons

E | ⅛ | ¼ | ⅜ | ½ | ⅝ | ¾ | ⅞ | F

33.1  31.1  29.1  26.7  23.1  21.4  18.7  16.1  10.8  9.1  7.2  5.5  3.3  1.4
**Estimated Gallons needed to return to dispatched level of 15/16**

**Card Type:** MASTERCARD
**Account:** XXXX-XXXX-XXXX-2028
**Type:** PREAUTH
**Ref No.:** 328014213358
**Approved:** 01831B

The bank has placed a HOLD for 101.29 on your account. This hold may appear on your
statement. U-Haul will not charge/credit your card until you return the equipment and your
rental charges are calculated. If the actual rental charges exceed the held amount, or if your
rental is extended, U-Haul may charge the original amount and authorize a second amount
for the estimated balance.

**Entry Method:** CHIP    **Application Label:**
MASTERCARD
**AID:** A0000000041010    **TSI:** E800

**Term ID:** 012

| | |
|---|---|
| Estimated Environmental Fee: | $1.00 |
| Estimated Subtotal: | $95.55 |
| Estimated Rental Tax: | $5.74 |
| Estimated Charges Paid: | $0.00 |
| Estimated Total Charges: | $101.29 |
| Credit Card Authorization Amount: | $101.29 |
| Net Paid Today: | $0.00 |

- I agree to verify my truck's fuel level is 15/16ths before leaving the premises. I will return the vehicle with the same amount of fuel as when dispatched and/or agree to pay a $5.00 per gallon convenience fee for the estimated fuel I do not replace. If returned with less than 1/4 tank, I agree to also pay a $30.00 service fee. U-Haul does not reimburse if this truck is returned with more fuel than what is printed on the receipt gauge. U-Haul pays for oil (save receipts).
- I understand that I am financially responsible for at least the first $250.00 for new damage caused by collision with an overhead object.
- U-Haul provides the Customer with minimum limits of protection required by that state or province where arises any claim, suit or cause of action. This provided protection is in excess or secondary to any insurance coverage(s) of the Customer. Customer assumes Sole Responsibility for any and all liability that exceeds the applicable minimum limits of protection for that state or province.
- I understand that this equipment must be returned to the same U-Haul location where it was rented. I understand that the minimum rental charge for equipment returned to a different location is twice the amount of the current One Way rate from this U-Haul location to the actual drop-off location.
- I understand that the equipment rented is water resistant and not water proof.
- I acknowledge that I have received the appropriate User Instructions and acknowledge my responsibility to fully read and understand these User Instructions before operating the equipment.
- I understand that I will receive an email link to review the rental process and the U-Haul Store employees to feedback to U-Haul any complaints, concerns, or requests that I have about my rental. I understand that I can also contact U-Haul Customer Service at uhaul.com/contact/email.aspx
- Watch for overhead objects and lock-up the cargo box.
- I agree to submit all legal claims in accordance with the U-Haul Arbitration Agreement, incorporated by reference, and available at uhaul.com/arbitration or from my local U-Haul representative.
- I acknowledge that I have received and agree to the terms and conditions of this Rental Contract and the Rental Contract Addendum.
- The failure to return the Equipment requiring U-Haul to recover the Equipment is a material breach of this Rental Contract. In the event of a material breach requiring U-Haul to recover the Equipment, U-Haul will provide You notice by text, e-mail and/or phone to all contact information provided. Upon service of notice, You shall contact U-Haul within 72 hours to make arrangements for removal of Your goods. If You do not contact U-Haul within that time, You agree U-Haul will dispose of all goods in the Equipment at U-Haul's sole discretion and cost. This paragraph supersedes and replaces para. 9 of the Additional Terms and Conditions on the Document Holder.
- "AUTHORIZED DRIVER" - An "Authorized Driver" for purposes of this Agreement is any driver listed on the U-Haul Equipment Contract as authorized by U-Haul Co. of Georgia to operate a U-Haul Vehicle. "UNAUTHORIZED DRIVER"- An "Unauthorized Driver" for purposes of this Agreement is anyone NOT listed on the U-Haul Equipment Contract as an "Authorized Driver."
- I, Walter Dixon agree to be fully responsible to U-Haul Co. of Georgia, or their affiliated U-Haul entities and agents, for all charges relating to the rental of the Equipment that may be incurred by any Authorized Driver that Customer or any Authorized Driver allowed to drive the U-Haul Vehicle, including, but not limited to, rental charges, mileage fees, Equipment damage, late or unreturned Equipment charges, charges for Equipment returned to an incorrect location, late fees, cleaning charges, charges for furniture pads and dollies, missing Equipment, fees for any Violations, toll or towing fees, uncovered roadside fees, as well as any additional charges.
- I acknowledge that I was sent a text/email to the phone number or email address provided at the time of the rental, which provides me the opportunity to acknowledge equipment condition, cleanliness, mileage and fuel at the time of the rental. I understand that if I do not provide a response, I am accepting the condition as represented in the text/email. I further acknowledge that I may be responsible for any and all damage, cleaning, mileage and fuel charges as determined by U-Haul upon return of the equipment.
- U-Haul Vehicle(s) or Towable Equipment in your possession may be equipped with a U-Haul Location Tracking Device and/or OEM devices (such as OnStar®). Location information may be accessed for the reasons set forth in the U-Haul Privacy Policy available at https://www.uhaul.com/Legal/PrivacyNotice/.

Shatesa H

X _____
Walter Dixon

U-Haul Signature - (Shatesa H)

**Questions or need help? Call me.** _____ (770) 447-5017

69461162(H) 03/17
PointOfSale



# U-HAUL Receipt

In-Town Return (In)

**Contract No:** 17110755
Saturday, October 7, 2023 11:17 AM

U-HAUL MOVING & STORAGE AT
JIMMY CARTER
863067

5365 JIMMY CARTER BLVD
NORCROSS, GA 30093

(770) 447-5017

**Customer Name:**
Walter Dixon
1378 legrand cir
LAWRENCEVILLE, GA 30043

**Cust Ph - EMail:**
(770) 905-0514
walterleedixon
@gmail.com

**Authorized Driver(s):** Walter Dixon

**Rental Date/Time:** 10/7/2023 8:07 AM
**Return Date/Time:** 10/7/2023 11:15 AM
**Chargeable Rental Periods:** 1

| Equipment | MI Out | MI In | MI Rate | MI Charge | Coverage | Missing/Damage Charge | Rental Rate | Rental Charge | Actual Charges |
|---|---|---|---|---|---|---|---|---|---|
| DC - 15' Moving Van DC5938G AE58111-AZ | 125280.0 | 125307.0 | $0.99 x 27.00 | $26.73 | Safe Move: $15.00 | $0.00 | $29.95 | $29.95 | $71.68 |
| Appliance Dolly: 0000KO 8405L | | | | | | $0.00 | $10.00 | $10.00 | $10.00 |

| E | ¼ | ¼ | ⅜ | ½ | ⅝ | ¾ | ⅞ | F |

**Card Type:** MASTERCARD
**Account:** XXXX-XXXX-XXXX-2028
**Type:** PAYMENT
**Ref No.:**
**Approved:** 01831B
**Entry Method:** CHIP
**Application Label:** MASTERCARD
**Merchant ID:** 4445022905406
**Term ID:** 012
**AID:** A0000000041010  **TVR:** 0400008000  **TSI:** E800

**Environmental Fee:** $1.00
**Subtotal:** $82.68
**Rental Tax:** $4.96
**Total Rental Charges:** $87.64

**Credit Card Payment:** $87.64
**Net Paid Today:** $87.64

- I confirm that during the term of my rental there was not an accident involving the rented U-Haul equipment and no incidence where this equipment struck or otherwise caused damage to any person or property either while on a public road or private property. There was no injury or damage sustained by me or any other drivers or passengers of this equipment.
- U-Haul Vehicle(s) or Towable Equipment in your possession may be equipped with a U-Haul Location Tracking Device and/or OEM devices (such as OnStar®). Location information may be accessed for the reasons set forth in the U-Haul Privacy Policy available at https://www.uhaul.com/Legal/PrivacyNotice/.

Raymond G

X _____
    Walter Dixon

U-Haul Signature - (Raymond G)

MobileContractClose



# U-HAUL

## Reservation Receipt

Your reservation has been completed. A confirmation and link to the U-Haul app has been sent via text to (770) 905-0514. Prior to your pickup, you can complete your check-in through the app, as well as confirm, review or make any changes to your reservation. 17110755

## Customer Name: Walter Dixon

### Reservation Summary



**15' MOVING VAN**

**Pick Up Date:** 10/07/2023

**Pick Up Time:** 8:00 AM

**Hours Reserved:** 6 hours

**Rental Type:** In Town

*U-HAUL MOVING & STORAGE AT JIMMY CARTER*

5365 JIMMY CARTER BLVD

NORCROSS, GA 30093

(770) 447-5017

### Summary of Charges

| | |
|---|---|
| 15' Moving Van | $29.95<br>plus $0.99/mile |
| Environmental Fee | $1.00 |
| Estimated Tax | $1.86 |
| **Total:** | **$32.81**<br>*plus $0.99/mile (due in store)* |

© 2020 U-Haul International, Inc. All rights reserved.

J-Haul is a registered trademark of U-Haul International, Inc





GWINNETT COUNTY
POLICE DEPARTMENT
# CALL FOR SERVICE
## CASE: | CALL: PD232800498

## Event

| Call Taken | Problem | Call Disposition | First Unit Assigned | Call Closed | Primary Officer |
|---|---|---|---|---|---|
| 10/07/2023 11:11:51 | 86 - DOMESTIC | C25-CIVIL MATTER | 10/07/2023 11:14:51 | 10/07/2023 11:47:37 | Cray jmcray |

| Common Place Name | | | | Location Type | | Cross Street |
|---|---|---|---|---|---|---|
| | | | | UHUAL | | HAYES DR NW/LIVE OAK PKWY NW |

| Address | | | | | Apt. | Bldg. |
|---|---|---|---|---|---|---|
| 5365 JIMMY CARTER BLVD NW | | | | | | |

| City | State | Zip | Latitude | Longitude | Beat |
|---|---|---|---|---|---|
| NORCROSS | GA | 30093 | 33.904908 | -84.20506 | 132 |

| Jurisdiction | Battalion | CAD Incident Type | Priority | Alarm | Alarm Type |
|---|---|---|---|---|---|
| Gwinnett County PD | West Side | | 3 | 0 | |

| Call Taker | How Received | Workstation ID | No. Of Injuries | First Unit Enroute | First Unit Arrived |
|---|---|---|---|---|---|
| Jackson, Kyarra | | CADAXCT05 | | 10/07/2023 11:20:03 | 10/07/2023 11:20:03 |

Call Status
C

Call Back Information
770-905-0514

User Data
Field Name: Aero Map Page Field Value:817-F5 Field ID:821458 Incident User Data FieldID: 821458 Performed By:CO752

## Comments



## Unit 1: 143A

Responders
Cray,

| Primary Unit | Assigned | | Enroute | | Arrived At Scene | Call Cleared | | Unit Name |
|---|---|---|---|---|---|---|---|---|
| Yes | 10/07/2023 11:14:51 | | 10/07/2023 11:20:03 | | 10/07/2023 11:20:03 | 10/07/2023 11:47:37 | | 143A |

Unit Disposition

| Assigned By | Left For Secondary Loc | Arrive @ Secondary Loc. | Name Transported | Transport Protocol | Phone |
|---|---|---|---|---|---|
| Lawrence, Alicia | | | | | |

| Transport To Location | | Location Type | Cross Street |
|---|---|---|---|
| | | | |

| Address | | Apt. | Bldg. |
|---|---|---|---|
| | | | |

| City | State | Zip | Latitude | Longitude |
|---|---|---|---|---|
| | | | | |

| On Scene Odometer | At Destination Odometer |
|---|---|
| | |

## Person 1

| Involvement Type | Full Name | Date Of Birth | Age | To Age |
|---|---|---|---|---|
| | DIXON, WALTER | | | |

| Address | | Apartment |
|---|---|---|
| 5365 - 5389 JIMMY CARTER BLVD NW | | |

| City | State | Zip |
|---|---|---|
| | | |

| Race | Sex | Phone | License State | License Number | SSN |
|---|---|---|---|---|---|
| | | (770) 905-0514 | | | |

| Height | To Height | Weight | ToWeight | Eye Color | Hair Color | Build | Facial Hair | Glasses |
|---|---|---|---|---|---|---|---|---|
| #Error | | | | | | | | |

## E911 Call 1

| Answered Time | Class Of Service | ANI Phone Number | Customer Name |
|---|---|---|---|
| 10/07/2023 11:11:49 | Phase2 | (770) 905-0514 | |

| Address | | Apartment |
|---|---|---|
| | | |

| City | State | Zip | Latitude | Longitude |
|---|---|---|---|---|
| | | | 33.904806 | -84.205441 |



Inform CAD Comments
Location: UHUAL

10/7/2023 11:11:52 AM, Performed By: SYS

Comment: [1] ***ADDL Wireless Info: 5320 JIMMY CARTER BLVD NW - SECTOR NE NORCROSS GA ***

10/7/2023 11:11:52 AM, Performed By: SYS

Comment: [2] ***Class of Service: WPH2 LAT: +33.904806 LON: -084.205441 ***

10/7/2023 11:11:52 AM, Performed By: SYS

Comment: [3] ALT# 770-905-0514 T-MOBILE USA

10/7/2023 11:13:01 AM, Performed By: CO752

Comment: [4] COMPL VS BUSINESS

10/7/2023 11:13:47 AM, Performed By: CO752

Comment: [5] NO MENTIONED 28/38/69

10/7/2023 11:14:56 AM, Performed By: CO752

Comment: [6] COMPL ADV HE IS A CUSTOMER TRYING TO RETURN HIS TRUCK AND ONE OF THE EMPLOYEES CUSSED HIM OUT

10/7/2023 11:15:14 AM, Performed By: SCO271

Comment: [7] WILL ADVS IF SECOND UNIT NEEDED

10/7/2023 11:15:30 AM, Performed By: CO752

Comment: [8] COMPL ADV HE WANTS TO MAKE REPORT AGAINST EMPLOYEE BECAUSE HE WANTS TO FILE A COMPL WITH THE CORPRATE OFFICE

10/7/2023 11:15:50 AM, Performed By: CO752

Comment: [9] COMPL CLR TO REMAIN SEPARATED UNTIL PD IS T7 , ALSO CLR TO R.C IF ANYTHING CHANGES

10/7/2023 11:20:03 AM, Performed By: 143A

Comment: [10] 143A On Scene at 10/7/2023 11:20:03, Latitude: 33.9045062666667, Longitude: -84.20563725

10/7/2023 11:47:29 AM, Performed By: 143A

Comment: [11] Cray, Jhontae - 143A - THE COMPL STATED HE CAME IN TO RETURN A TRUCK AND CALLED THE LADY AT THE COUNTER "DARLING". THE COMPL STATED THE EMPLOYEE GOT UPSET AND CURSED AT HIM. THE COMPL STATED HE WANTED TO REPORT THE EMPLOYEE SO HE COULD SEND A COMPLAINT TO THE GENERAL MANAGER. I EXPLAINED TO THE COMPL THE SITUATION WAS CIVIL. THE EMPLOYEE STATED SHE HAS TOLD THE COMPL MULTIPLE TIMES TO STOP CALLING HER "BABY" OR "DARLING" AND TO CALL HER BY HER NAME.

PLAINTIFF'S EXHIBIT

**repwest** ®
INSURANCE COMPANY

www.repwest.com

**SETTLEMENT COMMUNICATION; SUBJECT TO FED. R. EVID 408**

April 18, 2025

Walter Dixon
1378 Legrand Circle
Lawrenceville, GA 30043

RE: Claim Number:     03600994-2023
    Date of Loss:      October 7, 2023
    Reported Date:    July 18, 2024

Dear Mr. Dixon:

This letter confirms receipt of your correspondence, dated April 11, 2025, addressed to Edward J. Joe Shoen, President, Chairman and Chief Executive Officer of U-Haul Holding Company, which demands payment of $450,000.00 to settle your purported claims of (i) alleged negligent hiring, training and supervision of employees; (ii) alleged intentional infliction of emotional distress through racially motivated harassment; (iii) alleged violation of your civil rights; and (iv) alleged punitive damages ("April 11 Letter").

As you are aware, Repwest is the claims handler for U-Haul. As you are also aware, our prior investigation uncovered no evidence to substantiate your allegations of racially charged discriminatory behavior or negligence and, therefore, your claims were denied, and our file was subsequently closed. [*See Letter, dated August 19, 2024, from me to you, which is incorporated herein by this reference.*]

Please be advised that I have been asked to review your April 11 Letter to determine if you have produced any new evidence to substantiate your alleged claims. However, like your prior communications with me[1], the April 11 Letter contains no new evidence to substantiate your alleged claims. Although the April 11 Letter states that "witness testimony provides incontrovertible evidence of Andrea's unlawful conduct", no witness testimony was provided.

To confirm our prior requests, if you have any evidence to support your claims, we kindly ask that you provide us with copies of your evidence so that we may consider it. No settlement offers will be made at this time.

**Please be advised that nothing in this letter constitutes an admission of any liability or wrongdoing, all liability and wrongdoing being expressly denied.**

---

[1] For example, in my original acknowledgement letter to you, dated August 6, 2024, and during my telephone conversation with you that same day, I invited you to send any documents or other materials in support of your claims, including but not limited to audio files, written statements, photos and/or video. On August 15, 2024, you emailed me what you described as your "Partial Exhibits and Evidence List." In response to your disclosure of new information, I emailed you on August 16, 2024, and asked that you kindly provide us with copies of your evidence so that we may consider it. You declined to do so.

*Notice: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects a person to criminal and civil penalties. The lack of statement as required above does not constitute defense in any p_____nsurance act.*

PLAINTIFF'S
EXHIBIT

**2** | Claim Number 03600994-2023

Finally, you have agreed to submit all Claims arising out of or relating to your relationship with U-Haul, or any prior, current or future Transaction with U-Haul, in accordance with the U-Haul Arbitration Agreement, available at uhaul.com/arbitration.

Sincerely,

Michael Larsen
Litigation Adjuster
PO Box 24463
Phoenix, AZ 85074
(833) 228-0632 x543423
E-Mail: mblarsen@repwest.com

**\*Please be advised that the statute of limitations for bodily injury claims for persons that are not minors in the State of Georgia is 2 years from the date of the accident. The statute of limitations for property damage claims is 4 years from the date of the occurrence. If we do not settle your claim within these periods, you must file a lawsuit to protect your interests.**


(/)

PRODUCTS (/PRODUCTS)

REPORT FRAUD (/SIU)

ABOUT (/CONTACT)

FILE A CLAIM (/CLAIMS)

# Claim Number: 03600994-2023

# Files Successfully Sent

walt admendment to gcsp petition 4-23-2025.pdf ✓

UPLOAD MORE

**repwest**
INSURANCE COMPANY

www.repwest.com

August 19, 2024

Walter Lee Dixon, Sr.
1378 Legrand Circle
Lawrenceville, GA 30043

RE:  Claim Number:    03600994-2023
     Date of Loss:        October 7, 2023
     Reported Date:     July 18, 2024

Dear Mr. Dixon:

The investigation concerning the above captioned claim has been concluded.

Our investigation uncovered no evidence to substantiate your allegations of racially charged discriminatory behavior or negligence.  Therefore, we must respectfully deny your claims.  Your demand for payment of $350,000 is rejected. No offers will be made at this time.

Repwest's determination is based on the information known at this time. Repwest may reevaluate its determination if there is a material change in the facts known to us. If you have any additional information that you believe is pertinent to the issues or if any of the information stated in this letter is incorrect, please advise us in writing.[1]

Finally, you agreed to submit all Claims arising out of or relating to your relationship with U-Haul, or any prior, current or future Transaction with U-Haul, in accordance with the U-Haul Arbitration Agreement, available at uhaul.com/arbitration.

Sincerely,

Michael Larsen
Litigation Adjuster
PO Box 24463
Phoenix, AZ 85074
(833) 228-0632 x543423
E-Mail: mblarsen@repwest.com

---

[1] In my acknowledgement letter to you, dated August 6, 2024, and during my telephone conversation with you that same day, I invited you to send any documents or other materials in support of your claims, including but not limited to audio files, written statements, photos and/or video.  On August 15, 2024, you emailed me what you described as your "Partial Exhibits and Evidence List."  In response to your disclosure of new information, I emailed you on August 16, 2024, and asked that you kindly provide us with copies of your evidence so that we may consider it.  You declined to do so.

*Notice: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects a person to criminal and civil penalties. The lack of statement as required above does not constitute defense in any p_____surance act.*

PLAINTIFF'S EXHIBIT



www.repwest.com

August 6, 2024

Walter Dixon
1378 Legrand Circle
Lawrenceville, GA 30043

**FILE COPY**

RE: Claim Number:     03600994-2023
    Date of Loss:     October 7, 2023
    Reported Date:    July 18, 2024

Dear Walter Dixon:

This will acknowledge your notice of loss and Repwest Insurance Company handles claims on behalf of U-Haul. Your claim is being assigned for investigation into the facts and circumstances of the loss and handling to:

Michael Larsen | Litigation Adjuster
PO Box 24463 Phoenix, AZ 85074
(833) 228-0632 x543423 | mblarsen@repwest.com

Please provide Repwest with any claim supports that you may have to support your claim that may include audio files, written statements, photos and/or video.

If you intend to send documents or other materials in support of your claim, please include your claim number located at the top of this page on all communications, including electronic communications. Supports can be uploaded at www.repwest.com/Claims/Upload.

Sincerely,

**Repwest Insurance Company**

**\*Please be advised that the statute of limitations for bodily injury claims for persons that are not minors in the State of Georgia is 2 years from the date of the accident. The statute of limitations for property damage claims is 4 years from the date of the occurrence. If we do not settle your claim within these periods, you must file a lawsuit to protect your interests.**

*Notice: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects a person to criminal and civil penalties. The lack of statement as required above does not constitute defense in any prosecution* ... *act.*

**PLAINTIFF'S EXHIBIT**

# Re. Repwest Claim Acknowledgment letter

From:  Michael Larsen (mblarsen@repwest.com)

To:    wdixon@rosenthalbc.com; walterleedixon@gmail.com

Date:  Tuesday, August 6, 2024 at 02:57 PM EDT

Hello Mr. Dixon,

Thank you for taking the time to discuss your claim with me this morning.  Kindly find attached the Repwest claims acknowledgement letter for your records.   Our investigation is now underway.

Respectfully,
Mike Larsen
Repwest
833 228 0632 x 543423

 Claims Acknowledgment letter.pdf
148.9kB

# GWINNETT COUNTY

# STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**                    **CIVIL ACTION**
**PLAINTIFF**                               **FILE NO.**_____


**U-HAUL International, Inc.**
**DEFENDANT**


# CERTIFICATE OF SERVICE

**COMES NOW**, Plaintiff, Walter L. Dixon, Sr., hereby certify that I have this day served the foregoing **PETITION FOR DAMAGES AND JURY TRIAL** upon counsel Kristine Campbell or current counsel by delivering a copy of same in the United States mail in an envelope with sufficient postage thereon addressed as follows:

U-Haul Holding Company Attn: Kristine Campbell counsel of record 2727 North Central Avenue. Phoenix, AZ 85004 USA.

This the 29 day of April 2025.

_____
Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2025 APR 28 PM 4: 18

TIANA P. GARNER, CLERK

**WALTER L DIXON, Sr.**
**Plaintiff**

v.

**Civil Action No.**
**25-A-03941-1**

**UHAUL INTERNATIONAL INC**
**Defendant**

<u>**SUMMONS**</u>

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said Court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

WALTER L DIXON, SR.
1378 LEGRAND CIRCLE
LAWRENCEVILLE GA  30043

an answer to the complaint which is hereby served on you.  You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

This 28th day of April, 2025.

Tiana P. Garner
Clerk of Superior Court

By _____ Deputy Clerk

[Attach addendum sheet for additional parties, if needed.  You must make a notation on this sheet if used.]

SC – Rev'd 1/25