# EXHIBIT B

E-FILED IN OFFICE - RE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

25-A-03941-1

4/28/2025 10:30 AM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT

## OF

## GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**
**FILE NO.**_____  25-A-03941-1


**U-HAUL International, Inc.**
**DEFENDANT**


## PLAINTIFF'S AMENDMENT TO COMPLAINT

Plaintiff files this Amendment to his Complaint and shows the following:

**1.**

Pursuant to the provisions of O.C.G.A. § 9-11-15(a), Plaintiff hereby files this Amendment

Number (1) to the Plaintiff's Exhibits of Evidences Demonstrating Defendant's Egregious

Conduct, including the following critical piece of evidence:

**2.**

**Exhibit Assign as Plaintiff's Exhibit Q & Q1**

Letter from Joe Shoen, Chairman of the Board of U Haul International Inc., and U-Haul Holding

Company, dated April 21, 2025, to Plaintiff Walter Dixon. This exhibit serves as further

evidence of Defendant's egregious conduct in the following respects:

# PLAINTIFF'S AMENDMENT TO COMPLAINT

a. **Admission of Inappropriate Conduct:** While purporting to apologize, the letter implicitly acknowledges the inappropriate conduct of Defendant's agent, Andrea, without explicitly denying the specific discriminatory statements made to Plaintiff.

b. **Failure to Address Systemic Issues:** The letter wholly fails to outline any concrete actions or policy changes that Defendant, under the leadership of its Chairman, intends to implement to prevent future instances of discrimination, thereby demonstrating a continued indifference to the rights and well-being of its customers.

c. **Insult to Injury:** The generalized apology and self-referential anecdotes contained within the letter serve to further insult Plaintiff, trivializing the discriminatory experience and highlighting Defendant's lack of genuine remorse or commitment to rectifying its failures.

**WHEREFORE,** in addition to the relief demanded by Plaintiff in his original Complaint, Plaintiff amendment is necessary to fully present to the Court and the jury the Defendant's continued egregious conduct and willful disregard for the harm caused to Plaintiff, thereby supporting Plaintiff's claims for damages and the need for punitive measures to ensure accountability.

Respectfully submitted this 29 day of April, 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net



U-Haul International, Inc., 2727 N. Central Ave., Phoenix, AZ 85004

April 21, 2025

Walter Dixon
PO Box 464512
Lawrenceville, GA 30042

Dear Mr. Dixon,

I reviewed your letter dated April 11, 2025 regarding an incident at a U-Haul store on October 7, 2023.

For starters, I extend my apology. Good manners are free. Everyone can have them. No one has a good excuse for acting otherwise.

As a merchant, U-Haul should take the lead in displaying good manners. This does not appear to have been the case at the U-Haul store that day. To the best of my recollection this is my first notice of the exchange between you and Andrea that day. I do not believe Andrea works at U-Haul any longer so please accept my belated apology on her behalf.

Like yourself, I am a "senior". In my case, I am 76 years old. The conflict and friction in society disappoints me and wear me out. Ending an exchange with "fuck off" was unthinkable in my early years, today it punctuates too many exchanges.

I have worked in U-Haul for most of my adult life. I am generally very proud of how we help Americans move. I quickly found four times you have patronized U-Haul. I thank you. This is how I make my living.

Should you need U-Haul services in the future, please text me at 602-390-6525 and I will try to extend to you the courtesy you deserve.

Thank you for giving me the chance to address this matter.

Sincerely,

*Joe Shoen*

Joe Shoen
Chairman

PLAINTIFF'S
EXHIBIT
A

*Moving Made Easier* SM

## Re: NOTICE OF LEGAL ACTION AND DEMAN FOR IMMEDIATE SETTLEMENT

From: Alyssa Espinoza (alyssa_espinoza@uhaul.com)

To:     wdixon@rosenthalbc.net

Date:   Tuesday, April 22, 2025 at 01:40 PM EDT

Walt,

Please see the attached written response from Joe Shoen.

The letter will also be mailed to the address in your email signature.

Many thanks,

**Alyssa Espinoza | Executive Assistant to Joe Shoen**
**U-Haul International, Inc.**
2727 N. Central Ave Phoenix, AZ 85004
**O:** (602) 263-6804  **Ext.:** 618140



THIS E-MAIL MESSAGE IS A CONFIDENTIAL AND PRIVILEGED COMMUNICATION. THE INFORMATION CONTAINED HEREIN IS THE CONFIDENTIAL AND PROPRIETARY INFORMATION OF U-HAUL INTERNATIONAL, INC. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS E-MAIL, PLEASE DELETE THIS E-MAIL FROM YOUR COMPUTER IN BOX AND CALL (602)263-6811. THE UNAUTHORIZED DISCLOSURE OF THIS MESSAGE AND ITS CONTENTS IS STRICTLY PROHIBITED.

---

**From:** wdixon . <wdixon@rosenthalbc.net>
**Sent:** Friday, April 11, 2025 11:56 AM
**To:** Alyssa Espinoza <alyssa_espinoza@uhaul.com>
**Subject:** NOTICE OF LEGAL ACTION AND DEMAN FOR IMMEDIATE SETTLEMENT

> **CAUTION:** This email came from an external sender. Do not click **links** or **attachments** unless you know the sender and the content is safe.

Edward J. Joe Shoen
Chairman, President and Chief Exeecutive Officer

I have attached the following document for your immediate attention.

Walt Dixon
Senior Associate
GAP & NFOPA
Member No.# 87748605
wdixon@rosenthalbc.net
P.O. Box 464512
Lawrenceville, GA 30042
(O) 678.235.4878
(C) 770.905.0514



 042125_Letter to Walter Dixon.pdf
119.2kB

# GWINNETT COUNTY

# STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**
**FILE NO.**_____

**U-HAUL International, Inc.**
**DEFENDANT**

## CERTIFICATE OF SERVICE

**COMES NOW**, Plaintiff, Walter L. Dixon, Sr., hereby certify that I have this day served the foregoing **PLAINTIFF'S AMENDMENT TO COMPLAINT** upon counsel Kristine Campbell or current counsel by delivering a copy of same in the United States mail in an envelope with sufficient postage thereon addressed as follows:

U-Haul Holding Company., Attn: Kristine Campbell counsel of record 2727 North Central Avenue. Phoenix, AZ 85004 USA.

This the 29 day of April 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

E-FILED IN OFFICE - RE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**25-A-03941-1**

**4/28/2025 10:30 AM**
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT

# OF

# GWINNETT COUNTY

# STATE OF GEORGIA

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**
**FILE NO.**_____  25-A-03941-1

**U-HAUL International, Inc.**
**DEFENDANT**

## PLAINTIFF'S MOTION

## TO

## STRIKE FRAUDULENT CLAIM DENIAL AND COMPEL INDEPENDENT CLAIM ADJUDICATION DUE TO DEFENDANT'S UNDISCLOSED FIDUCIARY BREACH

Comes now Plaintiff, Walter L. Dixon, Sr., pro se, and hereby moves this Honorable Court to strike the bad-faith denial of his claim by Repwest Insurance Company and to compel Defendant, U-Haul International, Inc., to submit Plaintiff's claim for review by a genuinely independent entity. The Defendant's surreptitious utilization of its wholly-owned subsidiary, Repwest Insurance Company, to adjudicate Plaintiff's claim constitutes an egregious breach of fiduciary duty and taints the entire process with irredeemable bias. In support of this Motion, Plaintiff avers as follows:

# I. UNCONTESTED FACTS

1. Plaintiff, having suffered grievous harm due to the reprehensible actions of Defendant's agent, submitted a claim for damages to U-Haul International, Inc.

2. Defendant, in a maneuver deliberately designed to obfuscate and prejudice Plaintiff, referred the claim to Repwest Insurance Company for assessment.

3. Plaintiff has irrefutably established that Repwest Insurance Company is not an arm's-length insurer but a mere instrumentality of the Defendant, existing solely under the ownership and control of U-Haul Holding Company.

4. The denials of Plaintiff's claim, communicated through the letters of Repwest's Chief Litigator, Michael Larsen (Plaintiff's Exhibits (1), (G), (H), and (I)), are the direct result of a sham review conducted by a captive entity beholden to the Defendant's financial interests.

5. The Defendant and its captive insurer, Repwest, intentionally withheld the crucial information regarding their intertwined corporate structure, actively deceiving Plaintiff into believing his claim was being reviewed by an impartial third party.

# II. LAW AND ARGUMENT

6. The Defendant, by entrusting the adjudication of Plaintiff's claim to its wholly-owned subsidiary without explicit disclosure, engaged in a flagrant breach of the implied duty of good faith and fair dealing inherent in any claim process. This clandestine arrangement created an irreconcilable conflict of interest, precluding any semblance of an objective review.

7. Repwest Insurance Company, as a captive insurer, owes its primary allegiance to its parent company, the Defendant. Its denials of Plaintiff's

claim are not the product of an independent assessment of merit but rather a predictable outcome dictated by the Defendant's self-interest in avoiding liability.

8. The failure to disclose this captive relationship constitutes a deliberate act of deception, designed to prejudice Plaintiff's ability to obtain a fair resolution. This egregious lack of transparency vitiates the legitimacy of Repwest's claim denials.

9. This Honorable Court cannot countenance such a blatant disregard for ethical claims handling practices. To allow the denial of Plaintiff's claim by a conflicted and undisclosed captive insurer to stand would be to endorse a system ripe for abuse and fundamentally antithetical to the principles of justice.

### III. DEMAND FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff, Walter L. Dixon, Sr., respectfully demands that this Honorable Court issue an Order:

a. Striking down and declaring void the denial of Plaintiff's claim by Repwest Insurance Company as a product of an undisclosed and irreconcilable conflict of interest and a breach of the duty of good faith. b. Mandating that Defendant, U-Haul International, Inc., immediately submit Plaintiff's claim to a completely independent and unaffiliated insurance company for a neutral and unbiased evaluation. c. Granting Plaintiff such additional relief as the exigencies of justice may require.

Respectfully submitted this 29th day of April, 2025.

Walter L. Dixon, Sr.
Pro Se Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878 (C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

 Gemini

2.0 Flash ⌄

✦ Try Gemini Advanced

  

Gemini, which of the U Haul companies own Repwest
Insurance Company and what percentage does U Haul own

✦ Repwest Insurance Company is a wholly-owned subsidiary of **U-Haul Holding Company.** Therefore, U-Haul Holding Company owns **100%** of Repwest Insurance Company. ⌄

U-Haul Holding Company is the parent company of several entities, including: ⌄

- **U-Haul International, Inc.:** The well-known moving and self-storage rental company. ⌄

- **Oxford Life Insurance Company:** An insurance company offering annuities, life insurance, and Medicare supplement insurance. ⌄

- **Repwest Insurance Company:** Provides property and casualty insurance, primarily related to U-Haul rentals and self-storage. ⌄

- **Amerco Real Estate Company:** Purchases properties for conversion into self-storage facilities and other real estate ventures. ⌄

The Shoen family, the founders of U-Haul, holds a significant percentage of ownership in U-Haul Holding Company (AMERCO).

Sources and related content ⌄





Ask Gemini



www.repwest.com

**SETTLEMENT COMMUNICATION; SUBJECT TO FED. R. EVID 408**

April 18, 2025

Walter Dixon
1378 Legrand Circle
Lawrenceville, GA 30043

RE: Claim Number:    03600994-2023
      Date of Loss:       October 7, 2023
      Reported Date:    July 18, 2024

Dear Mr. Dixon:

This letter confirms receipt of your correspondence, dated April 11, 2025, addressed to Edward J. Joe Shoen, President, Chairman and Chief Executive Officer of U-Haul Holding Company, which demands payment of $450,000.00 to settle your purported claims of (i) alleged negligent hiring, training and supervision of employees; (ii) alleged intentional infliction of emotional distress through racially motivated harassment; (iii) alleged violation of your civil rights; and (iv) alleged punitive damages ("April 11 Letter").

As you are aware, Repwest is the claims handler for U-Haul. As you are also aware, our prior investigation uncovered no evidence to substantiate your allegations of racially charged discriminatory behavior or negligence and, therefore, your claims were denied, and our file was subsequently closed. [*See* Letter, dated August 19, 2024, from me to you, which is incorporated herein by this reference.]

Please be advised that I have been asked to review your April 11 Letter to determine if you have produced any new evidence to substantiate your alleged claims. However, like your prior communications with me[1], the April 11 Letter contains no new evidence to substantiate your alleged claims. Although the April 11 Letter states that "witness testimony provides incontrovertible evidence of Andrea's unlawful conduct", no witness testimony was provided.

To confirm our prior requests, if you have any evidence to support your claims, we kindly ask that you provide us with copies of your evidence so that we may consider it. No settlement offers will be made at this time.

**Please be advised that nothing in this letter constitutes an admission of any liability or wrongdoing, all liability and wrongdoing being expressly denied.**

---

[1] For example, in my original acknowledgement letter to you, dated August 6, 2024, and during my telephone conversation with you that same day, I invited you to send any documents or other materials in support of your claims, including but not limited to audio files, written statements, photos and/or video. On August 15, 2024, you emailed me what you described as your "Partial Exhibits and Evidence List." In response to your disclosure of new information, I emailed you on August 16, 2024, and asked that you kindly provide us with copies of your evidence so that we may consider it. You declined to do so.

---

*Notice: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects a person to criminal and civil penalties. The lack of statement as required above does not constitute defense in any p[...] insurance act.*

PLAINTIFF'S EXHIBIT

**2 |** Claim Number 03600994-2023

Finally, you have agreed to submit all Claims arising out of or relating to your relationship with U-Haul, or any prior, current or future Transaction with U-Haul, in accordance with the U-Haul Arbitration Agreement, available at uhaul.com/arbitration.

Sincerely,

Michael Larsen
Litigation Adjuster
PO Box 24463
Phoenix, AZ 85074
(833) 228-0632 x543423
E-Mail: mblarsen@repwest.com

**\*Please be advised that the statute of limitations for bodily injury claims for persons that are not minors in the State of Georgia is 2 years from the date of the accident. The statute of limitations for property damage claims is 4 years from the date of the occurrence. If we do not settle your claim within these periods, you must file a lawsuit to protect your interests.**

repwest
INSURANCE COMPANY
(/)

PRODUCTS (/PRODUCTS)

REPORT FRAUD (/SIU)

ABOUT (/CONTACT)

FILE A CLAIM (/CLAIMS)

# Claim Number: 03600994-2023

## Files Successfully Sent

walt admendment
to gcsp petition 4-
23-2025.pdf          ✓

UPLOAD MORE



www.repwest.com

August 19, 2024

Walter Lee Dixon, Sr.
1378 Legrand Circle
Lawrenceville, GA 30043

RE: Claim Number:   03600994-2023
    Date of Loss:      October 7, 2023
    Reported Date:   July 18, 2024

Dear Mr. Dixon:

The investigation concerning the above captioned claim has been concluded.

Our investigation uncovered no evidence to substantiate your allegations of racially charged discriminatory behavior or negligence.  Therefore, we must respectfully deny your claims.  Your demand for payment of $350,000 is rejected. No offers will be made at this time.

Repwest's determination is based on the information known at this time. Repwest may reevaluate its determination if there is a material change in the facts known to us. If you have any additional information that you believe is pertinent to the issues or if any of the information stated in this letter is incorrect, please advise us in writing.[1]

Finally, you agreed to submit all Claims arising out of or relating to your relationship with U-Haul, or any prior, current or future Transaction with U-Haul, in accordance with the U-Haul Arbitration Agreement, available at uhaul.com/arbitration.

Sincerely,

Michael Larsen
Litigation Adjuster
PO Box 24463
Phoenix, AZ 85074
(833) 228-0632 x543423
E-Mail: mblarsen@repwest.com

---

[1] In my acknowledgement letter to you, dated August 6, 2024, and during my telephone conversation with you that same day, I invited you to send any documents or other materials in support of your claims, including but not limited to audio files, written statements, photos and/or video. On August 15, 2024, you emailed me what you described as your "Partial Exhibits and Evidence List."  In response to your disclosure of new information, I emailed you on August 16, 2024, and asked that you kindly provide us with copies of your evidence so that we may consider it.  You declined to do so.

*Notice: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects a person to criminal and civil penalties. The lack of statement as required above does not constitute defense in any p[...]surance act.*



PLAINTIFF'S
EXHIBIT



www.repwest.com

August 6, 2024

Walter Dixon
1378 Legrand Circle
Lawrenceville, GA 30043

**FILE COPY**

RE: Claim Number:    03600994-2023
    Date of Loss:    October 7, 2023
    Reported Date:    July 18, 2024

Dear Walter Dixon:

This will acknowledge your notice of loss and Repwest Insurance Company handles claims on behalf of U-Haul. Your claim is being assigned for investigation into the facts and circumstances of the loss and handling to:

Michael Larsen | Litigation Adjuster
PO Box 24463 Phoenix, AZ 85074
(833) 228-0632 x543423 | mblarsen@repwest.com

Please provide Repwest with any claim supports that you may have to support your claim that may include audio files, written statements, photos and/or video.

If you intend to send documents or other materials in support of your claim, please include your claim number located at the top of this page on all communications, including electronic communications. Supports can be uploaded at www.repwest.com/Claims/Upload.

Sincerely,

**Repwest Insurance Company**

*Please be advised that the statute of limitations for bodily injury claims for persons that are not minors in the State of Georgia is 2 years from the date of the accident. The statute of limitations for property damage claims is 4 years from the date of the occurrence. If we do not settle your claim within these periods, you must file a lawsuit to protect your interests.*

*Notice: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects a person to criminal and civil penalties. The lack of statement as required above does not constitute defense in any prosecution*

**PLAINTIFF'S EXHIBIT**
**Z**

# GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**
**FILE NO.**_____

**U-HAUL International, Inc.**
**DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

**COMES NOW**, Plaintiff, Walter L. Dixon, Sr., hereby certify that I have this day served the foregoing **STRIKE FRAUDULENT CLAIM DENIAL AND COMPEL INDEPENDENT CLAIM ADJUDICATION DUE TO DEFENDANT'S UNDISCLOSED FIDUCIARY BREACH** upon counsel Kristine Campbell or current counsel by delivering a copy of same in the United States mail in an envelope with sufficient postage thereon addressed as follows:

U-Holding Company., Attn: Kristine Campbell counsel of record 2727 North Central Avenue. Phoenix, AZ 85004 USA.

This the 29 day of April, 2025.

_____
Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
<u>wdixon@rosenthalbc.net</u>

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
25-A-03941-1
4/28/2025 8:46 PM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT

## OF

## GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**
**FILE NO. 25-A-03941-1**

**U-HAUL International, Inc.**
**DEFENDANT**

# Plaintiff's Oral Argument in Support of Plaintiff's Motion to Strike Fraudulent Claim Denial and Compel Independent Claim Adjudication.

May it please the Court, my name is Walter L. Dixon, Sr., appearing pro se as Plaintiff in this matter. This Court is now presented with a Motion that strikes at the heart of fundamental fairness and the implied duty of good faith inherent in any claim adjudication process. The Defendant, U-Haul International, Inc., has engaged in a practice that is not only ethically dubious but also legally untenable: the surreptitious delegation of claim review to its wholly-owned subsidiary, Repwest Insurance Company.

The uncontested facts before this Honorable Court irrefutably demonstrate the inherently conflicted position of Repwest. Plaintiff suffered grievous harm and submitted a claim for redress to the Defendant. Instead of providing an objective and impartial assessment, the Defendant channeled this claim to an entity entirely beholden to its financial interests – Repwest

Insurance Company. The evidence, specifically Plaintiff's Exhibits (1), (G), (H), and (I), reveals that the denials originated from Repwest's Chief Litigator, an individual whose primary allegiance is unequivocally to the Defendant.

The law is clear: every claim process carries with it an implied duty of good faith and fair dealing. The Defendant's clandestine arrangement with its captive insurer constitutes a flagrant breach of this duty. This undisclosed relationship created an irreconcilable conflict of interest, rendering any pretense of an objective review a mere illusion. Repwest, as a captive insurer, owes its fiduciary duty first and foremost to its parent company, U-Haul. Its denials, therefore, are not the product of an independent evaluation of the merits of Plaintiff's claim but rather a predictable outcome driven by the Defendant's desire to avoid liability.

Furthermore, the Defendant's failure to disclose this captive relationship amounts to a deliberate act of deception. Plaintiff was led to believe his claim was being reviewed by an impartial third-party insurer, a fundamental misrepresentation that prejudiced his ability to obtain a fair resolution. This egregious lack of transparency vitiates the legitimacy of Repwest's claim denials.

Plaintiff Walter L. Dixon, Sr., respectfully requests that this Honorable Court cannot, in good conscience, countenance such a blatant disregard for ethical claims handling practices. To allow the denial of Plaintiff's claim by a conflicted and undisclosed captive insurer to stand would be to endorse a system ripe for abuse, a system that fundamentally undermines the principles of justice and fairness that this Court is sworn to uphold.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant the relief sought: first, to strike down and declare void the denial of Plaintiff's claim by Repwest Insurance Company as a product of an undisclosed and irreconcilable conflict of interest and a breach of the duty of good faith; and second, to mandate that Defendant, U-Haul International, Inc., immediately submit Plaintiff's claim to a completely independent and unaffiliated insurance company for a neutral and unbiased evaluation. The exigencies of justice demand no less. Thank you, Your Honor.

Respectfully submitted this 28 day of April, 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

# GWINNETT COUNTY

# STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**
**FILE NO. 25-A-03941-1**

**U-HAUL International, Inc.**
**DEFENDANT**

# CERTIFICATE OF SERVICE

**COMES NOW**, Plaintiff, Walter L. Dixon, Sr., hereby certify that I have this day served the foregoing **Plaintiff's Oral Argument in Support of Plaintiff's Motion to Strike Fraudulent Claim Denial and Compel Independent Claim Adjudication** counsel Kristine Campbell or current counsel by delivering a copy of same in the United States mail in an envelope with sufficient postage thereon addressed as follows:

U-Haul Holding Company Attn: Kristine Campbell counsel of record 2727 North Central Avenue. Phoenix, AZ 85004 USA.

This the 28 day of April 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net



# Gemini

2.0 Flash ▾

✦ Try Gemini Advanced      

Gemini, which of the U Haul companies own Repwest Insurance Company and what percentage does U Haul own

Repwest Insurance Company is a wholly-owned subsidiary of **U-Haul Holding Company**. Therefore, U-Haul Holding Company owns **100%** of Repwest Insurance Company. ⌄

U-Haul Holding Company is the parent company of several entities, including: ⌄

- **U-Haul International, Inc.:** The well-known moving and self-storage rental company. ⌄

- **Oxford Life Insurance Company:** An insurance company offering annuities, life insurance, and Medicare supplement insurance. ⌄

- **Repwest Insurance Company:** Provides property and casualty insurance, primarily related to U-Haul rentals and self-storage. ⌄

- **Amerco Real Estate Company:** Purchases properties for conversion into self-storage facilities and other real estate ventures. ⌄

The Shoen family, the founders of U-Haul, holds a significant percentage of ownership in U-Haul Holding Company (AMERCO).

Sources and related content ⌄



PLAINTIFF'S EXHIBIT
1

Ask Gemini



www.repwest.com

**SETTLEMENT COMMUNICATION; SUBJECT TO FED. R. EVID 408**

April 18, 2025

Walter Dixon
1378 Legrand Circle
Lawrenceville, GA 30043

RE:  Claim Number:    03600994-2023
     Date of Loss:     October 7, 2023
     Reported Date:    July 18, 2024

Dear Mr. Dixon:

This letter confirms receipt of your correspondence, dated April 11, 2025, addressed to Edward J. Joe Shoen, President, Chairman and Chief Executive Officer of U-Haul Holding Company, which demands payment of $450,000.00 to settle your purported claims of (i) alleged negligent hiring, training and supervision of employees; (ii) alleged intentional infliction of emotional distress through racially motivated harassment; (iii) alleged violation of your civil rights; and (iv) alleged punitive damages ("April 11 Letter").

As you are aware, Repwest is the claims handler for U-Haul. As you are also aware, our prior investigation uncovered no evidence to substantiate your allegations of racially charged discriminatory behavior or negligence and, therefore, your claims were denied, and our file was subsequently closed. [*See* Letter, dated August 19, 2024, from me to you, which is incorporated herein by this reference.]

Please be advised that I have been asked to review your April 11 Letter to determine if you have produced any new evidence to substantiate your alleged claims. However, like your prior communications with me[1], the April 11 Letter contains no new evidence to substantiate your alleged claims. Although the April 11 Letter states that "witness testimony provides incontrovertible evidence of Andrea's unlawful conduct", no witness testimony was provided.

To confirm our prior requests, if you have any evidence to support your claims, we kindly ask that you provide us with copies of your evidence so that we may consider it. No settlement offers will be made at this time.

**Please be advised that nothing in this letter constitutes an admission of any liability or wrongdoing, all liability and wrongdoing being expressly denied.**

---

[1] For example, in my original acknowledgement letter to you, dated August 6, 2024, and during my telephone conversation with you that same day, I invited you to send any documents or other materials in support of your claims, including but not limited to audio files, written statements, photos and/or video. On August 15, 2024, you emailed me what you described as your "Partial Exhibits and Evidence List." In response to your disclosure of new information, I emailed you on August 16, 2024, and asked that you kindly provide us with copies of your evidence so that we may consider it. You declined to do so.

*Notice: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects a person to criminal and civil penalties. The lack of statement as required above does not constitute defense in any p          surance act.*

PLAINTIFF'S
EXHIBIT

G

**2** | Claim Number 03600994-2023

Finally, you have agreed to submit all Claims arising out of or relating to your relationship with U-Haul, or any prior, current or future Transaction with U-Haul, in accordance with the U-Haul Arbitration Agreement, available at uhaul.com/arbitration.

Sincerely,

Michael Larsen
Litigation Adjuster
PO Box 24463
Phoenix, AZ 85074
(833) 228-0632 x543423
E-Mail: mblarsen@repwest.com

*Please be advised that the statute of limitations for bodily injury claims for persons that are not minors in the State of Georgia is 2 years from the date of the accident. The statute of limitations for property damage claims is 4 years from the date of the occurrence. If we do not settle your claim within these periods, you must file a lawsuit to protect your interests.



(/)

PRODUCTS (/PRODUCTS)

REPORT FRAUD (/SIU)

ABOUT (/CONTACT)

FILE A CLAIM (/CLAIMS)

# Claim Number: 03600994-2023

# Files Successfully Sent

walt admendment
to gcsp petition 4-
23-2025.pdf       ✓

UPLOAD MORE



www.repwest.com

August 19, 2024

Walter Lee Dixon, Sr.
1378 Legrand Circle
Lawrenceville, GA 30043

RE:  Claim Number:    03600994-2023
     Date of Loss:       October 7, 2023
     Reported Date:    July 18, 2024

Dear Mr. Dixon:

The investigation concerning the above captioned claim has been concluded.

Our investigation uncovered no evidence to substantiate your allegations of racially charged discriminatory behavior or negligence.  Therefore, we must respectfully deny your claims.  Your demand for payment of $350,000 is rejected. No offers will be made at this time.

Repwest's determination is based on the information known at this time. Repwest may reevaluate its determination if there is a material change in the facts known to us. If you have any additional information that you believe is pertinent to the issues or if any of the information stated in this letter is incorrect, please advise us in writing.[1]

Finally, you agreed to submit all Claims arising out of or relating to your relationship with U-Haul, or any prior, current or future Transaction with U-Haul, in accordance with the U-Haul Arbitration Agreement, available at uhaul.com/arbitration.

Sincerely,

Michael Larsen
Litigation Adjuster
PO Box 24463
Phoenix, AZ 85074
(833) 228-0632 x543423
E-Mail:  mblarsen@repwest.com

---

[1] In my acknowledgement letter to you, dated August 6, 2024, and during my telephone conversation with you that same day, I invited you to send any documents or other materials in support of your claims, including but not limited to audio files, written statements, photos and/or video.  On August 15, 2024, you emailed me what you described as your "Partial Exhibits and Evidence List."  In response to your disclosure of new information, I emailed you on August 16, 2024, and asked that you kindly provide us with copies of your evidence so that we may consider it.  You declined to do so.

*Notice: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects a person to criminal and civil penalties. The lack of statement as required above does not constitute defense in any p[...] surance act.*



PLAINTIFF'S
EXHIBIT

14



www.repwest.com

August 6, 2024

Walter Dixon
1378 Legrand Circle
Lawrenceville, GA 30043

FILE COPY

RE:  Claim Number:    03600994-2023
     Date of Loss:      October 7, 2023
     Reported Date:    July 18, 2024

Dear Walter Dixon:

This will acknowledge your notice of loss and Repwest Insurance Company handles claims on behalf of U-Haul. Your claim is being assigned for investigation into the facts and circumstances of the loss and handling to:

Michael Larsen | Litigation Adjuster
PO Box 24463 Phoenix, AZ 85074
(833) 228-0632 x543423 | mblarsen@repwest.com

Please provide Repwest with any claim supports that you may have to support your claim that may include audio files, written statements, photos and/or video.

If you intend to send documents or other materials in support of your claim, please include your claim number located at the top of this page on all communications, including electronic communications. Supports can be uploaded at www.repwest.com/Claims/Upload.

Sincerely,

**Repwest Insurance Company**

**\*Please be advised that the statute of limitations for bodily injury claims for persons that are not minors in the State of Georgia is 2 years from the date of the accident. The statute of limitations for property damage claims is 4 years from the date of the occurrence. If we do not settle your claim within these periods, you must file a lawsuit to protect your interests.**

*Notice: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects a person to criminal and civil penalties. The lack of statement as required above does not constitute defense in any prosecution for such act.*

PLAINTIFF'S
EXHIBIT
I

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

25-A-03941-1

4/28/2025 10:35 PM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT

## OF

## GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**               **CIVIL ACTION**
**PLAINTIFF**                          **FILE NO. 25-A-03941-1**

**U-HAUL International, Inc.**
**DEFENDANT**

## PLAINTIFF

## REQUEST FOR ORAL ARGUMENT ON MOTION

Comes NOW Plaintiff Walter L. Dixon, Sr., in the above styled case and hereby requests that a time for oral argument be scheduled for the Plaintiff's Motion To Strike Fraudulent Claim Denial And Compel Independent Claim Adjudication Due To Defendant's Undisclosed Fiduclary Breach filed by Plaintiff on the 28th day of April, 2025.

This the 28 day of April, 2025.

_____
Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com or wdixon@rosenthalbc.net

## IN THE SUPERIOR COURT

## OF

## GWINNETT COUNTY

## STATE OF GEORGIA

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>)<br>)<br>) | |
| **WALTER L. DIXON, SR.**<br>**PLAINTIFF** | **CIVIL ACTION**<br>**FILE NO. 25-A-03941-1** |
| **U-HAUL International, Inc.**<br>**DEFENDANT** | |

## <u>CERTIFICATE OF SERVICE</u>

**COMES NOW**, Plaintiff, Walter L. Dixon, Sr., hereby certify that I have this day served the foregoing Plaintiff's Motion To Strike Fraudulent Claim Denial and Compel Independent Claim Adjudication Due To Defendant's Undisclosed Fiduciary Breach upon counsel Kristine Campbell or current counsel by delivering a copy of same in the United States mail in an envelope with sufficient postage thereon addressed as follows:

U-Haul Holding Company Attn: Kristine Campbell counsel of record 2727 North Central Avenue. Phoenix, AZ 85004 USA.

This the 28 day of April 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878 or (C) 770.905.0514 walterleedixon@gmail.com or wdixon@rosenthalbc.net

E-FILED IN OFFICE - RE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

25-A-03941-1

4/28/2025 10:30 AM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT

# OF

# GWINNETT COUNTY

# STATE OF GEORGIA

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**
**FILE NO.**_____   25-A-03941-1


**U-HAUL International, Inc.**
**DEFENDANT**


## <u>PLAINTIFF'S MOTION TO COMPEL MEDIATION</u>

Plaintiff, Walter L. Dixon, Sr., appearing pro se before this Honorable Court, hereby respectfully moves for an Order requiring the parties to participate in mediation in an attempt to settle the controversy underlying this lawsuit, as detailed in the concurrently filed Petition for Damages and Jury Trial. In support of this Motion, Plaintiff shows the Court as follows:

1. Plaintiff has initiated this litigation to seek redress for damages sustained as a result of the actions of Defendant's agent Adrea who at the time was an employee.

2. Plaintiff firmly believes that mediation presents a valuable opportunity for the parties to explore a mutually acceptable resolution outside of lengthy and potentially expensive court proceedings.

3. Plaintiff is prepared and willing to engage in a meaningful and good-faith mediation process with Defendant to attempt to resolve the issues in dispute.

**WHEREFORE**, Plaintiff, Walter L. Dixon, Sr., respectfully requests that this Honorable Court issue an Order compelling Plaintiff and Defendant to participate in mediation at a time and with a neutral mediator to be designated by the Court in the county of Gwinnett.

Respectfully submitted this 29th day of April, 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

# IN THE SUPERIOR COURT

# OF

# GWINNETT COUNTY

# STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**                          **CIVIL ACTION**
**PLAINTIFF**                                              **FILE NO.**_____

**U-HAUL International, Inc.**
**DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Plaintiff's Motion Requesting the Court to Issue an Order for Mediation upon Defendant's counsel on record or appointed counsel by mailing a true and correct copy via U.S. Mail, postage prepaid, to: U-Haul International, Inc. Attn: Kristine Campbell, or counsel of record 2727 North Central Avenue. Phoenix, AZ 85004.

This 29th day of April, 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

25-A-03941-1

4/28/2025 10:35 PM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT

## OF

## GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**
**FILE NO. 25-A-03941-1**

**U-HAUL International, Inc.**
**DEFENDANT**

## Plaintiff's Oral Argument in Support of Plaintiff's Motion to Compel Mediation

May it please the Court, my name is Walter L. Dixon, Sr., appearing pro se as Plaintiff in this matter. Plaintiff now brings before this Honorable Court a Motion to Compel Mediation, a procedural mechanism designed to foster amicable resolution and potentially conserve the valuable resources of this Court and the parties involved.

As outlined in the concurrently filed Petition for Damages and Jury Trial, Plaintiff has initiated this litigation seeking redress for damages sustained due to the actions of the Defendant's agent.

While Plaintiff is prepared to vigorously pursue his claims through the traditional litigation process, he firmly believes that mediation presents a valuable and less adversarial avenue for exploring a mutually agreeable settlement.

Mediation, as this Court well knows, provides a neutral forum for parties to engage in facilitated negotiations, to understand each other's perspectives, and to explore creative solutions that may not be readily apparent within the confines of formal litigation. Plaintiff is prepared and willing to enter into a meaningful and good-faith mediation process with the Defendant. He believes that a neutral mediator, appointed by this Court and situated within the jurisdiction of Gwinnett County, can effectively guide these discussions and assist the parties in reaching a resolution that serves their respective interests.

Compelling mediation at this juncture would demonstrate this Court's commitment to efficient dispute resolution and encourage the parties to engage in constructive dialogue. It is Plaintiff's sincere hope that through the mediation process, a fair and just settlement can be achieved, thereby avoiding the protracted and potentially costly nature of continued litigation.

**WHEREFORE**, Plaintiff, Walter L. Dixon, Sr., respectfully requests that this Honorable Court issue an Order compelling both Plaintiff and Defendant to participate in mediation at a time and with a neutral mediator to be designated by the Court in Gwinnett County. Such an Order would serve the interests of justice and promote the efficient resolution of this dispute. Thank you, Your Honor.

This the 28 day of April 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

# GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**
**FILE NO. 25-A-03941-1**

**U-HAUL International, Inc.**
**DEFENDANT**

## CERTIFICATE OF SERVICE

**COMES NOW**, Plaintiff, Walter L. Dixon, Sr., hereby certify that I have this day served the foregoing **Plaintiff's Oral Argument in Support of Plaintiff's Motion to Compel Mediation** counsel Kristine Campbell or current counsel by delivering a copy of same in the United States mail in an envelope with sufficient postage thereon addressed as follows:

U-Haul Holding Company Attn: Kristine Campbell counsel of record 2727 North Central Avenue. Phoenix, AZ 85004 USA.

This the 28 day of April 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

E-FILED IN OFFICE - RE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**25-A-03941-1**

**4/28/2025 10:30 AM**
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT

# OF

# GWINNETT COUNTY

# STATE OF GEORGIA

|                              |     |                                    |
|------------------------------|-----|------------------------------------|
|                              | )   |                                    |
|                              | )   |                                    |
|                              | )   |                                    |
|                              | )   |                                    |
|                              | )   |                                    |
|                              | )   |                                    |
|                              | )   |                                    |
| **WALTER L. DIXON, SR.**     |     | **CIVIL ACTION**    25-A-03941-1   |
| **PLAINTIFF**                |     | **FILE NO.**_____ |

**U-HAUL International, Inc.**
**DEFENDANT**

## PLAINTIFF'S MOTION

## FOR

## <u>MEDIA ACCESS AND LIVE RECORDING OF COURT PROCEEDINGS</u>

Plaintiff Walter Dixon, hereby moves this Honorable Court for an Order permitting representatives of the news media to attend all hearings and trial proceedings in the above-styled matter and to record and broadcast these proceedings live, subject to reasonable restrictions deemed necessary by the Court to ensure the fair administration of justice and the dignity of the proceedings. In support of this Motion, Plaintiff shows the Court as follows:

1.  The present action involves allegations of discrimination by Defendant U-Haul International against Plaintiff Walter Dixon. Plaintiff on October 7, 2025, at U-Haul Store located 5365 Jimmy Carter Blvd., Norcross, Georgia

30093 in the County of Gwinnett state of Georgia., believes that transparency in these proceedings is of paramount public interest, allowing the community to witness the judicial process and understand the issues presented. **Attached Plaintiff's Exhibit (1).**

2. Open courtrooms are a cornerstone of our justice system, fostering public trust and confidence in the judiciary. Allowing media access and live recording would enhance public understanding of the legal system and the specific allegations of discrimination in this case.

3. Plaintiff believes that the live broadcast of these proceedings will serve the public interest by shedding light on the alleged discriminatory practices of the Defendant and promoting accountability.

4. This Motion is made pursuant to Uniform Superior Court Rule 22, which governs the use of electronic devices in courtrooms and the recording of judicial proceedings. Plaintiff respectfully requests that the Court exercise its discretion under Rule 22 to grant the media's request to record and broadcast the proceedings.

5. Plaintiff is prepared to work with the Court and the media to establish reasonable guidelines for recording to minimize any potential disruption to the proceedings, including but not limited to equipment placement, limitations on recording certain individuals (such as jurors), and adherence to any pooling arrangements deemed appropriate by the Court.

**WHEREFORE, plaintiff prays that this Honorable Court enter an Order:**

a. Permitting accredited representatives of the news media to attend all hearings and trial proceedings in this matter.

b. Permitting the news media to record and broadcast live all hearings and trial proceedings, subject to reasonable restrictions imposed by the Court.

c. Granting such other and further relief as the Court deems just and equitable.

Respectfully submitted this 29 day of April, 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net







Rosenthal BC Inc.
Legal Service Department

Walter L. Dixon, Sr.
Senior Paralegal Litigator
GAP & NFOPA
Member No.# 87748605
Services For Attorney Only
P. O. Box 464512
Lawrenceville, GA 30042

EIN# 46-2624706
D-U-N-S 07-9308668

Office: 678.235.4878
Cell:    770.905.0514
wdixon@rosenthalbc.net

➤ Paralegal Services For
   Attorney Only
➤ Attorney & Consumer
   Workplace Investigative
   EEOC Complaint
➤ Case Law Legal
   Research Attorney Only
➤ Sexual Harassment
   Prevention Seminar
➤ Business Management
➤ Court Room Case Jury
   Analysis Attorney Only
➤ Active Shooter/Active
   Threat Seminar
➤ Human Resources
   Management Seminar
➤ Corporate, Distribution,
   & Manufacturing Risk
   Management Seminar
➤ Attorney's Client
   Detention Center Visit
➤ Workplace Safety
   Basics Seminar
➤ Employees On-Site
   Motivation Seminar
➤ Workplace Bullying and
   Violences

*RBC*

*Since 2013*

*Your Trusted*

*Source In Attorney,*
*Consumer, Corporate and*
*Small Business Consulting*

April 11, 2025

**VIA USPS CERTIFIED MAIL 70150640000228890929 AND ELECTRONIC MAIL**
Alyssa_espinoza@uhaul.com Corporate Executive Secretary

Edward J. Joe Shoen
Chairman, President and Chief Executive Officer
U-Haul Holding Company
2727 North Central Avenue
Phoenix, AZ 85004 USA

**RE: NOTICE OF LEGAL ACTION AND DEMAND FOR IMMEDIATE SETTLEMENT - Walter Dixon v. U-Haul Corporation**

Dear Mr. Shoen,

This firm represents Walter Dixon, who was subjected to a series of unlawful and reprehensible acts by your employee, Andrea, at the U-Haul location at 5365 Jimmy Carter Blvd., Norcross, GA 30093, on October 7, 2023. This letter constitutes a formal demand for settlement prior to the commencement of rigorous legal proceedings.

Our client, a loyal U-Haul customer for over 25 years, returned a rental truck under contract #17110755 at approximately 10:38 a.m. on the aforementioned date. Upon entering the premises, our client was subjected to a torrent of racially charged and abusive language by an employee identifying herself as "Andrea," the assistant manager.

Specifically, Andrea, in a flagrant violation of basic human decency and company policy, responded to our client's polite greeting with a vitriolic outburst, stating, "Don't be calling me darling, I don't like that, and don't you ever call me that no damn more." Further, she escalated her verbal assault by uttering the racially charged epithet, "you damn black niggers always trying to be so damn slick." When confronted about her reprehensible conduct, Andrea defiantly stated that she could "say any damn thing she want to" and threatened to ban our client from the premises.

The conduct of your employee, Andrea, represents a clear and unequivocal violation of Mr. Dixon's civil rights, specifically protected under both federal and state laws. Her use of racial slurs, coupled with her aggressive and abusive behavior, constitutes intentional discrimination and harassment. Further, her actions-



Mr. Edward J. Shoen
U-Haul Corporation
April 11, 2025
Page 2 of 3

demonstrate a blatant disregard for the standards of professional conduct and the duty of care owed to customers.

The client, a 71-year-old individual, was subjected to extreme emotional distress, humiliation, and a profound sense of violation. Due to the severity of Andrea's actions and the palpable threat posed, our client was compelled to contact the Gwinnett County Police Department's 911 emergency line.

Responding to the call, Officer J.M. Cray arrived at the scene. His investigation confirmed that Andrea did not deny the statements attributed to her, merely asserting that she preferred to be addressed by her given name. Officer Cray's report, a copy of which is attached as Plaintiff's Exhibit A, details the incident and underscores the severity of Andrea's misconduct. Officer Cray further advised our client to seek legal counsel, stating that he has responded to multiple calls regarding this employee, and location.

Furthermore, upon the client's request for a copy of notes Andrea was making on his file, she responded by yelling "fuck off."

The attached police report, along with witness testimony, provides incontrovertible evidence of Andrea's unlawful conduct. Your corporation's subsequent actions, including the dismissive response from your General Counsel and the denial of the claim by Repwest Insurance Company, reveal a pattern of corporate malfeasance and a deliberate attempt to shield your company from liability.

Our firm's independent investigation, leveraging judicial system legal databases, has revealed a disturbing pattern of civil rights violations by U-Haul, as evidenced by prior lawsuits filed and settled. This history underscores a systemic failure to address and rectify discriminatory practices within your organization.

Mr. Dixon has suffered significant emotional and psychological harm, including but not limited to, severe anxiety, insomnia, and profound emotional distress. These damages are a direct result of the unlawful and malicious actions of your employee.

## DEMAND FOR SETTLEMENT AND NOTICE OF PUNITIVE DAMAGES:

U-Haul Corporation is hereby demanded to pay $450,000.00 in settlement of Mr. Dixon's claims, which include:

- Negligence in hiring, training, and supervision of employees.
- Intentional infliction of emotional distress through racially motivated harassment.
- Violation of Mr. Dixon's civil rights under applicable federal and state statutes.
- Demand for punitive damages due to the malicious and egregious nature of the conduct.



Rosenthal BC

Mr. Edward J. Shoen
U-Haul Corporation
April 11, 2025
Page 3 of 3

Failure to reach a settlement agreement by April 25, 2025, will compel us to file a lawsuit seeking substantial compensatory and punitive damages. We will pursue all available legal avenues to ensure justice for Mr. Dixon, including but not limited to, discovery, depositions, and a jury trial.

**YOUR FAILURE TO RESPOND ADEQUATELY WILL BE CONSTRUED AS AN ADMISSION OF LIABILITY AND A WILLINGNESS TO ENGAGE IN COSTLY AND PROTRACTED LITIGATION.**

Respectfully,

Walter Dixon, Sr.
Senior Associate
wdixon@rosenthalbc.net
Admitted To: GAP & NFOPA
Member No. 87748605
P.O. Box 464512
Lawrenceville, GA 30042
(O) 678.225.4878
(C) 770.905.0514

2

# GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**
**FILE NO._____**


**U-HAUL International, Inc.**
**DEFENDANT**

# CERTIFICATE OF SERVICE

**COMES NOW**, Plaintiff, Walter L. Dixon, Sr., hereby certify that I have this day served the foregoing **PLAINTIFF'S MOTION FOR MEDIA ACCESS AND LIVE RECORDING OF COURT PROCEEDINGS** upon counsel Kristine Campbell or current counsel by delivering a copy of same in the United States mail in an envelope with sufficient postage thereon addressed as follows:

U-Holding Company., Attn: Kristine Campbell counsel of record 2727 North Central Avenue. Phoenix, AZ 85004 USA.

This the 29 day of April, 2025.

_____
Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

E-FILED IN OFFICE - RE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**25-A-03941-1**
**4/28/2025 10:30 AM**
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT

# OF

# GWINNETT COUNTY

# STATE OF GEORGIA

|  |  |
|---|---|
| )  | |
| )  | |
| )  | |
| )  | |
| )  | |
| )  | |
| )  | |

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**
**FILE NO.** _____ 25-A-03941-1

**U-HAUL Holding Company.**
**DEFENDANT**

## Plaintiff's
## Exhibits Of
## Evidences To Be Provided At Trial

### Demonstrating Defendant's Egregious Conduct

#### Plaintiff's Exhibit (J)

Electronic sound recording, duly authenticated and admissible as direct evidence, capturing the contemporaneous aural account of the incident of October 7, 2023, as perceived by eyewitness John Doe (1), which unequivocally corroborates Plaintiff's allegations and memorializes the defamatory and racially charged utterances directed towards Plaintiff by Defendant's agent. This recording serves as irrefutable auditory proof of the tortious conduct perpetrated upon Plaintiff.

#### Plaintiff's Exhibit (K)

Further electronic sound recording, likewise authenticated and admissible as direct evidence, capturing the subsequent defamatory and opprobrious statements directed towards Plaintiff by an unidentified individual, John Doe (2), immediately upon Plaintiff's departure from Defendant's -premises on October 7, 2023. This recording provides additional damning evidence of the hostile and racially toxic environment fostered by Defendant and its agents.

**Plaintiff's Exhibit**

**(L)**

Sworn affidavit of eyewitness John Doe (1), attesting under penalty of perjury to the veracity of Plaintiff's account of the events of October 7, 2023, and providing a firsthand, legally binding recitation of the discriminatory and outrageous conduct exhibited by Defendant's agent. This affidavit constitutes compelling testimonial evidence in support of Plaintiff's claims.

**Plaintiff's Exhibit**

**(M)**

Sworn affidavit of eyewitness John Doe (2), similarly attesting under penalty of perjury to the verity of Plaintiff's experience on October 7, 2023, and offering further independent and legally binding confirmation of the reprehensible actions and statements of Defendant's employee. This affidavit provides additional crucial testimonial support for Plaintiff's allegations.

**Plaintiff's Exhibit**

**(N)**

Sworn affidavit of former U-Haul employee John Doe (3), detailing under oath the routine and officially sanctioned racist remarks and discriminatory animus exhibited by management personnel at the very location where the tortious acts against Plaintiff occurred. This affidavit exposes a deeply ingrained pattern of racial bias and a corporate culture that fostered the unlawful conduct Plaintiff endured.

**Plaintiff's Exhibit**

**(O)**

Sworn affidavit of former U-Haul employee John Doe (4), recounting under oath specific instances of egregious racist remarks directed towards a customer and her minor child at the same U-Haul facility. This affidavit provides further damning evidence of a pervasive and unchecked culture of racial discrimination directly attributable to Defendant's negligent oversight and condonation.

**Plaintiff's Exhibit**

**(P)**

Video recording, duly authenticated and admissible as demonstrative evidence, obtained from former U-Haul customer John Doe (5), visually and audibly capturing racist remarks directed towards him at the Defendant's location.

This irrefutable visual and auditory evidence provides further compelling proof of the racially hostile environment and discriminatory practices prevalent at Defendant's place of business.

WHEREFORE, Plaintiff hereby reserve the rights to amend this list as part of Plaintiff's Discovery, Pretrial or at trial.


Respectfully submitted

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

# GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**
**FILE NO._____**


**U-HAUL International, Inc.**
**DEFENDANT**

## CERTIFICATE OF SERVICE

**COMES NOW**, Plaintiff, Walter L. Dixon, Sr., hereby certify that I have this day served the foregoing **Plaintiff's Exhibits Of Evidences To Be Provided At Trial Demonstrating Defendant's Egregious Conduct** upon counsel Kristine Campbell or current counsel by delivering a copy of same in the United States mail in an envelope with sufficient postage thereon addressed as follows:

U-Haul Holding Company, Attn: Kristine Campbell counsel of record 2727 North Central Avenue. Phoenix, AZ 85004 USA.

This 29 day of April 2025.

_____
Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

E-FILED IN OFFICE - RE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**25-A-03941-1**

**4/28/2025 10:30 AM**
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT

# OF

# GWINNETT COUNTY

# STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**   25-A-03941-1
**FILE NO.**_____


**U-HAUL International, Inc.**
**DEFENDANT**


## Plaintiff's
## Exhibits
## Of

## <u>DEMANDING RESOLUTION PRIOR TO LITIGATION</u>

The Plaintiff, in a proactive endeavor to seek amicable resolution and avoid the necessity of judicial intervention, has undertaken the following documented correspondences and actions, which serve as irrefutable evidence of the Defendant's recalcitrance and necessitate the subsequent Petition for Damages:

1. **Formal Correspondence to Principal Officer (April 11, 2025):** A direct and unequivocal written communication was transmitted to Mr. Edward J. Shoen, Chairman of the Board, Chief Executive Officer, and President of U-Haul International Inc., Holding Company, demanding immediate attention to the egregious circumstances precipitating this impending litigation. Attached as Plaintiff's Exhibit (1)

2. **Initial Notice of Incident and Demand for Redress (July 15, 2024):** The Plaintiff formally notified U-Haul and its principal officer, Edward J. Shoen, of the injurious

incident of October 7, 2023, thereby providing explicit details of the tortious conduct-perpetrated by the Defendant's agent and unequivocally demanding appropriate remedial action. Attached as **Plaintiff's Exhibit (2)**

3. **Contractual Documentation (October 7, 2023):** Retention of U-Haul Rental Contract #17110755, executed on the date of the incident, serves as foundational evidence establishing the Plaintiff's legitimate presence on the Defendant's premises and the contractual relationship existing between the parties at the time of the tortious acts. See attached **Plaintiff's Exhibit 3, 3.1 and 3.2**

4. **Official Law Enforcement Record (October 7, 2023):** The official incident report filed with the Gwinnett County, Georgia Police Department on the date of the offense constitutes objective and impartial corroboration of the Plaintiff's account and substantiates the unlawful conduct of the Defendant's employee. Attached **Plaintiff's Exhibits 4, 4.1 & 4.2.**

5. **Formal Amendments to Initial Notice (July 17, 2024):** Subsequent written communication was directed to U-Haul and its principal officer, Edward J. Shoen, providing necessary corrections and amendments to the initial notification of July 15, 2024, ensuring absolute clarity and precision in the formal record of the Plaintiff's grievance. **Attached Plaintiff's Exhibits 5, 5.1 & 5.2.**

6. **Clarification of Intent and Settlement Demand (July 18, 2024):** Further correspondence was issued to U-Haul and its principal officer, Edward J. Shoen, explicitly stipulating corrections and amendments to the Plaintiff's NOTICE OF INTENT TO FILE LAWSUIT WITH SETTLEMENT DEMAND of July 15, 2024, leaving no ambiguity as to the Plaintiff's resolve to pursue legal remedies absent a satisfactory pre-litigation resolution. **Attached Plaintiff's Exhibits 6 & 6.1.**

7. **Notification to Federal Law Enforcement (July 15, 2024):** Formal notification of potential civil rights violations was submitted to The Honorable Merrick Garland, Attorney General of the United States Department of Justice, underscoring the severity and potential federal implications of the Defendant's agent's discriminatory conduct. **Attached Plaintiff Exhibits 7, 7.1, 7.2,& 7.3.**

8. **Notification to Federal Bureau of Investigation (July 17, 2024):** A formal communication detailing the alleged civil rights violations was directed to The Honorable Christopher Wray, Director of the Federal Bureau of Investigation, further evidencing the Plaintiff's diligence in pursuing all available avenues for redress. **Attached Plaintiff's Exhibits 8, 8.1, 8.2 & 8.3.**

9. **Continued Demand for Action (July 23, 2024):** Subsequent written correspondence was transmitted to U-Haul and its principal officer, Edward J. Shoen, reiterating the demand for a substantive response and resolution to the Plaintiff's claims. **Attached Plaintiff's Exhibits 9, 9.1 &9.2.**

10. **Escalated Communication to Principal Officer (July 26, 2024):** A further direct communication was addressed to Edward J. Shoen, Chairman of the Board, Chief

Executive Officer, and President, emphasizing the urgent need for executive intervention to address the escalating dispute. **Attached Plaintiff's 10, 10.1 & 10.2.**

11. **Electronic Communication to Executive Administration (July 30, 2024):** An electronic communication was directed to Alyssa Espinoza, Executive Administrator to Edward J. Shoen at U-Haul, seeking to facilitate communication and prompt a response from the Defendant's highest level of management. **Attached Plaintiff's Exhibits 11, 11.1 & 11.2.**

12. **Electronic Communication to Executive Secretary (July 30, 2024):** that I had just received a call from General Counsel Christine. **Attached Plaintiff's Exhibit (12).**

13. **Notification to General Counsel (July 31, 2024):** Formal written notification of the impending legal action and demand for settlement was served upon Kristine Campbell, General Counsel of record for U-Haul, placing the Defendant's legal representation on formal notice. **Attached Plaintiff's Exhibits 13, 13.1 & 13.2.**

14. **Continued Communication with General Counsel (August 2, 2024):** Further written communication was directed to Kristine Campbell, General Counsel, in a continued effort to engage in meaningful settlement negotiations prior to the filing of a formal complaint. **Attached Plaintiff's Exhibits 14 & 14.1.**

15. **Final Demand to General Counsel (August 6, 2024):** A final written demand for resolution was issued to Kristine Campbell, General Counsel, explicitly outlining the Plaintiff's expectation of a substantive settlement offer to avert the initiation of litigation. **Attached Plaintiff's Exhibits's 15 & 15.1.**

16. **Receipt of Initial Insurer Response (August 6, 2024):** The Plaintiff received correspondence from Michael Larsen, Litigation Adjuster for Repwest Insurance Company, indicating the commencement of the Defendant's insurer's involvement, albeit without a satisfactory offer of settlement. **Attached Plaintiff's Exhibit (16).**

17. **Receipt of Electronic Communication from Insurer (August 6, 2024):** Electronic communication was received from Michael Larsen, Litigation Adjuster for Repwest Insurance Company, further acknowledging the claim but failing to propose an acceptable resolution. **Attached Plaintiff's Exhibits (17).**

18. **Plaintiff's Electronic Response to Insurer (August 6, 2024):** The Plaintiff's letter to Kristine Campbell General Counsel, regarding having communication with Mike Larsen, Insurance, Litigation Adjuster for Repwest Insurance Company, reiterating the demand for a fair settlement and outlining the deficiencies in the initial response. **Attached Plaintiff's Exhibits 18 & 18.1.**

19. **Continued Electronic Communication with Insurer (August 6, 2024):** The Plaintiff persisted in electronic communication with Michael Larsen, Litigation Adjuster for Repwest Insurance Company, seeking a substantive offer that would obviate the need for judicial intervention. **Attached Plaintiff's Exhibits 19 & 19.1**

20. Continued Electronic Communication with Michael Larsen (August 8, 2024): Re: Communication with DOJ. **Attached Plaintiff's Exhibits 20, 20.1 & 20.2**

21. **Final Formal Demand to Principal Officer (August 12, 2024):** A final formal written demand for resolution was served upon U-Haul and its principal officer, Edward J. Shoen, explicitly stating the Plaintiff's intent to initiate legal proceedings absent an immediate and acceptable settlement offer. **Attached Plaintiff's Exhibits 21, 22 & 23.**

22. **Further Written Communication with Insurer (August 14, 2024):** Additional written communication was directed to Michael Larsen, Litigation Adjuster for Repwest Insurance Company, maintaining the Plaintiff's position and underscoring the necessity of a just settlement. **Attached Plaintiff's Exhibits 22.**

23. **Defendant's Letter to Plaintiff (April 21, 2025) responding to Plaintiff's letter of April 11, 2025 with an apology for Defendant's agent Andrea's actions.** However, Defendant did not mention to Plaintiff regarding Plaintiff's letter of reaching an out of court settlement. **Attached Plaintiff's Exhibits 23, 24, 25, 26, 27, 28, 29, 30, 31 & 32.**

24. **Final Notice to Principal Officer (August 22, 2025):** Plaintiff's FINAL NOTICE OF INTENT TO LITIGATE AND DEMAND FOR SETTLEMENT. **Attached Plaintiff's Exhibits 24 & 24.1.**

25. **Plaintiff's (April 23, 2025) Notice Of Continued Prosecution Of Lawsuit Due To Lack of Substantive Response. Attached Plaintiff's Exhibits 25 & 25.1.**

26. **Plaintiff' (April 24, 2025) Notice Of Immediate and Urgent Demand For Pre-Litigation Settlement – Walter L. Dixon, Sr. v U-Haul Holding Company – Avoidance Of Imminent Litigation. Attached Plaintiff's Exhibits 26 & 26.1.**

The aforementioned seventy-two (72) copies of Plaintiff's exhibits unequivocally demonstrate the Plaintiff's diligent and protracted efforts to resolve this matter extrajudicially. The Defendant's apparent disregard for these attempts and failure to offer a reasonable settlement necessitates the invocation of this Honorable Court's jurisdiction to secure justice for the Plaintiff's profound injuries and damages.

Respectfully, submitted

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net





Rosenthal BC

PLAINTIFF'S EXHIBIT
1

**Rosenthal BC Inc.**
Legal Service Department

Walter L. Dixon, Sr.
**Senior Paralegal Litigator**
GAP & NFOPA
Member No.# 87748605
Services For Attorney Only
P. O. Box 464512
Lawrenceville, GA 30042

EIN# 46-2624706
D-U-N-S 07-9308668

Office: 678.235.4878
Cell:    770.905.0514
wdixon@rosenthalbc.net

➢ Paralegal Services For
   Attorney Only
➢ Attorney & Consumer
   Workplace Investigative
   EEOC Complaint
➢ Case Law Legal
   Research Attorney Only
➢ Sexual Harassment
   Prevention Seminar
➢ Business Management
➢ Court Room Case Jury
   Analysis Attorney Only
➢ Active Shooter/Active
   Threat Seminar
➢ Human Resources
   Management Seminar
➢ Corporate, Distribution,
   & Manufacturing Risk
   Management Seminar
➢ Attorney's Client
   Detention Center Visit
➢ Workplace Safety
   Basics Seminar
➢ Employees On-Site
   Motivation Seminar
➢ Workplace Bullying and
   Violences

*RBC*

*Since 2013*

*Your Trusted*

*Source In Attorney,*

*Consumer, Corporate and*

*Small Business Consulting*

*Services*

April 11, 2025

**VIA USPS CERTIFIED MAIL 70150640000228890929 AND
ELECTRONIC MAIL**
Alyssa_espinoza@uhaul.com Corporate Executive Secretary

Edward J. Joe Shoen
Chairman, President and Chief Executive Officer
U-Haul Holding Company
2727 North Central Avenue
Phoenix, AZ 85004 USA

**RE: NOTICE OF LEGAL ACTION AND DEMAND FOR
IMMEDIATE SETTLEMENT - Walter Dixon v. U-Haul
Corporation**

Dear Mr. Shoen,

This firm represents Walter Dixon, who was subjected to a series of
unlawful and reprehensible acts by your employee, Andrea, at the U-
Haul location at 5365 Jimmy Carter Blvd., Norcross, GA 30093, on
October 7, 2023. This letter constitutes a formal demand for
settlement prior to the commencement of rigorous legal proceedings.

Our client, a loyal U-Haul customer for over 25 years, returned a
rental truck under contract #17110755 at approximately 10:38 a.m. on
the aforementioned date. Upon entering the premises, our client was
subjected to a torrent of racially charged and abusive language by an
employee identifying herself as "Andrea," the assistant manager.

Specifically, Andrea, in a flagrant violation of basic human decency
and company policy, responded to our client's polite greeting with a
vitriolic outburst, stating, "Don't be calling me darling, I don't like
that, and don't you ever call me that no damn more." Further, she
escalated her verbal assault by uttering the racially charged epithet,
"you damn black niggers always trying to be so damn slick." When
confronted about her reprehensible conduct, Andrea defiantly stated
that she could "say any damn thing she want to" and threatened to ban
our client from the premises.

The conduct of your employee, Andrea, represents a clear and
unequivocal violation of Mr. Dixon's civil rights, specifically
protected under both federal and state laws. Her use of racial slurs,
coupled with her aggressive and abusive behavior, constitutes
intentional discrimination and harassment. Further, her actions-



Mr. Edward J. Shoen
U-Haul Corporation
April 11, 2025
Page 2 of 3

demonstrate a blatant disregard for the standards of professional conduct and the duty of care owed to customers.

The client, a 71-year-old individual, was subjected to extreme emotional distress, humiliation, and a profound sense of violation. Due to the severity of Andrea's actions and the palpable threat posed, our client was compelled to contact the Gwinnett County Police Department's 911 emergency line.

Responding to the call, Officer J.M. Cray arrived at the scene. His investigation confirmed that Andrea did not deny the statements attributed to her, merely asserting that she preferred to be addressed by her given name. Officer Cray's report, a copy of which is attached as Plaintiff's Exhibit A, details the incident and underscores the severity of Andrea's misconduct. Officer Cray further advised our client to seek legal counsel, stating that he has responded to multiple calls regarding this employee, and location.

Furthermore, upon the client's request for a copy of notes Andrea was making on his file, she responded by yelling "fuck off."

The attached police report, along with witness testimony, provides incontrovertible evidence of Andrea's unlawful conduct. Your corporation's subsequent actions, including the dismissive response from your General Counsel and the denial of the claim by Repwest Insurance Company, reveal a pattern of corporate malfeasance and a deliberate attempt to shield your company from liability.

Our firm's independent investigation, leveraging judicial system legal databases, has revealed a disturbing pattern of civil rights violations by U-Haul, as evidenced by prior lawsuits filed and settled. This history underscores a systemic failure to address and rectify discriminatory practices within your organization.

Mr. Dixon has suffered significant emotional and psychological harm, including but not limited to, severe anxiety, insomnia, and profound emotional distress. These damages are a direct result of the unlawful and malicious actions of your employee.

**DEMAND FOR SETTLEMENT AND NOTICE OF PUNITIVE DAMAGES:**

U-Haul Corporation is hereby demanded to pay $450,000.00 in settlement of Mr. Dixon's claims, which include:

- Negligence in hiring, training, and supervision of employees.
- Intentional infliction of emotional distress through racially motivated harassment.
- Violation of Mr. Dixon's civil rights under applicable federal and state statutes.
- Demand for punitive damages due to the malicious and egregious nature of the conduct.

1



Rosenthal BC

Mr. Edward J. Shoen
U-Haul Corporation
April 11, 2025
Page 3 of 3

Failure to reach a settlement agreement by April 25, 2025, will compel us to file a lawsuit seeking substantial compensatory and punitive damages. We will pursue all available legal avenues to ensure justice for Mr. Dixon, including but not limited to, discovery, depositions, and a jury trial.

**YOUR FAILURE TO RESPOND ADEQUATELY WILL BE CONSTRUED AS AN ADMISSION OF LIABILITY AND A WILLINGNESS TO ENGAGE IN COSTLY AND PROTRACTED LITIGATION.**

Respectfully,

Walter Dixon, Sr.
Senior Associate
wdixon@rosenthalbc.net
Admitted To: GAP & NFOPA
Member No. 87748605
P.O. Box 464512
Lawrenceville, GA 30042
(O) 678.225.4878
(C) 770.905.0514

2







**FILE COPY**

Rosenthal BC

**JULY 15, 2024, <u>CORRECTED COPY</u>**

Delivered By Email To: alyssa_espinoza@uhaul.com
Edward J. Joe Shoen
President and Chief Executive Officer
U-Haul Holding Company and Subsidiaries
2727 North Central Avenue.
Phoenix, AZ 85004 USA

Re<u>: Racist, Disrespectful and Cruel Experience Received From U-Haul
Employee "Andrea" At 5365 Jimmy Carter Blvd. Norcross, GA 30093 -
On October 7, 2023. As A Customer, I Had No Choice Accept To Call
Gwinnett County Police 911 Emergency Requesting A Police Officer Be
Dispatch To The U-Haul Location.  See Attached Plaintiff's Exhibits
Including Police Report.</u>

cc<u>: U-Haul Holding Co Board Of Directors</u>: Edward Joe Shoen, Samuel J.
Shoen, James J. Grogan, Jason Allen Berg, Maria Lourdes Bell.

cc: <u>U-Haul Key Company Executives:</u> Edward Joe Shoen Chairman,
President & Chief Executive Officer, Jason Allen Berg CFO, Angela Farley
President – U-Haul Company-Chicago Western Suburbs, Douglas M. Bell
President-Rep-West Insurance, John C, Matthew F Braccia President – Real
Estate.

cc: <u>News Director of Television and Financial Stock Market
Broadcasting Media Networks:</u> CNN, ABC, CBS, NBC, Discovery, TBS,
CNBC, MSNBC, CW, FOX, PBS, DOW-JONES, NYSE,  NASDAQ and
Bloomberg.

cc: <u>Social Media Networks:</u>  FACEBOOK, GOOGLE, INSTAGRAM,
LINKEDIN, PINTEREST, REDDIT, SNAPCHAT, TIK-TOK, TWITTER,
YAHOO, YOUTUBE, and WHATSAPP.

cc: <u>Civil Rights Organizations:</u>  ACLU, ADL, CORE, NAACP, NAN, NUL,
SCLC, and U.S. Department Of Justice,

Dear Edward,

I like to take this time to congratulate and commend you and your executive
administration for the outstanding leadership style you have up-held since
taking over the awesome responsibility of President and Chief Executive
Officer at U-Haul Holding Company.



PLAINTIFF'S
EXHIBIT
2



**BC**

Page 2 of 3.

I have been a loyal customer of U-Haul for more than 25 years. On Saturday, October 7, 2023, at 10:38 am, I arrived at the U-Haul Moving & Storage located at 5365 Jimmy Carter Blvd. Norcross, GA 30093, and went through a terrible and hateful situation.  I am sharing my experience with you in hopes that U-Haul will make overall changes in their organization and changes with this employee as she feels that this is acceptable behavior. She feels that she is un-touchable and upon a thorough investigation, I am not the first African American that she has displayed a very nasty attitude, refused to serve and only offered them a terrible experience as a representative of your organization.  My ordeal is described below.

- Upon returning the rental truck back to U-Haul location at 5365 Jimmy Carter Blvd Norcross, GA 30093 where I rented the vehicle the very same morning around 8:07 a.m., under contract #17110755. As I entered the building being polite as I was walking up to the service counter, there were two female employees I politely said hello darlings with one of the employee saying good morning and the other employee by the name of Andrea who identified herself as the assistant manager shouted out don't be calling me darling, I don't like that and before I could say I apologized because I did not no her name, she stated don't you ever call me that no damn more. As Andrea was walking away, she shouted you damn black niggers always trying to be so damn slick.  I replied to Andrea that I was a customer who is 70 years old, and you do not speak to your customers in that manner or use derogatory words.  She then replied she can say any damn thing she want to and if I call her darling again, she will ask me to get out and bar me from ever coming there to do business again.

  Being very offended and in shock, I asked the other female employee who stated this was her first day on the job, is the manager available? She replied no, I then asked what the manager's name was, she replied his name is Noel.  Being embarrassed and feeling humiliated and shaken up, I said to the other female employee, no customer should have to go through this type of customer service.  She replied, "you are correct sir.  As a customer that has been doing business with U-Haul for 25 years, I have never been spoken to like this in my life. I decided, because of the cruel treatment and racist remarks received by Andrea, who represents the company, working on company time and on company property to call (911) and was immediately connected to the Gwinnett County Police Department Emergency Operation.  The operator asked me what was my problem?  I informed her what had just taken place and her reply was she would send out an officer immediately and from county records, they had received several calls about this employee from this location. .

- Officer J.M. Cray arrived on the scene, and I informed him what I had just experienced.  He asked me to wait outside for him to speak with Andrea.  Officer Cray indicated Andrea did not deny what she had said, however, she indicated she just doesn't like for any customer to call her anything but her given birth name. Officer Cray advised Andrea, she should wear a name badge and that way customer can approach you by your name.  Andrea replied, "I don't have to wear any damn name tag, and customers should not be speaking to me period.



Page 3 of 3.

- Officer Cray waited for me to leave and on our way out the building, he mentioned while some women may be offended, that still don't give her the privilege to speak to any customer that way. He provided me with his information and the case number for me to retrieve a copy which should be available no later than Tuesday, October 10, 2023. He apologized for what I had just experienced and stated I should reach out to a lawyer for possible legal action.

- Prior to leaving, Andra asked a young male employee to go ahead and check me out while she placed some type of notes on my file. I requested Andrea to provide me a copy of what she was writing on my file, Andrea looked at me and in loud words stating fuck off.

In closing, I truly feel that my Civil rights have been violated. Andrea obviously has learned nothing about the contributions that the black race in particular has made in this country and made me feel that if she could get away with harming me on a public street she would and not think twice about it.

Please remember that your failure to act with changes regarding this employee, speaks volumes and lets me and your African American customers know from the top-down, what is acceptable behavior in the U-Haul organization. It is a shame that U-Haul has tolerated this racist stance of an employee for so long without it being addressed and reprimanded. Andrea feels entitled and that nothing will happen to her based on how she treats one segment of U-Haul customers. I must say that to know that her behavior is known among other employees and tolerated is quite an eye-opener. Yes, I can take my business elsewhere, but that's the easy way out. To affect change and to prevent Andrea from treating another African American like excrement on the bottom of her shoes or like someone that is inconsequential, she must be removed, and U-Haul must take a stand on the expectation of each employee's treatment of any U-Haul customer. It's shameful to say this, but obvious to be true in that, Andrea's actions and words have brought me to this conclusion. If we were currently in the days of slavery, Andrea would have me and "MY KIND" hung from a tree, just because we breathe air.

I look forward to hearing from you, Edward, by Monday, July 24, 2024, in resolving this matter which I have brought to your attention.

Respectfully submitted,

Walter L. Dixon, Sr.
wdixon@rosenthalbc.com
walterleedixon@gmail.com
1378 Legrand Cir
Lawrenceville, GA 30043
770.905.0514 Cell
cc: The Honorable Merrick Garland-Attorney General of The United States 950 Pennsylvania Ave NW. Washington, DC 20530-001 by email.

2

7/15/24, 10:01 PM    Yahoo Mail - CORRECTED COPY TO NOTICE OF INTENT TO SUE WITH SETTLEMENT DEMAND AND RACIST, DISRESPEC...

Case 1:25-cv-02819-MLB    Document 1-2    Filed 05/27/25    Page 57 of 135

*Sub T*

## CORRECTED COPY TO NOTICE OF INTENT TO SUE WITH SETTLEMENT DEMAND AND RACIST, DISRESPECTFUL AND CRUEL EXPERIENCE RECEIVED FROM U-HAUL EMPLOYEE "ANDREA" AT 5365 JIMMY CARTER BLVD. NORCROSS, GA 30093 DATED JULY 15, 2024

From: Dixon Walter (wdixon@rosenthalbc.com)

To: alyssa_espinoza@uhaul.com

Date: Monday, July 15, 2024 at 10:01 PM EDT

**FILE COPY**

Hi Alyssa,

Attached are the corrected two letters regarding the above subject matters sent to Mr. Edward J. Joe Shoen President and Chief Executive Officer of U-Haul Holding Company and Subsidiaries.. I apologize for the error and stand corrected.

**Respectfully,**
**Walter Dixon, Sr.**
**Sr. Partner & Associate**
**Admitted To: GAP & NFOPA**
**Member No.# 87748605**
**Rosenthal Business Consultants, Inc.**
**Corporate Office: A.F.Center**
**wdixon@rosenthalbc.com**
**www.rosenthalbc.com**
**(O) 770.905.0514**
**1378 Legrand Circle**
**Lawrenceville, GA 30043**

CONFIDENTIALITY NOTICE: This email message (including any attachments) contains confidential and privileged information, and is for the sole and direct use of the intended recipient(s). Any unauthorized review, use, disclosure, or further dissemination of this communication without the prior permission of the sender is strictly prohibited. If you are not an intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you. Rosenthal Business Consultants, Inc.

 RBC Corrected Ltr To U-Haul President #1.pdf
2.9MB

 RBC LTR TO U-Haul President Shoen #2.pdf
2.6MB

**U-HAUL® Equipment Contract**



**In-Town Rental (Out)**

| | |
|---|---|
| Contract No: 17110755 | Equipment: |
| Saturday, October 7, 2023 8:07 AM | DC 5938G |
| | KO 8405L |

Dispatched From: 863067
Safe-Protection: (YES)

Roadside Assistance:

**Customer Name:**
Walter Dixon
1378 legrand cir
LAWRENCEVILLE, GA 30043

(770) 905-0514
DL xxxx0326, GA 0926
walterleedixon
@gmail.com

**Renting Location:**
U-HAUL MOVING & STORAGE AT JIMMY
CARTER - (863067)
5365 JIMMY CARTER BLVD
NORCROSS, GA 30093
(770) 447-5017

**U-Haul App**

**Authorized Driver(s):** Walter Dixon

**Rental Out Date/Time:**
10/7/2023 8:07 AM

**Rental Due Date/Time:**
10/7/2023 2:00 PM

If you return after store hours please verify your equipment
return on your mobile device using the U-Haul App. Or you can
choose to have a U-Haul Representative verify it for you the next
business day. There is a $20.00 convenience fee for this option.

- Failure to return the equipment by the Rental Due time may result in additional charges.

| Equipment | MI Out | MI Rate | MI Charge | Coverage | Rental Rate | Rental Charge | Estimated Charges |
|---|---|---|---|---|---|---|---|
| DC5938G | 125280.0 | $0.99 x 40.00 | $39.60 | Safe Move: $15.00 | $29.95 | $29.95 | $84.55 |
| AE58111-AZ | | | | | | | |
| Appliance Dolly: 0000KO 8405L | | | | | | $10.00 | $10.00 |

REGULAR CHECK-IN - EMAIL ON FILE
Fuel Tank Capacity: 40 Gallons

E    ⅛    ¼    ⅜    ½    ⅝    ¾    ⅞    F

33.1  31.1  29.1  26.7  23.1  21.4  18.7  16.1  13.1  10.8  9.1  7.2  5.5  3.3  1.4
Estimated Gallons needed to return to dispatched level of 15/16

| | |
|---|---|
| Card Type: | Type: | Ref No: | Approved: |
| MASTERCARD | PREAUTH | 328014213358 | 01831B |
| Account: | | | |
| XXXX-XXXX-XXXX-2028 | | | |

The bank has placed a HOLD for 101.29 on your account. This hold may appear on your
statement. U-Haul will not charge/credit your card until you return the equipment and your
rental charges are calculated. If the actual rental charges exceed the held amount, or if your
rental is extended, U-Haul may charge the original amount and authorize a second amount
for the estimated balance.
Entry Method: CHIP    Application Label:    Merchant ID: 4445022905406
MASTERCARD    Term ID: 012
AID: A000000041010 TVR: 0400008000    TSI: E800

Estimated Environmental Fee:    $1.00
Estimated Subtotal:    $95.55
Estimated Rental Tax:    $5.74
Estimated Charges Paid:    $0.00
Estimated Total Charges:    $101.29
Credit Card Authorization Amount:    $101.29
Net Paid Today:    $0.00

- I agree to verify my truck's fuel level is 15/16th before leaving the premises. I will return the vehicle with the same amount of fuel as when dispatched and/or agree to pay a $5.00 per gallon convenience fee for the estimated fuel I do nor replace. If returned with less than 1/4 tank, I agree to also pay a $30.00 service fee. U-Haul does not reimburse if this truck is returned with more fuel than what is printed on the receipt gauge. U-Haul pays for oil (save receipts).
- I understand that I am financially responsible for at least the first $250.00 for new damage caused by collision with an overhead object.
- U-Haul provides the Customer with minimum limits of protection required by that state or province where arises any claim, suit or cause of action. This provided protection is in excess or secondary to any insurance coverage(s) of the Customer. Customer assumes Sole Responsibility for any and all liability that exceeds the applicable minimum limits of protection for that state or province.
- I understand that this equipment must be returned to the same U-Haul location where it was rented. I understand that the minimum rental charge for equipment returned to a different location is twice the amount of the current One Way rate from this U-Haul location to the actual drop-off location.
- I understand that the equipment rented is water resistant and not water proof.
- I acknowledge that I have received the appropriate User Instructions and acknowledge my responsibility to fully read and understand these User Instructions before operating the equipment.
- I understand that I will receive an email link to review the rental process and the U-Haul Store employees to feedback to U-Haul any complaints, concerns, or requests that I have about my rental. I understand that I can also contact U-Haul Customer Service at uhaul.com/contact/email.aspx
- Watch for overhead objects and lock-up the cargo box.
- I agree to submit all legal disputes in accordance with the U-Haul Arbitration Agreement, incorporated by reference, and available at uhaul.com/arbitration or from my local U-Haul representative.
- I acknowledge that I have received and agree to the terms and conditions of this Rental Contract and the Rental Contract Addendum.
- The failure to return the Equipment requiring U-Haul to recover the Equipment is a material breach of this Rental Contract. In the event of a material breach requiring U-Haul to recover the Equipment, U-Haul will provide You notice by text, e-mail and/or phone to all contact information provided. Upon service of notice, You shall contact U-Haul within 72 hours to make arrangements for removal of Your goods. If You do not contact U-Haul within that time, You agree U-Haul will dispose of all goods in the Equipment at U-Haul's sole discretion and cost. This paragraph supersedes and replaces para. 9 of the Additional Terms and Conditions on the Document Holder.
- "AUTHORIZED DRIVER" - An "Authorized Driver" for purposes of this Agreement is any driver listed on the U-Haul Equipment Contract as authorized by U-Haul Co. of Georgia to operate a U-Haul Vehicle. "UNAUTHORIZED DRIVER" - An "Unauthorized Driver" for purposes of this Agreement is anyone NOT listed on the U-Haul Equipment Contract as an "Authorized Driver."
- I, Walter Dixon agree to be fully responsible to U-Haul Co. of Georgia, or their affiliated U-Haul entities and agents, for all charges relating to the rental of the Equipment that may be incurred by any Authorized Driver or any Unauthorized Driver that Customer or any Authorized Driver allowed to drive the U-Haul Vehicle, including, but not limited to, rental charges, mileage fees, Equipment damage, later or unreturned Equipment charges, charges for Equipment returned to an incorrect location, late fees, cleaning charges, charges for furniture pads and dollies, missing Equipment, fees for any Violations, toll or towing fees, uncovered roadside fees, as well as any additional charges.
- I acknowledge that I was sent a text/email to the phone number or email address provided at the time of the rental, which provides me the opportunity to acknowledge equipment condition, cleanliness, mileage and fuel at the time of the rental. I understand that if I do not provide a response, I am accepting the condition as represented in the text/email. I further acknowledge that I may be responsible for any and all damage, cleaning, mileage and fuel charges as determined by U-Haul upon return of the equipment.
- U-Haul Vehicle(s) or Towable Equipment in your possession may be equipped with a U-Haul Location Tracking Device and/or OEM devices (such as OnStar®). Location information may be accessed for the reasons set forth in the U-Haul Privacy Policy available at https://www.uhaul.com/Legal/PrivacyNotice/.

Shatesa H

X _____    _____
    Walter Dixon    U-Haul Signature - (Shatesa H)

**Questions or need help? Call me.** _____ (770) 447-5017

69461162(H) 03/17
Point Of Sale



PLAINTIFF'S EXHIBIT 3

# U-HAUL Receipt

In-Town Return (In)

**Contract No:** 17110755
Saturday, October 7, 2023 11:17 AM

U-HAUL MOVING & STORAGE AT
JIMMY CARTER
863067

5365 JIMMY CARTER BLVD
NORCROSS, GA 30093

(770) 447-5017

**Customer Name:**
Walter Dixon
1378 legrand cir
LAWRENCEVILLE, GA 30043

**Cust Ph - EMail:**
(770) 905-0514
walterleedixon
@gmail.com

**Authorized Driver(s):** Walter Dixon

**Rental Date/Time:** 10/7/2023 8:07 AM
**Return Date/Time:** 10/7/2023 11:15 AM
**Chargeable Rental Periods:** 1

| Equipment | MI Out | MI In | MI Rate | MI Charge | Coverage | Missing/Damage Charge | Rental Rate | Rental Charge | Actual Charges |
|---|---|---|---|---|---|---|---|---|---|
| DC - 15' Moving Van DC5938G AE58111-AZ | 125280.0 | 125307.0 | $0.99 x 27.00 | $26.73 | Safe Move: $15.00 | $0.00 | $29.95 | $29.95 | $71.68 |
| Appliance Dolly: 0009KO 8405L | | | | | | $0.00 | $10.00 | $10.00 | $10.00 |

| E | ¼ | ¼ | ¾ | ½ | ¾ | ¾ | ⅞ | F |
|---|---|---|---|---|---|---|---|---|

**Card Type:**
MASTERCARD
**Entry Method:** CHIP
AID: A0000000041010

**Account:**
XXXX-XXXX-XXXX-2028
**Application Label:**
MASTERCARD
TVR: 0400008000

**Type:**
PAYMENT
**Merchant ID:**
4445022905406
TSI: E800

**Ref No.:**

**Approved:**
01831B
**Term ID:** 012

Environmental Fee: $1.00
Subtotal: $82.68
Rental Tax: $4.96
Total Rental Charges: $87.64

Credit Card Payment: $87.64
Net Paid Today: $87.64

- I confirm that during the term of my rental there was not an accident involving the rented U-Haul equipment and no incidence where this equipment struck or otherwise caused damage to any person or property either while on a public road or private property. There was no injury or damage sustained by me or any other drivers or passengers of this equipment.
- U-Haul Vehicle(s) or Towable Equipment in your possession may be equipped with a U-Haul Location Tracking Device and/or OEM devices (such as OnStar®). Location information may be accessed for the reasons set forth in the U-Haul Privacy Policy available at https://www.uhaul.com/Legal/PrivacyNotice/.

Raymond G

X _____
Walter Dixon

U-Haul Signature - (Raymond G)

MobileContractClose



PLAINTIFF'S EXHIBIT
3.1

# U-HAUL®

## Reservation Receipt

📲 Your reservation has been completed. A confirmation and link to the U-Haul app has been sent via text to (770) 905-0514. Prior to your pickup, you can complete your check-in through the app, as well as confirm, review or make any changes to your reservation. 17110755

## Customer Name: Walter Dixon

## Reservation Summary



**15' MOVING VAN**

**Pick Up Date:**  10/07/2023

**Pick Up Time:**  8:00 AM

**Hours Reserved:**  6 hours

**Rental Type:**  In Town

*U-HAUL MOVING & STORAGE AT JIMMY CARTER*

5365 JIMMY CARTER BLVD

NORCROSS, GA 30093

(770) 447-5017

## Summary of Charges

| | |
|---|---|
| 15' Moving Van | $29.95 |
| | plus $0.99/mile |
| Environmental Fee | $1.00 |
| Estimated Tax | $1.86 |
| **Total:** | $32.81 |
| | *plus $0.99/mile (due in store)* |

© 2020 U-Haul International, Inc. All rights reserved.

U-Haul is a registered trademark of U-Haul International, Inc



Inform CAD Comments
Location: UHUAL

10/7/2023 11:11:52 AM, Performed By: SYS

Comment: [1] ***ADDL Wireless Info: 5320 JIMMY CARTER BLVD NW - SECTOR NE NORCROSS GA ***

10/7/2023 11:11:52 AM, Performed By: SYS

Comment: [2] ***Class of Service: WPH2 LAT: +33.904806 LON: -084.205441 ***

10/7/2023 11:11:52 AM, Performed By: SYS

Comment: [3] ALT# 770-905-0514 T-MOBILE USA

10/7/2023 11:13:01 AM, Performed By: CO752

Comment: [4] COMPL VS BUSINESS

10/7/2023 11:13:47 AM, Performed By: CO752

Comment: [5] NO MENTIONED 28/38/69

10/7/2023 11:14:56 AM, Performed By: CO752

Comment: [6] COMPL ADV HE IS A CUSTOMER TRYING TO RETURN HIS TRUCK AND ONE OF THE EMPLOYEES CUSSED HIM OUT

10/7/2023 11:15:14 AM, Performed By: SCO271

Comment: [7] WILL ADVS IF SECOND UNIT NEEDED

10/7/2023 11:15:30 AM, Performed By: CO752

Comment: [8] COMPL ADV HE WANTS TO MAKE REPORT AGAINST EMPLOYEE BECAUSE HE WANTS TO FILE A COMPL WITH THE CORPRATE OFFICE

10/7/2023 11:15:50 AM, Performed By: CO752

Comment: [9] COMPL CLR TO REMAIN SEPARATED UNTIL PD IS T7 , ALSO CLR TO R.C IF ANYTHING CHANGES

10/7/2023 11:20:03 AM, Performed By: 143A

Comment: [10] 143A On Scene at 10/7/2023 11:20:03, Latitude: 33.9045062666667, Longitude: -84.20563725

10/7/2023 11:47:29 AM, Performed By: 143A

Comment: [11] Cray, Jhontae - 143A - THE COMPL STATED HE CAME IN TO RETURN A TRUCK AND CALLED THE LADY AT THE COUNTER "DARLING". THE COMPL STATED THE EMPLOYEE GOT UPSET AND CURSED AT HIM. THE COMPL STATED HE WANTED TO REPORT THE EMPLOYEE SO HE COULD SEND A COMPLAINT TO THE GENERAL MANAGER. I EXPLAINED TO THE COMPL THE SITUATION WAS CIVIL. THE EMPLOYEE STATED SHE HAS TOLD THE C[...] MULTIPLE TIMES TO STOP CALLING HER "BABY" OR "DARLING" AND TO CALL HER BY HER NAME.

PLAINTIFF'S EXHIBIT
4

## Unit 1: 143A

Responders
Cray,

| | | | | | |
|---|---|---|---|---|---|
| Primary Unit | Assigned | Enroute | Arrived At Scene | Call Cleared | Unit Name |
| Yes | 10/07/2023 11:14:51 | 10/07/2023 11:20:03 | 10/07/2023 11:20:03 | 10/07/2023 11:47:37 | 143A |

Unit Disposition

| Assigned By | Left For Secondary Loc | Arrive @ Secondary Loc. | Name Transported | Transport Protocol | Phone |
|---|---|---|---|---|---|
| Lawrence, Alicia | | | | | |

| Transport To Location | | Location Type | Cross Street |
|---|---|---|---|

| Address | Apt. | Bldg. |
|---|---|---|

| City | State | Zip | Latitude | Longitude |
|---|---|---|---|---|

| On Scene Odometer | At Destination Odometer |
|---|---|

## Person 1

| Involvement Type | Full Name | Date Of Birth | Age | To Age |
|---|---|---|---|---|
| | DIXON, WALTER | | | |

Address
5365 - 5389 JIMMY CARTER BLVD NW

| City | State | Zip | Apartment |
|---|---|---|---|

| Race | Sex | Phone | License State | License Number | SSN |
|---|---|---|---|---|---|
| | | (770) 905-0514 | | | |

| Height #Error | To Height | Weight | ToWeight | Eye Color | Hair Color | Build | Facial Hair | Glasses |
|---|---|---|---|---|---|---|---|---|

## E911 Call 1

| Answered Time | Class Of Service | ANI Phone Number | Customer Name |
|---|---|---|---|
| 10/07/2023 11:11:49 | Phase2 | (770) 905-0514 | |

| Address | Apartment |
|---|---|

| City | State | Zip | Latitude | Longitude |
|---|---|---|---|---|
| | | | 33.904806 | -84.205441 |



PLAINTIFF'S
EXHIBIT
41

 Gwinnett

## Event

| Call Taken | Problem | Call Disposition | First Unit Assigned | Call Closed | Primary Officer |
|---|---|---|---|---|---|
| 10/07/2023 11:11:51 | 86 – DOMESTIC | C25-CIVIL MATTER | 10/07/2023 11:14:51 | 10/07/2023 11:47:37 | Cray jmcray |

| Common Place Name | | Location Type | Cross Street |
|---|---|---|---|
| | | UHUAL | HAYES DR NW/LIVE OAK PKWY NW |

| Address | Apt. | Bldg. |
|---|---|---|
| 5365 JIMMY CARTER BLVD NW | | |

| City | State | Zip | Latitude | Longitude | Beat |
|---|---|---|---|---|---|
| NORCROSS | GA | 30093 | 33.904908 | -84.20506 | 132 |

| Jurisdiction | Battalion | CAD Incident Type | Priority | Alarm | Alarm Type |
|---|---|---|---|---|---|
| Gwinnett County PD | West Side | | 3 | 0 | |

| Call Taker | How Received | Workstation ID | No. Of Injuries | First Unit Enroute | First Unit Arrived |
|---|---|---|---|---|---|
| Jackson, Kyarra | | CADAXCT05 | | 10/07/2023 11:20:03 | 10/07/2023 11:20:03 |

Call Status
C

Call Back Information
770-905-0514

User Data
Field Name: Aero Map Page Field Value:817-F5 Field ID:821458 Incident User Data FieldID: 821458 Performed By:CO752

## Comments





FILE COPY



Rosenthal BC

**JULY 15, 2024**

CORRECTED COPY NO# 2

Delivered by email to: alyssa_espinoza@uhaul.com
Edward J. Joe Shoen
President and Chief Executive Officer
U-Haul Holding Company
2727 North Central Avenue
Phoenix AZ 85004 USA

Re: <u>NOTICE OF INTENT TO FILE LAWSUIT WITH SETTLEMENT DEMAND.</u>

cc: <u>U-Haul Holding Company Board Of Directors</u>: Edward Joe Shoen, Samuel J. Shoen, James J. Grogan, Jason Allen Berg, Maria Lourdes Bell

cc: <u>U-Haul Key Company Executives:</u> Edward Joe Shoen Chairman, President & Chief Executive Officer, Jason Allen Berg CFO, Angela Farley President – U-Haul Company-Chicago Western Suburbs, Douglas M. Bell President-Rep-West Insurance, John C, Matthew F Braccia President – Real Estate

cc: <u>United States Department of Justice</u>; The Honorable Merrick Garland Attorney General of The United States.

Dear Edward,

This letter of notice of intent to sue shall serve as a formal notice that I intend to commence a lawsuit against <u>U-Haul Holding Company</u> for the following:

1.   Walter L. Dixon, Plaintiff vs U-Haul Corporation, Defendant A Rhode Island Corporation

2.   Your employee "Andera", for Malicious with intent-Georgia OCOGA-51-7-40, Malice with intent-Georgia OCOGA 51-7-80, Negligence with intent-Georgia OCOGA 51-11-07 and violations of the Georgia Civil Rights and Federal Civil Rights Acts.

3.   Being an African American customer having to experience Andrea's racist, disrespectful and cruel customer service on Saturday, October 7, 2023, at 5365 Jimmy Carter Blvd, Norcross, GA  has made me feel I have been through hell twice and back that I pray no other customer will have to experience.  I continue to hear her saying in my mind "You Damn Black Niggers.

PLAINTIFF'S EXHIBIT

Rosenthal Business Consultants Inc.
1378 Legrand Cir
Lawrenceville, GA 30043
O: 678.235.4878
C: 770.905.0514

wdixon@rosenthalbc.com
www.rosenthalbc.com

*"RBC Your Trusted Source In Business Consulting"*



Rosenthal BC

Page 2 of 2.

4. **Settlement Demand**. As a result of your employee "Andrea's" malice, negligence, and malicious actions, the plaintiff seeks relief in the form of a single payment in the amount of ($350,000.00) dollars payable to plaintiff and received by the plaintiff by 5: P.M., Monday, July 29, 2024.

5. A written letter of apology from your office and your Board of Directors.

6. To save the defendant U-Haul Holding Company an additional larger settlement payment amount including, having to pay plaintiff legal fees, this offer to cure and or settle this matter outside of court is valid until 5:00 P.M., Monday, July 29, 2024, at which time you can be assured this case will be settled in court. Plaintiff's petition complaint will be asking the jury of twelve to render a favorable verdict in favor of the plaintiff's monetary damages, not less than $3,500,000 dollars. I have at my disposal three of the largest legal firms in Atlanta, Georgia who are eager to represent me as my counsel against U-Haul Holding Company.

7. In the event, this case is not settled by the above-designated date and upon filing the plaintiff's petition complaint against U-Haul Holding Company., with the clerk office of the Superior Court of Gwinnett County, GA. Please take note, doing the discovery process plaintiff will be issuing subpoenas to appear at trial in addition to answering, interrogatories, affidavit statements from U-Haul employees and customers who witness and familiar with "Andrea" racist behavior and remarks toward plaintiffs race as an African American on Sunday, October 7, 2023, that provided plaintiff with their names, addresses and phone numbers.

8. Plaintiff will also enter as exhibits live cell phone and videos capturing "Andrea" entire racist statements and episode, in addition to other exhibits evidence such as several audio recordings from other U-Haul customers who have posted on Youtube and other social media. Plaintiff will issue subpoenas to appear at trial Gwinnett County Police Officer or affidavits including the Gwinnett County Police Report filed by the plaintiff.

Edward, I felt like salt was poured into the wounds inflicted upon me from this racist experience because even to this date, I have not received a call, email, or letter from Andreay or Noel the Manager apologizing for the hell, I have gone through as an African American customer for over (25) years. I must admit, I'm very disturbed by this and if I were U-Haul Holding Company President and CEO, I would accept this settlement without delay.

Govern yourself accordingly,

Walter L. Dixon, Sr.
Senior Partner & Associate
Admitted To: GAP & NFOPA
Member No.#87748605
Rosenthal Business Consultants, Inc.
1378 Legrand Cir.
Lawrenceville, GA 30043
wdixon@rosenthalbc.com
Lawrenceville, GA 30043
Office: 678.235.4878  Cell: 770.905.0514
cc:The Honorable Attorney General Merrick Garland Department Of Justice



PLAINTIFF'S EXHIBIT
5.2

7/18/24, 5:45 AM    Yahoo Mail - Revision Notice #2 of Intent to File Lawsuit With Settlement Demand - Walt Dixon Sr. vs U-Haul Holding Company

Case 1:25-cv-02910-MLB    Document 1    Filed 05/27/25    Page 66 of 125

## Revision Notice #2 of Intent to File Lawsuit With Settlement Demand - Walt Dixon Sr. vs U-Haul Holding Company

From: Dixon Walter (wdixon@rosenthalbc.com)

To:    alyssa_espinoza@uhaul.com

Date: Thursday, July 18, 2024 at 05:44 AM EDT

**FILE COPY**

Good morning Alyssa,

I apologize for any confusion caused by previous versions. Attached is the revised Notice of Intent to File Lawsuit and Proposed Settlement directed to Mr. Edward J. Joe Shoen, President and CEO of U-Haul Holding Company. The document, dated July 15, 2024, supersedes all prior versions.

**Respectfully, submitted**
**Walter Dixon, Sr.**
**Sr. Partner & Associate**
**Admitted To: GAP & NFOPA**
**Member No.# 87748605**
**Rosenthal Business Consultants, Inc.**
**1378 Legrand Circle**
**Lawrenceville, GA 30043**
**wdixon@rosenthalbc.com**
**www.rosenthalbc.com**
**Office: 678.235.4878**
**Cell: 770.905.0514**

CONFIDENTIALITY NOTICE: This email message (including any attachments) contains confidential and privileged information, and is for the sole and direct use of the intended recipient(s). Any unauthorized review, use, disclosure, or further dissemination of this communication without the prior permission of the sender is strictly prohibited. If you are not an intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you. Rosenthal Business Consultants, Inc.

 2nd Corrected Ltr To File Lawsuitct U-Haul of 7-15-2024.pdf
779.8kB


PLAINTIFF'S EXHIBIT
5.2





BC

**JULY 15, 2024  CORRECTED COPY**

Delivered by email to: alyssa_espinoza@uhaul.com
Edward J. Joe Shoen
President and Chief Executive Officer
U-Haul Holding Company
2727 North Central Avenue
Phoenix AZ 85004 USA

Re: <u>NOTICE OF INTENT TO SUE WITH SETTLEMENT DEMAND</u>

cc: <u>U-Haul Holding Company Board Of Directors</u>: Edward Joe Shoen, Samuel J. Shoen, James J. Grogan, Jason Allen Berg, Maria Lourdes Bell

cc: <u>U-Haul Key Company Executives:</u> Edward Joe Shoen Chairman, President & Chief Executive Officer, Jason Allen Berg CFO, Angela Farley President – U-Haul Company-Chicago Western Suburbs, Douglas M. Bell President-Rep-West Insurance, John C, Matthew F Braccia President – Real Estate.

cc: <u>United States Department of Justice</u>; The Honorable Merrick Garland Attorney General of The United States.

Dear Edward,

This letter of notice of intent to sue shall serve as a formal notice that I intend to commence a lawsuit against <u>U-Haul Holding Company</u> for the following:

1.    Walter L. Dixon, Plaintiff vs U-Haul Corporation, Defendant A Rhode Island Corporation

2.    Your employee "Andera", for Malicious with intent-Georgia OCOGA-51-7-40, Malice with intent-Georgia OCOGA 51-7-80, Negligence with intent-Georgia OCOGA 51-11-07 and violations of the Georgia Civil Rights and Federal Civil Rights Acts.

3.    Being an African American customer having to experience Andrea's racist, disrespectful and cruel customer service on Saturday, October 7, 2023, at 5365 Jimmy Carter Blvd, Norcross, GA  has made me feel I have been through hell twice and back that I pray no other customer will have to experience.  I continue to hear her saying in my mind "You Damn Black Niggers.



PLAINTIFF'S
EXHIBIT
6.



BC

Page 2 of 2.

4. **Settlement Demand**. As a result of your employee "Andrea's" malice, negligence, and malicious actions, the plaintiff seeks relief in the form of a single payment in the amount of ($350,000.00) dollars payable to plaintiff and received by the plaintiff by 5: P.M., Monday, July 29, 2024.

5. A written letter of apology from your office and your Board of Directors.

6. To save the defendant U-Haul Holding Company an additional larger settlement payment amount including, having to pay plaintiff legal fees, this offer to cure and or settle this matter outside of court is valid until 5:00 P.M., Monday, July 29, 2024, at which time you can be assured this case will be settled in court. Plaintiff's petition complaint will be asking the jury of twelve to render a favorable verdict in favor of the plaintiff's monetary damages, not less than $3,500,000 dollars. I have at my disposal three of the largest legal firms in Atlanta, Georgia who are eager to represent me as my counsel against U-Haul Holding Company.

7. In the event, this case is not settled by the above-designated date and upon filing the plaintiff's petition complaint against U-Haul Holding Company., with the clerk office of the Superior Court of Gwinnett County, GA. Please take note, doing the discovery process plaintiff will be issuing subpoenas to appear at trial in addition to answering, interrogatories, affidavit statements from U-Haul employees and customers who witness and familiar with "Andrea" racist behavior and remarks toward plaintiffs race as an African American on Sunday, October 7, 2023, that provided plaintiff with their names, addresses and phone numbers.

8. Plaintiff will also enter as exhibits live cell phone and videos capturing "Andrea" entire racist statements and episode, in addition to other exhibits evidence such as several audio recordings from other U-Haul customers who have posted on Youtube and other social media. Plaintiff will issue subpoenas to appear at trial Gwinnett County Police Officer or affidavits including the Gwinnett County Police Report filed by the plaintiff.

Edward, I felt like salt was poured into the wounds inflicted upon me from this racist experience because even to this date, I have not received a call, email, or letter from Andreay or Noel the Manager apologizing for the hell, I have gone through as an African American customer for over (25) years. I must admit, I'm very disturbed by this and if I were U-Haul Holding Company President and CEO, I would accept this settlement without delay.

Govern yourself accordingly,

Walter L. Dixon, Sr.
wdixon@rosenthalbc.com
walterleedixon@gmail.com
1378 Legrand Cir
Lawrenceville, GA 30043
770.905.0514 Cell

cc:The Honorable Attorney General Merrick Garland Department Of Justice





Rosenthal BC

**JULY 17, 2024**



FILE COPY

Delivered By U.S.P.S. Over-night Express
The Honorable Merrick Garland
Attorney General of The United States
United States Department of Justice
950 Pennsylvania Avenue, NW.
Washington, DC 20530-001

Re: This letter requests the United States Department of
Justice (DOJ) to investigate potential civil rights violations by
U-Haul Holding Company (U-Haul) against African American
customers, particularly in Gwinnett County, Georgia. The
Complaint alleges discriminatory treatment by U-Haul's
employee Andrea Assistant Manager of U-Haul at 5365 Jimmy
Carter Blvd. Norcross, GA 30093.

   The Complainant requests the DOJ to investigate U-Haul's
management, and customer service practices nationwide and
especially in Gwinnett County, Georgia, of disrespectful, cruel
and racial discrimination against African American customers.
The investigation should consider the attached complaint and
any similar complaints and pattern that may exist in all U-Haul's
locations in the United States and other countries.  Mr. Garland,
I'm strongly considering filing a civil class action complaint in
the Federal or State Court of Georgia.

   The Complainant believes U-Haul's employee action was
brought upon complainant with malicious-intent, malice-intent
compounded with unlawful negligence to cause emotional harm
and unlawful embarrassment to complainant without justification
or caused.

cc: **U-Haul Holding Co Board Of Directors**: Edward Joe
Shoen-President & Chief Executive Officer, Samuel J. Shoen,
James J. Grogan, Jason Allen Berg, Maria Lourdes Bell.

cc: **U-Haul Key Company Executives:** Edward Joe Shoen
Chairman, President & Chief Executive Officer, Jason Allen
Berg CFO, Angela Farley President – U-Haul Company-
Chicago Western Suburbs, Douglas M. Bell President-Rep-



**PLAINTIFF'S EXHIBIT**
7



Rosenthal **BC**

Page 2 of 3.
Merrick Garland DOJ
July 17, 2024

West Insurance, John C, Matthew F Braccia President – Real Estate.

cc: **News Director of Television and Financial Stock Market Broadcasting Media Networks:** CNN, ABC, CBS, NBC, Discovery, TBS, CNBC, MSNBC, CW, FOX, PBS, DOW-JONES, NYSE, NASDAQ and Bloomberg.

cc: **Social Media Networks:** FACEBOOK, GOOGLE, INSTAGRAM, LINKEDIN, PINTEREST, REDDIT, SNAPCHAT, TIK-TOK, TWITTER, YAHOO, YOUTUBE, and WHATSAPP.

cc: **Civil Rights Organizations:** ACLU, ADL, CORE, National Office of NAACP, NAN, NUL, National Office of SCLC Atlanta and NAACP Office of Gwinnett County, Georgia.

Dear Mr. Garland,

Please find attached for your reference a copy of the correspondence I previously sent to Mr. Edward Joe Shoen, President and Chief Executive Officer of U-Haul Holding Company, the Board of Directors, and Senior Corporate Executive Committee Members.

On July 16th, 2024, I received a return call from a senior member of your staff regarding my inquiry concerning a matter involving one of U-Haul location at 5365 Jimmy Carter Blvd Norcross, GA 30093. The representative expressed significant concern and advised me to directly submit my request for a potential criminal or civil investigation to your attention. They expressed confidence that you would then forward the request to the appropriate Department of Justice official for an evaluation.

I anticipate a response from you or your designated representative within the Department's Corporate Civil Investigations Division.

Furthermore, I have been contacted by the News Director of CNN and ABC regarding my allegations involving Both News outlets have requested a meeting to discuss the information I provided. I will keep the DOJ informed of my decision to accept or deny ABC or CNN invitations to go live on one of their primetime news segment in expressing my experience to millions of their viewers.



PLAINTIFF'S EXHIBIT No. 2

Page 3 of 3.
Merrick Garland DOJ
July 17, 2024



Rosenthal **BC**

P.3 of 3.

Sincerely,

Walt Dixon Sr.
Senior Partner & Associate
Admitted To: GAP & NFOPA
Member No.#87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F. Center
wdixon@rosenthalbc.com
walterleedixon@gmail.com
O:678-235-4878
C:770.905.0514

CC: Attachment to DOJ-Only
    Edward J. Joe Shoen -President and CEO U-Haul Holding Co. Delivered by email to: alyssa_espinoza@uhaul.com.



PLAINTIFF'S
EXHIBIT

7/17/24, 2:32 PM Yahoo Mail - RBC Letter To The Honorable Merrick Garland Attorney General Of The United States Department Of Justice Regardi…

Case 1:25-cv-02058-TWT Document 2 Filed 05/27/25 Page 72 of 135

RBC Letter To The Honorable Merrick Garland Attorney General Of The United States Department Of Justice Regarding Requesting A Criminal/Civil Investigation Into U-Haul Holding Company and Subsidiary U-Haul Truck Rental Leasing Unethical and Unlawful Cruel Practice To African American Customers.

From: Dixon Walter (wdixon@rosenthalbc.com)

To: alyssa_espinoza@uhaul.com

Date: Wednesday, July 17, 2024 at 02:32 PM EDT

FILE COPY

Alyssa Espinoza
U-Haul Holding Co -Executive Administrator To Mr. Edward J. Joe Shoen
President and Chief Executive Officer of U-Haul Holding Company


Hi Alyssa,

Please forward the attached document to Mr.Shoen.


Respectfully,
Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.Center
wdixon@rosenthalbc.com
www.rosenthalbc.com
(O) 470.851.0065
P. O. Box 941581
Atlanta, GA 31141

CONFIDENTIALITY NOTICE: This email message (including any attachments) contains confidential and privileged information, and is for the sole and direct use of the intended recipient(s). Any unauthorized review, use, disclosure, or further dissemination of this communication without the prior permission of the sender is strictly prohibited. If you are not an intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you. Rosenthal Business Consultants, Inc.


RBC Walt Ltr DOJ.pdf
969kB


PLAINTIFF'S EXHIBIT
7.3





Rosenthal BC



**JULY 17, 2024**

Delivered By FedEx Express
The Honorable Christopher Wray
Director of the Federal Bureau of Investigation (FBI)
FBI Headquarters
J. Edgar Hoover Building
Washington, D.C. 20535-0001

Re: This letter requests the Federal Bureau of Investigation (FBI) to investigate civil rights violations by U-Haul Holding Company (U-Haul) against African American customers, particularly in Gwinnett County, Georgia. The Complaint alleges discriminatory treatment by U-Haul's employee Andrea Assistant Manager of U-Haul at 5365 Jimmy Carter Blvd. Norcross, GA 30093.

The Complainant requests the FBI to investigate U-Haul's management, business ethics and unlawful customer service practices nationwide and especially in Gwinnett County, Georgia, of disrespectful, cruel and unlawful racial discrimination tactics against African American customers. The investigation should consider the attached complaint and any similar complaints and pattern that may exist in all U-Haul's locations in the United States. Mr. Wray, I'm strongly considering filing a civil class action lawsuit against U-Haul Holding Company with the United States District Court Atlanta Division Northern District of Georgia or Gwinnett County Superior Court.

The Complainant believes U-Haul's employee action was brought upon complainant with malicious-intent, malice-intent compounded with unlawful negligence to cause emotional harm and unlawful embarrassment to complainant without justification or caused.

cc: **U-Haul Holding Co Board Of Directors**: Edward Joe Shoen-President & Chief Executive Officer, Samuel J. Shoen, James J. Grogan, Jason Allen Berg, Maria Lourdes Bell.

cc: **U-Haul Key Company Executives:** Edward Joe Shoen Chairman, President & Chief Executive Officer, Jason Allen-



Rosenthal BC

Page 2 of 3.
FBI Director Christopher Wray
July 17, 2024

Berg CFO, Angela Farley President – U-Haul Company-Chicago Western Suburbs, Douglas
M. Bell President-Rep- West Insurance, John C, Matthew F Braccia President – Real Estate.

cc: **News Director of Television and Financial Stock Market Broadcasting Media
Networks:** CNN, ABC, CBS, NBC, Discovery, TBS, CNBC, MSNBC, CW, FOX, PBS, DOW-
JONES, NYSE, NASDAQ and Bloomberg.

cc: **Social Media Networks:** FACEBOOK, GOOGLE, INSTAGRAM, LINKEDIN, PINTEREST,
REDDIT, SNAPCHAT, TIK-TOK, TWITTER, YAHOO, YOUTUBE, and WHATSAPP.

cc: **Civil Rights Organizations:** ACLU, ADL, CORE, National Office of NAACP, NAN, NUL,
National Office of SCLC Atlanta and NAACP Office of Gwinnett County, Georgia.

Dear Director Wray,

Please find attached for your reference a copy of the correspondence I previously sent to Mr.
Edward Joe Shoen, President and Chief Executive Officer of U-Haul Holding Company, the
Board of Directors, and Senior Corporate Executive Committee Members and Merrick Garland
Attorney General of The United States (DOJ).

I anticipate a response from you or your designated representative within the Federal Bureau
of Investigation as soon as possible.

Furthermore, I have been contacted by the News Director of CNN and ABC regarding my
allegations involving Both News outlets have requested a meeting to discuss the information I
provided.  I will keep you informed of my decision to accept or deny ABC or CNN invitations to
go live on one of their primetime news segments to share my unlawful and disrespectful
experience to millions of their viewers.



Page 3 of 3.
FBI Director Christopher Wray
July 17, 2024



Rosenthal BC

---

P.3 of 3.

Sincerely,

Walt Dixon Sr.
Senior Partner & Associate
Admitted To: GAP & NFOPA
Member No.#87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F. Center
wdixon@rosenthalbc.com
walterleedixon@gmail.com
O:678-235-4878
C:770.905.0514

cc: Enclosed attachment to FBI Director Wray Only
    Edward J. Joe Shoen - President and CEO U-Haul Holding Co.
    Delivered by email to: alyssa_espinoza@uhaul.com.



Case 1:25-cv-02910-MLB   Document 3   Filed 05/27/25   Page 76 of 135

RBC Letter To The Honorable Christopher Wray Director of The Federal Bureau of Investigation (FBI) Regarding Requesting A Criminal/Civil Investigation Into U-Haul Holding Company and Subsidiary U-Haul Truck Rental Leasing Unethical and Unlawful Cruel Practice To African American Customers.

From: Dixon Walter (wdixon@rosenthalbc.com)

To:     alyssa_espinoza@uhaul.com

Date:   Wednesday, July 17, 2024 at 09:28 PM EDT

**FILE COPY**

Alyssa Espinoza
U-Haul Holding Company
Executive Administrator to Mr. Edward J. Joe Shoen-President and Chief Executive Officer of U-Haul
Holding Company.

Hi Alyssa,

Attached is Mr. Shoen's copy of my letter to FBI Director Christopher Wray. As agreed, in our last conversation you would make sure he receive it.

Respectfully,
Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.Center
wdixon@rosenthalbc.com
www.rosenthalbc.com
(O) 678.235.4878
1378 Legrand Circle
Lawrenceville, GA 30043

CONFIDENTIALITY NOTICE: This email message (including any attachments) contains confidential and privileged information, and is for the sole and direct use of the intended recipient(s). Any unauthorized review, use, disclosure, or further dissemination of this communication without the prior permission of the sender is strictly prohibited. If you are not an intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you. Rosenthal Business Consultants, Inc.

 Walt RBC Ltr Director of FBI.pdf
929.2kB







Rosenthal BC

**JULY 23, 2024**
Delivered By Email To: alyssa_espinoza@uhaul.com
Edward J. Joe Shoen
President and Chief Executive Officer
U-Haul Holding Company and Subsidiaries
2727 North Central Avenue.
Phoenix, AZ 85004 USA

Re: **Racist, Disrespectful and Cruel Experience Received From U-Haul Employee "Andrea" At 5365 Jimmy Carter Blvd. Norcross, GA 30093 - On October 7, 2023. As A Customer, I Had No Choice Accept To Call Gwinnett County Police 911 Emergency Requesting A Police Officer Be Dispatch To The U-Haul Location.  See Attached Plaintiff's Exhibits Including Police Report.**

cc: **U-Haul Holding Co Board Of Directors**: Edward Joe Shoen, Samuel J. Shoen, James J. Grogan, Jason Allen Berg, Maria Lourdes Bell.

cc: **U-Haul Key Company Executives:** Edward Joe Shoen Chairman, President & Chief Executive Officer, Jason Allen Berg CFO, Angela Farley President – U-Haul Company–Chicago Western Suburbs, Douglas M. Bell President-Rep-West Insurance, John C, Matthew F Braccia President – Real Estate.

cc: **News Director of Television and Financial Stock Market Broadcasting Media Networks:** CNN, ABC, CBS, NBC, Discovery, TBS, CNBC, MSNBC, CW, FOX, PBS, DOW-JONES, NYSE,  NASDAQ and Bloomberg.

cc: **Social Media Networks:**  FACEBOOK, GOOGLE, INSTAGRAM, LINKEDIN, PINTEREST, REDDIT, SNAPCHAT, TIK-TOK, TWITTER, YAHOO, YOUTUBE, and WHATSAPP.

cc: **Civil Rights Organizations:**  ACLU, ADL, CORE, NAACP, NAN, NUL, SCLC, and U.S. Department Of Justice,

Dear Edward,

On July 15, 2024, I sent you a letter regarding the above subject matter. In that letter, I incorrectly stated that I look forward to hearing from you by Monday, July 24, 2024. I apologize for the error.

The correct date is Monday, July 22, 2024. To avoid any confusion, I am extending the deadline to Wednesday, July 24, 2024, by 4:30 PM Arizona time.

PLAINTIFF'S EXHIBIT
9



RosenthalBC

Sincerely,

Respectfully,
Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A. F. Center
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C) 770.905.0514



PLAINTIFF'S
EXHIBIT

96.2

3/24, 4:32 PM
Yahoo Mail - Addressed to: Mr. Edward J. Joe Shoen-See attached document
Case 1:25-cv-02910-MLB   Document 1-3   Filed 05/23/25   Page 79 of 135

## Addressed to: Mr. Edward J. Joe Shoen-See attached document

From: Dixon Walter (wdixon@rosenthalbc.com)

To: alyssa_espinoza@uhaul.com

Date: Tuesday, July 23, 2024 at 04:32 PM EDT

FILE COPY

Hi Alyssa,

The attached document is addressed to Mr. Edward J. Shoen, as always please make sure he receives it.

Respectfully,
Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.Center
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C) 770.905.0514

CONFIDENTIALITY NOTICE: This email message (including any attachments) contains confidential and privileged information, and is for the sole and direct use of the intended recipient(s). Any unauthorized review, use, disclosure, or further dissemination of this communication without the prior permission of the sender is strictly prohibited. If you are not an intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you. Rosenthal Business Consultants, Inc.

 RBC Ltr U-Haul CEO 7-23-24.pdf
520.3kB





Rosenthal Business
Consultants, Inc.

Walter L. Dixon, Sr.
Senior Partner & Associate
In Good Standing with GAP &
NFOPA Associations
Member No. #877488605

1378 Legrand Cir.
Lawrenceville, GA 30043
www.rosenthalbc.com
wdixon@rosenthalbc.com

678.235.4878

Services

Attorney Paralegal
Services
Employees On-Site
Motivational Seminar
Sexual Harassment
Prevention Seminar
Business Management
Corporate Legal
Research Services
Active Shooter/Active
Threat Seminar
Human Resources
Management Seminar
Corporate Distribution
& Manufacturing Risk
Management
Inspection Checklists
For General Industry
Workplace Safety
Basics Seminar
Fire Prevention &
Response Seminar
Substance Abuse for
Supervisors and
Employees
Workplace Bullying and
Violence
Hazard Perception
Challenges Slips Trips
& Falls

RBC

Since 2011
Your Trusted
Source In Corporate and Small

July 26, 2024

**Delivered By Email To Executive Administrator:**
**alyssa_espinoza@uhaul.com**
Edward J. Joe Shoen
President and Chief Executive Officer
U-Haul Holding Company and Subsidiaries
2727 North Central Avenue.
Phoenix, AZ 85004 USA

Re: Follow-up: U-Haul Racist Incident - CNN and ABC News
Invitations

cc: **News Director of Television and Financial Stock Market
Broadcasting Media Networks:** CNN, ABC, CBS, NBC, Discovery, TBS,
CNBC, MSNBC, CW, FOX, PBS, DOW-JONES, NYSE,  NASDAQ and
Bloomberg.

cc: **Social Media Networks:**  FACEBOOK, GOOGLE, INSTAGRAM,
LINKEDIN, PINTEREST, REDDIT, SNAPCHAT, TIK-TOK, TWITTER,
YAHOO, YOUTUBE, and WHATSAPP.

cc: **Civil Rights Organizations:**  ACLU, ADL, CORE, NAACP, NAN, NUL,
SCLC, and U.S. Department Of Justice.

cc**: United States Department of Justice (DOJ):** The Honorable Merrick
Garland Attorney General of The United States.

cc:  Federal Bureau of Investigation (FBI): The Honorable Christopher Wray
Director of FBI.

Dear Edward,

On July 15, 2024, I communicated with you via email transmitted through the email
account of your Executive Administrator, Ms. Alyssa Espinoza. On multiple
occasions since that date, I have contacted Ms. Espinoza to confirm receipt of my
correspondence detailing the severe and ongoing racial discrimination I have
endured at the hands of a U-Haul employee named Andrea, at the U-Haul location
specified above.

In addition to bringing this matter to your attention, I have forwarded you a copy of
my July 17, 2024, letter to the Honorable Christopher Wray, FBI Director, and the
Honorable Merrick Garland, Attorney General of the United States.  In that letter, I
requested that both agencies initiate an investigation unto U-Haul Holding Company
and its subsidiaries for unlawful, racially discriminatory, cruel, and unethical
treatment of African American customers, with particular emphasis on the U-Haul
location at 5365 Jimmy Carter Blvd, Norcross, GA 30093.

I further informed you in my previous communication that I had been
contracted by news medial directors at CNN and ABC News, inviting me to
appear on their respective news programs to share my experience.





Rosenthal **BC**

Page 2 of 2
July 26, 2024
Mr. Edward J. Joe Shoen
President and CEO
U-Haul Holding Company

To date, I have not received a response from you or your administration to my July 15, 2024, request for a representative from U-Haul to contact me to discuss the egregious mistreatment I experienced at the U-Haul location on Jimmy Carter Boulevard and to outline the corrective actions your administration intends to implement to prevent similar incidents from occurring in the future.

Given the lack of response to my concerns and requests, I hereby inform you of my decision to accept both media invitations.

I await U-Haul Holding Company response to my **NOTICE OF INTENT TO FILE LAWSUIT WITH SETTLEMENT DEMAND** in a separate letter also dated July 15, 2024 with a response deadline of 5:00 P.M. Monday, July 29, 2024.

Respectfully, submitted

Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.C.
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C) 770.905.0514



PLAINTIFF'S EXHIBIT
No. 2

## Follow-up: U-Haul Racist Incident - CNN and ABC News Invitations

From: Dixon Walter (wdixon@rosenthalbc.com)

To: alyssa_espinoza@uhaul.com

Date: Friday, July 26, 2024 at 02:26 PM EDT

**FILE COPY**

Respectfully,
Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.Center
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C) 770.905.0514

CONFIDENTIALITY NOTICE: This email message (including any attachments) contains confidential and privileged information, and is for the sole and direct use of the intended recipient(s). Any unauthorized review, use, disclosure, or further dissemination of this communication without the prior permission of the sender is strictly prohibited. If you are not an intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you. Rosenthal Business Consultants, Inc.

 RBC LTR To U-Haul President Shoen CNN ABC 7-26-2024.pdf
647.7kB



PLAINTIFF'S
EXHIBIT



Rosenthal Business
Consultants, Inc.

Walter L. Dixon, Sr.
Senior Partner & Associate
In Good Standing with CAF &
NFOPA Associations
Member No. #77488605

1378 Legrand Cir.
Lawrenceville, GA 30043
www.rosenthalbc.com
wdixon@rosenthalbc.com

678.235.4878

Services

Attorney/Paralegal
Services
Employees On-Site
Motivational Seminar
Sexual Harassment
Prevention Seminar
Business Management
Corporate Legal
Research Services
Active Shooter/Active
Threat Seminar
Human Resources
Management Seminar
Corporate Distribution
& Manufacturing Risk
Management
Inspection Checklists
For General Industry
Workplace Safety
Basics Seminar
Fire Prevention &
Response Seminar
Substance Abuse for
Supervisors and
Employees
Workplace Bullying and
Violence
Hazard Perception
Challenges Slips, Trips
& Falls

RBC
Since 2013
Your Trusted
Source In Corporate and Small

July 30, 2024

**<u>Delivered By Email To Executive Administrator:</u>**
**<u>alyssa_espinoza@uhaul.com</u>**
Edward J. Joe Shoen
President and Chief Executive Officer
U-Haul Holding Company and Subsidiaries
2727 North Central Avenue.
Phoenix, AZ 85004 USA

Re: **<u>FINAL ATTEMPT TO RESOLVE</u>**

cc: **<u>News Director of Television and Financial Stock Market</u>**
**<u>Broadcasting Media Networks:</u>** CNN, ABC, CBS, NBC, Discovery, TBS,
CNBC, MSNBC, CW, FOX, PBS, DOW-JONES, NYSE, NASDAQ and
Bloomberg.

cc**<u>: United States Department of Justice (DOJ):</u>** The Honorable Merrick
Garland Attorney General of The United States.

Dear Edward Shoen,

In particular, this letter serves as a follow-up to two previous
communications sent on July 15, 2024, via email to you at your
Executive Administrator corporate email address Alyssa Espinoza, at
(alyssa_espinoza@uhaul.com).

The first letter detailed a disturbing incident of racist, disrespectful,
and cruel treatment I experienced as a customer at the U-Haul Truck
Leasing location at 5365 Jimmy Carter Blvd., Norcross, GA 30093,
on Saturday, October 7, 2023. Supporting documentation, including a
Gwinnett County Police Report marked as Plaintiff's Exhibits (4-1 and
4-2), was included with that email.

The second email also dated July 15, 2024, formally placed U-Haul on
**<u>NOTICE OF INTENT TO FILE LAWSUIT WITH</u>**
**<u>SETTLEMENT DEMAND</u>**. It requested a response by Monday, July
29, 2024, which has unfortunately passed without any communication
what so ever, from U-Haul's Legal or Executive Administration.

In a sincere effort to resolve this matter amicably and avoid litigation
costs, I am extending the deadline to respond to my Notice Of Intent
To File Lawsuit With Settlement Demand until **4:00 PM Eastern
Standard Time (EST) on Thursday, August 1, 2024**. I urge your
prompt attention to this.





Rosenthal **BC**

Page 2 of 2
July 30, 2024
Mr. Edward J. Joe Shoen
President and CEO
U-Haul Holding Company

Respectfully, submitted

Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.C.
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C)  770.905.0514



## Final attempt to resolve before litigation commence Friday, August 2, 2024

From:  Dixon Walter (wdixon@rosenthalbc.com)

To:  alyssa_espinoza@uhaul.com

Date:  Tuesday, July 30, 2024 at 05:15 PM EDT

FILE COPY

Hi Alyssa,

As discussed, please see the attached letter addressed to  Mr. Edward Shoen, U-Haul President and Chief
Executive Officer is given to him today since this letter includes a final deadline date?

**Respectfully,**
**Walter Dixon, Sr.**
**Sr. Partner & Associate**
**Admitted To: GAP & NFOPA**
**Member No.# 87748605**
**Rosenthal Business Consultants, Inc.**
**Corporate Office: A.F.Center**
**www.rosenthalbc.com**
**wdixon@rosenthalbc.com**
**(O) 678.235.4878**
**(C) 770.905.0514**

*CHRISTINE*
*602-263-6679*

① *RGS CALLED FROM GENERAL COUNSEL* 

**CONFIDENTIALITY NOTICE:** This email message (including any attachments) contains confidential and privileged information, and is for the sole and direct use of
the intended recipient(s).  Any unauthorized review, use, disclosure, or further dissemination of this communication without the prior permission of the sender
is strictly prohibited.  If you are not an intended recipient, please contact the sender by reply email and destroy all copies of the original message.  Thank you.
Rosenthal Business Consultants, Inc.

RBC Final Ltr U-Haul CEO 7-30-2024.pdf
566kB



PLAINTIFF'S
EXHIBIT

# Walt Dixon

From: Dixon Walter (wdixon@rosenthalbc.com)

To:   alyssa_espinoza@uhaul.com



Date: Tuesday, July 30, 2024 at 06:11 PM EDT

Alyssa,

I just received a call from Christine, your General Counsel. She informed me that a claim number has been assigned to my claim and an adjuster has been appointed. Christine has agreed to send me the adjuster's contact information, including his contact information phone number and email address.

As soon as I receive this information from Christine (hopefully within the next fifteen minutes), I will place a hold on proceeding with civil litigation until August 10, 2024. However, if the adjuster contacts me before then, I will place a permanent hold on the litigation until the matter is hopefully settled out of court.

**Respectfully,**
**Walter Dixon, Sr.**
**Sr. Partner & Associate**
**Admitted To: GAP & NFOPA**
**Member No.# 87748605**
**Rosenthal Business Consultants, Inc.**
**Corporate Office: A.F.Center**
**www.rosenthalbc.com**
**wdixon@rosenthalbc.com**
**(O) 678.235.4878**
**(C) 770.905.0514**

CONFIDENTIALITY NOTICE: This email message (including any attachments) contains confidential and privileged information, and is for the sole and direct use of the intended recipient(s). Any unauthorized review, use, disclosure, or further dissemination of this communication without the prior permission of the sender is strictly prohibited. If you are not an intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you. Rosenthal Business Consultants, Inc.





Rosenthal Business
Consultants, Inc.

Walter L. Dixon, Sr.
Senior Partner & Associate
In Good Standing with GAP &
NFOPA Associations.
Member No. #877488605

1378 Legrand Cir.
Lawrenceville, GA 30043
www.rosenthalbc.com
wdixon@rosenthalbc.com

678.235.4878

Services

Attorney Paralegal
Services
Employees On Site
Motivational Seminar
Sexual Harassment
Prevention Seminar
Business Management
Corporate Legal
Research Services
Active Shooter/Active
Threat Seminar
Human Resources
Management Seminar
Corporate Distribution
& Manufacturing Risk
Management
Inspection Checklists
For General Industry
Workplace Safety
Basics Seminar
Fire Prevention &
Response Seminar
Substance Abuse for
Supervisors and
Employees
Workplace Bullying and
Violence
Hazard Perception
Challenges Slips, Trips
& Falls

RBC
Since 2013
Your Trusted
Source in Corporate and Small
Business Consulting

July 31, 2024

FILE COPY

**<u>Delivered By Email To Executive Administrator</u>
<u>alyssa_espinoza@uhaul.com</u>**
Kristine Campbell
General Counsel
U-Haul Holding Company
2727 North Central Avenue.
Phoenix, AZ 85004 USA

Re: <u>**Claim Against U-Haul Holding Company – Contact Information**</u>

cc: **Edward Shoen, President and CEO of U-Haul Holding Company**

cc: <u>**News Director of Television and Financial Stock Market
Broadcasting Media Networks:**</u> CNN, ABC, CBS, NBC, Discovery, TBS,
CNBC, MSNBC, CW, FOX, PBS, DOW-JONES, NYSE,      NASDAQ,
Bloomberg and New Times.

cc: <u>**United States Department of Justice (DOJ):**</u> The Honorable Merrick
Garland Attorney General of The United States.

Dear Kristine,

Thank you for confirming our conversation yesterday regarding my
claim filed against U-Haul Holding Company and Subsidiaries. As
agreed, to facilitate an amicable resolution, you agreed to provide
your contact information and the adjuster assigned to this case.

As outlined in my July 15, 2024, letter to Edward Shoen, President
and CEO of U-Haul Holding Company, I'm committed to resolving
this claim, if possible, outside of court litigation. I trust you will
provide the requested contact information today.

Once I receive this information, I'm willing to temporarily suspend
further litigation efforts assuming we make progress towards a swift
resolution. Rest assure counsel, I will only contact the adjuster if he
initiates communication requiring me to do so.

For your reference, my preferred contact information is as follows:

- Email: wdixon@rosenthalbc.com
- Office: 678-235-4878
- Cell: 770-905-0514
- Mailing Address: 1378 Legrand Circle, Lawrenceville, GA
30043.



PLAINTIFF'S
EXHIBIT
13



Rosenthal **BC**

Page 2 of 2
July 31, 2024
Kristine Campbell
General Counsel
U-Haul Holding Company

**Thank you for your cooperation.**

Respectfully, submitted

Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.C.
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C)  770.905.0514



PLAINTIFF'S EXHIBIT
13.2

## Claim Against U-Haul Holding Company-Contact Information

From: Dixon Walter (wdixon@rosenthalbc.com)

To: alyssa_espinoza@uhaul.com

Date: Wednesday, July 31, 2024 at 10:24 AM EDT

FILE COPY

Good morning Alyssa,

Please make sure Kristine Campbell your General Counsel receives the original attachment and I have submitted Edward his cc- copy as well.

As always thanks!


Respectfully,
Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.Center
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C) 770.905.0514


CONFIDENTIALITY NOTICE: This email message (including any attachments) contains confidential and privileged information, and is for the sole and direct use of the intended recipient(s). Any unauthorized review, use, disclosure, or further dissemination of this communication without the prior permission of the sender is strictly prohibited. If you are not an intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you. Rosenthal Business Consultants, Inc.

 RBC Ltr U-Haul Kristine Campbell GC 7-31-2024.pdf
1.1MB





August 2, 2024

**Delivered By Email To Executive Administrator:**
**alyssa_espinoza@uhaul.com**
Kristine Campbell
General Counsel
U-Haul Holding Company
2727 North Central Avenue.
Phoenix, AZ 85004 USA



Re: **Second and Final Request for Contact Information**

cc: **Edward Shoen, President and CEO of U-Haul Holding Company**

cc: **News Director of Television and Financial Stock Market Broadcasting Media Networks:** CNN, ABC, CBS, NBC, Discovery, TBS, CNBC, MSNBC, CW, FOX, PBS, DOW-JONES, NYSE,    NASDAQ, Bloomberg and New Times.

cc: **United States Department of Justice (DOJ):** The Honorable Merrick Garland Attorney General of The United States.

Dear General Counsel Campbell,

I am writing to follow up on our phone conversation on July 30, 2024. As of today, I have not received the requested contact information, claim number, or assigned adjuster contact information. Please forward this information promptly so that I can communicate directly with you, or the adjuster as needed.

As a reminder, of my July 15, 2024, and July 26, 2024, letters to Mr. Edward Shoen, President and CEO of U-Haul Holding Company, detailed the racially charged and discriminatory treatment I experienced at the hands of Assistant Manager Andrea at the U-Haul location at 5365 Jimmy Carter Blvd, Norcross, GA, on Saturday, October 7, 2023.

I have accepted invitations from both CNN and ABC News to share my experience live on their news programs. One of the news media outlets has scheduled a taping date for this month. Please note, I have secured two witnesses that will be at both news segments to corroborate my account.

I look forward to your prompt response





BC

Page 2 of 2
August 2, 2024
Kristine Campbell
General Counsel
U-Haul Holding Company


Sincerely,

Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.C.
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C) 770.905.0514





Rosenthal Business
Consultants, Inc.

Walter L. Dixon, Sr.
Senior Partner & Associate
In Good Standing with GAP &
NFOPA Associations
Member No. #877488605

1378 Legrand Cir.
Lawrenceville, GA 30043
www.rosenthalbc.com
wdixon@rosenthalbc.com

678.235.4878

Services

➤ Attorney Paralegal
  Services
➤ Employees On-Site
➤ Motivational Seminar
➤ Sexual Harassment
  Prevention Seminar
➤ Business Management
➤ Corporate Legal
  Research Services
➤ Active Shooter/Active
  Threat Seminar
➤ Human Resources
  Management Seminar
➤ Corporate, Distribution,
  & Manufacturing Risk
  Management
➤ Inspection Checklists
  For General Industry
➤ Workplace Safety
  Basics Seminar
➤ Fire Prevention &
  Response Seminar
➤ Substance Abuse for
  Supervisors and
  Employees
➤ Workplace Bullying and
  Violence
➤ Hazard Perception
  Challenges Slips, Trips
  & Falls

RBC
Since 2013
Your Trusted
Source In Corporate and Small

August 6, 2024

**Delivered By Email To Executive Administrator:**
**alyssa_espinoza@uhaul.com**
Kristine Campbell
General Counsel
U-Haul Holding Company
2727 North Central Avenue
Phoenix, AZ 85004 USA



Re: Communication With Mike Larsen Insurance Adjuster Today

cc: **Edward Shoen, President and CEO of U-Haul Holding Company**

cc: **News Director of Television and Financial Stock Market Broadcasting Media Networks:** CNN, ABC, CBS, NBC, Discovery, TBS, CNBC, MSNBC, CW, FOX, PBS, DOW-JONES, NYSE,      NASDAQ, Bloomberg and New Times.

cc: **United States Department of Justice (DOJ):** The Honorable Merrick Garland Attorney General of The United States.

Dear General Counsel Kristine,

Please be advised that I have received communication from Mr. Mike Larsen, insurance adjuster assigned to my claim against U-Haul Holding Company. The claim arises from alleged tortious conduct, including but not limited to, racial discrimination, hostile environment, and intentional infliction of emotional distress perpetrated by your employee, "Andrea," assistant manager, to African American customers at the U-Haul Truck Leasing facility located at 5365 Jimmy Carter Blvd., Norcross, Georgia 30093, on October 7, 2024.

Mr. Larsen indicated that his purpose in contacting me was to gather information and hear my account of the events described in my claim letter dated July 15, 2024, which was addressed to Mr. Edward Joe Shoen, President and Chief Executive Officer of U-Haul. Kristine, for the record, I note that you have not provided your contact information nor Mike Larsen as requested in my aforementioned letter.

I anticipate receiving further communication from Mr. Larsen or yourself regarding U-Haul's intent to pursue a non-litigation resolution of this matter prior to the extended deadline. As discussed with Mr. Larsen, I am amenable to delaying temporarily my planned media engagement provided that substantive progress is made toward settling this claim.

Additionally,





Page 2 of 2
August 6, 2024
Kristine Campbell
General Counsel
U-Haul Holding Company

please be informed that I have received a second communication from the Department of Justice.

Respectfully,

Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.C.
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C) 770.905.0514



PLAINTIFF'S EXHIBIT
15, 2



**INSURANCE COMPANY**

www.repwest.com

August 6, 2024

Walter Dixon
1378 Legrand Circle
Lawrenceville, GA 30043

FILE COPY

RE:  Claim Number:    03600994-2023
     Date of Loss:      October 7, 2023
     Reported Date:    July 18, 2024

Dear Walter Dixon:

This will acknowledge your notice of loss and  Repwest Insurance Company handles claims on behalf of U-Haul. Your claim is being assigned for investigation into the facts and circumstances of the loss and handling to:

Michael Larsen | Litigation Adjuster
PO Box 24463 Phoenix, AZ 85074
(833) 228-0632 x543423 | mblarsen@repwest.com

Please provide Repwest with any claim supports that you may have to support your claim that may include audio files, written statements, photos and/or video.

If you intend to send documents or other materials in support of your claim, please include your claim number located at the top of this page on all communications, including electronic communications. Supports can be uploaded at www.repwest.com/Claims/Upload.

Sincerely,

**Repwest Insurance Company**

**\*Please be advised that the statute of limitations for bodily injury claims for persons that are not minors in the State of Georgia is 2 years from the date of the accident. The statute of limitations for property damage claims is 4 years from the date of the occurrence. If we do not settle your claim within these periods, you must file a lawsuit to protect your interests.**



PLAINTIFF'S
EXHIBIT
16

*Notice: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects a person to criminal and civil penalties. The lack of statement as required above does not constitute defense in any prosecution for a fraudulent insurance act.*

Re: Dixon vs. U-Haul Holding Company Plaintiff's Partial Exhibits and Evidence List

From: Michael Larsen (mblarsen@repwest.com)

To: wdixon@rosenthalbc.com

Cc: alyssa_espinoza@uhaul.com

Date: Friday, August 16, 2024 at 01:56 PM EDT

FILE COPY

Hello Mr. Dixon,

Thank you for providing us with your Partial Exhibit & Evidence List.

According to your prior correspondence, you have allowed U-Haul until Monday August 19th @ 5pm to reach settlement and given your disclosure of new information we ask that you kindly provide us with copies of your evidence so that we can consider it.

I will await your written response.

Respectfully,
Mike Larsen
Repwest



---

**From:** Dixon Walter <wdixon@rosenthalbc.com>
**Sent:** Friday, August 16, 2024 8:02 AM
**To:** Michael Larsen <mblarsen@repwest.com>
**Cc:** Alyssa Espinoza <alyssa_espinoza@uhaul.com>
**Subject:** Dixon vs. U-Haul Holding Company Plaintiff's Partial Exhibits and Evidence List

> **CAUTION:** This email came from an external sender. Do not click **links** or **attachments** unless you know the sender and the content is safe.

### Dixon vs. U-Haul Holding Company Plaintiff's Partial Exhibits and Evidence List

#### Exhibits

1. Plaintiff's letter to Defendant U-Haul, Edward J. Shoen, Chairman of the Board, Chief Executive Officer, and President, dated July 15, 2024, regarding the incident of October 7, 2023.
2. Plaintiff's copy of Defendant's U-Haul contract #17110755, dated October 7, 2023.
3. Plaintiff's Gwinnett County, Georgia Police report, dated October 7, 2023.
4. Plaintiff's letter to Defendant U-Haul, Edward J. Shoen, Chairman of the Board, Chief Executive Officer, and President, dated July 17, 2024, stipulating corrections and amendments to Plaintiff's letter to U-Haul, dated July 15, 2024.
5. Plaintiff's letter to U-Haul, Edward J. Shoen, Chairman of the Board, Chief Executive Officer, and President, dated July 18, 2024, stipulating corrections and amendments to **Plaintiff's NOTICE OF INTENT TO FILE LAWSUIT WITH SETTLEMENT DEMAND letter of July 15, 2024.**



Reseller Buyers
Consultants, inc.

Water L. Dixon, Sr.
Senior Partner & Associate
in Good Standing with Paid &
ACFA Association
Member No. 157420123

RBC Corporate
Lawrenceville, GA 3004
waterwithdixon
wfdixon@rbilliate.com

877.235.4058

Services

•   Abuse Control /
    Saving
•   Employment Life
    Retirement Saving
•   Guardianship or
    Pension Saving
•   Excess Resource
    Disposing
•   Reconciliation
    Administration
    Facilitation
•   Loss Recover
•   Temporary Control
    Corporate Disposal
    & Liquidation Tac
    Management
•   Individual Corporate
    Tax Accountancy
•   Work Incentive
    Consultant
•   Tax Provision &
    Expense Control
•   Corporate Asset or
    Legal Holder &
    Employee
•   Profit Administration
    Control
•   Asset Tracker
    Exchange Marking
    Setup
•   RBG
•   Sure USA
•   Site Trusted
    Site or Trust Customer Read

August 6, 2024

**Delivered By Email To Executive Administrator:**
**alyssa_espinoza@uhaul.com**
Kristine Campbell
General Counsel
U-Haul Holding Company
2727 North Central Avenue.
Phoenix, AZ 85004 USA

Re: Communication With Mike Larsen Insurance Adjuster Today

cc:  **Edward Shoen, President and CEO of U-Haul Holding Company**

cc: **News Director of Television and Financial Stock Market Broadcasting Media Networks:** CNN, ABC, CBS, NBC, Discovery, TBS, CNBC, MSNBC, CW, FOX, PBS, DOW-JONES, NYSE,      NASDAQ, Bloomberg and New Times.

cc: **United States Department of Justice (DOJ):** The Honorable Merrick Garland Attorney General of The United States.

Dear General Counsel Kristine,

Please be advised that I have received communication from Mr. Mike Larsen, insurance adjuster assigned to my claim against U-Haul Holding Company. The claim arises from alleged tortious conduct, including but not limited to, racial discrimination, hostile environment, and intentional infliction of emotional distress perpetrated by your employee, "Andrea," assistant manager, to African American customers at the U-Haul Truck Leasing facility located at 5365 Jimmy Carter Blvd., Norcross, Georgia 30093, on October 7, 2024.

Mr. Larsen indicated that his purpose in contacting me was to gather information and hear my account of the events described in my claim letter dated July 15, 2024, which was addressed to Mr. Edward Joe Shoen, President and Chief Executive Officer of U-Haul. Kristine, for the record, I note that you have not provided your contact information nor Mike Larsen as requested in my aforementioned letter.

I anticipate receiving further communication from Mr. Larsen or yourself regarding U-Haul's intent to pursue a non-litigation resolution of this matter prior to the extended deadline.  As discussed with Mr. Larsen, I am amenable to delaying temporarily my planned media engagement provided that substantive progress is made toward settling this claim.

Additionally,





BC

Page 2 of 2
August 6, 2024
Kristine Campbell
General Counsel
U-Haul Holding Company


please be informed that I have received a second communication from the Department of Justice.


Respectfully,

Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.C.
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C) 770.905.0514





**Rosenthal Business
Consultants, Inc.**

Walter L. Dixon, Sr.
Senior Partner & Associate
In Good Standing with GAP &
NFOPA Associations
Member No.#877488605

1378 Legrand Cir.
Lawrenceville, GA 30043
www.rosenthalbc.com
wdixon@rosenthalbc.com

# 678.235.4878

## Services

➢ Attorney Paralegal
  Services
➢ Employees On-Site
  Motivational Seminar
➢ Sexual Harassment
  Prevention Seminar
➢ Business Management
➢ Corporate Legal
  Research Services
➢ Active Shooter/Active
  Threat Seminar
➢ Human Resources
  Management Seminar
➢ Corporate, Distribution,
  & Manufacturing Risk
  Management
➢ Inspection Checklists
  For General Industry
➢ Workplace Safety
  Basics Seminar
➢ Fire Prevention &
  Response Seminar
➢ Substance Abuse for
  Supervisors and
  Employees
➢ Workplace Bullying and
  Violence
➢ Hazard Perception
  Challenges Slips, Trips
  & Falls

*RBC*

*Since 2013*

*Your Trusted*

*Source In Corporate and Small*

*Business Consulting*

August 6, 2024

**Delivered By Email**
Michael Larsen
Litigation Adjuster
Repwest Insurance Company
PO Box 24463
Phoenix, AZ 85074 USA

Re: Dixon vs U-Haul Holding Company
Claim Number# 0300994-2023

cc: **Edward Shoen, President and CEO of U-Haul Holding Company**

cc**: United States Department of Justice (DOJ):** The Honorable Merrick
Garland Attorney General of The United States.

Dear Michael,

I am forwarding you all correspondence sent to U-Haul Holding
Company detailing the racist, disrespectful, and cruel treatment I
endured on October 7, 2024, as an African American customer at the
U-Haul Truck Leasing location at 5365 Jimmy Carter Blvd., Norcross,
GA 30093.

I am deeply disappointed by the lack of communication from U-
Haul's Executive Branch, particularly the General Counsel's Office.
To expedite this matter, please be advised that no further extensions
will be granted for an out-of-court settlement beyond the established
deadline.

I have recently been contacted by a representative from the
Department of Justice in Washington, D.C. It appears that the "DOJ"
has received numerous complaints from consumers alleging
deplorable, unethical, and immoral behavior from U-Haul
management towards minority customers, especially African
Americans.

Given the severity of these issues, I am considering filing a lawsuit in
both Gwinnett County, Georgia Superior Court and the U.S. District
Court for the Northern District of Georgia for civil rights violations. I
believe this case may warrant class action status, allowing other
affected customers to join as plaintiffs.





**Rosenthal BC**

Page 2 of 2
August 6, 2024
Michael Larsen
Litigation Adjuster
RepWest Insurance Company
Claim Number# 03600994-2023


Respectfully,
Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.C.
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C)  770.905.0514





Rosenthal Business
Consultants Inc.

Walter L. Dixon, Sr.
Senior Partner & Associate
In Good Standing with GAP &
NFOPA Associations
Member No.#87748860 5

1376 Legrand Cir.
Lawrenceville, GA 30043
www.rosenthalbc.com
wdixon@rosenthalbc.com

678.235.4878

Services

Attorney/Paralegal
Services
Employees On-Site
Motivational Seminar
Sexual Harassment
Prevention Seminar
Business Management
Corporate Legal
Research Services
Active Shooter/Active
Threat Seminar
Human Resources
Management Seminar
Corporate Distribution
& Manufacturing Risk
Management
Inspection Checklists
For General Industry
Workplace Safety
Basics Seminar
Fire Prevention &
Response Seminar
Substance Abuse for
Supervisors and
Employee
Workplace Bullying and
Violence
Hazard Perception
Challenges Slips, Trips
& Falls

RBC
Since 2013
Your Trusted
Source In Corporate and Small
Business Consulting

August 8, 2024

## FILE COPY

**Delivered By Email**
Michael Larsen
Litigation Adjuster
RepWest Insurance Company
PO Box 24463
Phoenix, AZ 85074 USA

Re: Dixon vs U-Haul Holding Company
U.S. House and U.S. Senate Judiciary Committees "Civil Rights Violations"
Claim Number# 0300994-2023

cc: **Edward Shoen, President and CEO of U-Haul Holding Company**

cc: **United States Department of Justice (DOJ):** The Honorable Merrick
Garland Attorney General of The United States.

Dear Michael,

Please be advised that I have just been contacted by a source from the
Department of Justice. They have inquired if invited, would I be
willing to appear before the U.S. House Judiciary and U.S. Senate
Judiciary Committees regarding my deployable experience on
Saturday, October 7, 2023, and share that experience as an African
American citizen of the United States and a former U-Haul customer.

I believe this opportunity arose due to a news media inquiry about my
upcoming segment. It appears the reporter contacted his source at the
DOJ, unaware a potential DOJ investigation into U-Haul based on
numerous complaints, primarily from African American customers,
regarding racist behavior by managers and employees at U-Haul
Truck Leasing locations across the United States.

I have informed the reporter that I will provide a response by Monday,
August 26, 2024. Given the unexpected nature of this development, I
wanted to keep you informed. It's surprising how quickly this matter
has escalated.

Respectfully,

Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.C.
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C)  770.905.0514



PLAINTIFF'S
EXHIBIT
28


(/)

PRODUCTS (/PRODUCTS)

REPORT FRAUD (/SIU)

ABOUT (/CONTACT)

FILE A CLAIM (/CLAIMS)

# Claim Number: 03600994-2023

## Files Successfully Sent

rbc dixon vs u-haul u.s. house and senate.pdf    ✓

UPLOAD MORE



8/8/24, 2:20 PM  Yahoo Mail - Dixon vs U-Haul Holding Company - U.S. House and U.S. Senate Judiciary Committees "Civil Rights Violations" Claim ...

Case 2:24-cv-02015-WBV Document 42 Filed 05/27/25 Page 102 of 135

about:blank 1/1

## Dixon vs U-Haul Holding Company - U.S. House and U.S. Senate Judiciary Committees "Civil Rights Violations" Claim Number# 0300994-2023

From: Dixon Walter (wdixon@rosenthalbc.com)

To: mblarsen@repwest.com

Cc: alyssa_espinoza@uhaul.com

Date: Thursday, August 8, 2024 at 02:19 PM EDT

Hi Michael,

See attached.

Respectfully,
Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.Center
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C) 770.905.0514

CONFIDENTIALITY NOTICE: This email message (including any attachments) contains confidential and privileged information, and is for the sole and direct use of the intended recipient(s). Any unauthorized review, use, disclosure, or further dissemination of this communication without the prior permission of the sender is strictly prohibited. If you are not an intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you. Rosenthal Business Consultants, Inc.

 RBC Dixon vs U-Haul U.S. House and Senate.pdf
429.2kB





August 12, 2024

Delivered by email to: alyssa_espinoza@uhaul.com
Executive Administrator
Edward J. Joe Shoen
President and Chief Executive Officer
U-Haul Holding Company
2727 North Central Avenue
Phoenix AZ 85004 USA

Re: **Dixon vs U-Haul Holding Company Extension of Timeframe To Respond. Claim Number# 0300994-2023**

cc: **Michael Larsen-Litigation Adjuster Repwest Insurance Company**

cc: **United States Department of Justice (DOJ):** The Honorable Merrick Garland Attorney General of The United States.

cc: **News Director of Television and Financial Stock Market Broadcasting Media Networks:** CNN, ABC, CBS, NBC, Discovery, TBS, CNBC, MSNBC, CW, FOX, PBS, DOW-JONES, NYSE,    NASDAQ, Bloomberg and New Times

Dear Mr. Shoen,

 As a follow-up to my July 15, 2024, letter to Edward Shoen, Chief Executive Officer and President of U-Haul Holding Company regarding the racist, disrespectful, and cruel treatment I suffered and experienced at the hands of U-Haul employee "Andrea" at the 5365 Jimmy Carter Blvd., Norcross, GA 30093 location on October 7, 2023, I am writing to provide a final extension of the timeframe for resolution of my claim.

As you are aware, I have previously extended the deadline to August 1, 2024. Considering Michael Larsen recent appointment as claim adjuster on behalf of U-Haul on August 6, 2024, I am granting a final extension until Monday, August 19, 2024.

To facilitate a swift and equitable resolution, I would like a formal apology, financial compensation as stipulated in my July 15, 2024 letter, employee termination of "Andrea" and a change in U-Haul Holding Company policy involving customer relations and customer service.

As you are aware, I have shared details of this incident with several government agencies, news outlets and Non - Profits Civil Rights Organizations who have expressed interest in my situation.





BC

Page 2 of 2
August 12, 2024
Edward Joe Shoen
President and CEO
U-Haul Holding Company


To fulfill my obligations with the news outlets and to meet their reporting deadlines, I must initiate legal action if substantial progress toward resolving this claim is not made by Monday, August 19, 2024, or on Tuesday, August 20, 2024. I will be left with no choice, except to file lawsuits for malicious negligence with intent, malice with intent, and violation of my civil rights seeking a jury trial in Gwinnett County Superior Court and Federal Court for unspecified damages.

It is my sincere hope that this extended timeframe will provide an opportunity to reach a satisfactory resolution.


Respectfully,

Walter Dixon, Sr.
Sr. Partner & Associate
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.C.
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C)  770.905.0514



PLAINTIFF'S
EXHIBIT
22

8/12/24, 6:57 PM Yahoo Mail - Dixon vs U-Haul Holding Company Extension of Timeframe To Respond.

Case 1:25-cv-02910-MLB Document 1-2 Filed 05/27/25 Page 105 of 135

## Dixon vs U-Haul Holding Company Extension of Timeframe To Respond.

From: Dixon Walter (wdixon@rosenthalbc.com)

To: alyssa_espinoza@uhaul.com

Cc: mblarsen@repwest.com

Date: Monday, August 12, 2024 at 06:56 PM EDT

Alyssa,

Please forward this to Mr. Edward Shoen?

**Respectfully,**
**Walter Dixon, Sr.**
**Sr. Partner & Associate**
**Admitted To: GAP & NFOPA**
**Member No.# 87748605**
**Rosenthal Business Consultants, Inc.**
**Corporate Office: A.F.Center**
**www.rosenthalbc.com**
**wdixon@rosenthalbc.com**
**(O) 678.235.4878**
**(C) 770.905.0514**

CONFIDENTIALITY NOTICE: This email message (including any attachments) contains confidential and privileged information, and is for the sole and direct use of the intended recipient(s). Any unauthorized review, use, disclosure, or further dissemination of this communication without the prior permission of the sender is strictly prohibited. If you are not an intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you. Rosenthal Business Consultants, Inc.

 Walt final letter to U-haul 8-12-2024 -01.pdf
639.2kB





**Rosenthal Business Consultants, Inc.**

Walter L. Dixon, Sr.
Senior Paralegal  Litigator
In Good Standing with GAP &
NFOPA Associations
Member No.#877488605

1378 Legrand Cir.
Lawrenceville, GA 30043
www.rosenthalbc.com
wdixon@rosenthalbc.com

# 678.235.4878

## Services

➢ Attorney Paralegal
   Services
➢ Employees On-Site
   Motivational Seminar
➢ Sexual Harassment
   Prevention Seminar
➢ Business Management
➢ Corporate Legal
   Research Services
➢ Active Shooter/Active
   Threat Seminar
➢ Human Resources
   Management Seminar
➢ Corporate, Distribution,
   & Manufacturing Risk
   Management
➢ Inspection Checklists
   For General Industry
➢ Workplace Safety
   Basics Seminar
➢ Fire Prevention &
   Response Seminar
➢ Substance Abuse for
   Supervisors and
   Employees
➢ Workplace Bullying and
   Violence
➢ Hazard Perception
   Challenges Slips, Trips
   & Falls

   *RBC*

   *Since 2013*

   *Your Trusted*

*Source In Corporate and Small*
*Business Consulting*

August 14, 2024

**Delivered By Email**
Michael Larsen
Litigation Adjuster
mblarsen@repwest.com
RepWest Insurance Company
PO Box 24463
Phoenix, AZ 85074 USA

Re: Dixon vs U-Haul Holding Company
Claim Number# 0300994-2023

cc:  **Edward Shoen, President and CEO of U-Haul Holding Company**

cc**: United States Department of Justice (DOJ):** The Honorable Merrick
Garland Attorney General of The United States.

Dear Michael,

This letter amends my August 12, 2024, letter to Mr. Edward Joe
Shoen, President and Chief Executive Officer of U-Haul Holding
Company.

I am adding a claim for monetary damages due to the negligence of U-
Haul employee "Andrea" during the deliberation process to both the
State and Federal lawsuits.

I have retained one of Georgia's largest law firms, to initiate the filing
of both lawsuits on Tuesday, August 20, 2024. Effective 12:01 A.M.
on August 20, 2024, this firm will serve as my legal representative. I
will provide the firm's name and lead counsel's information to U-
Haul Holding Company General Counsel of record and to Edward
Shoen.

Respectfully,
Walter Dixon, Sr.
Sr. Associate & Chief Paralegal Litigator
Admitted To: GAP & NFOPA
Member No.# 87748605
Rosenthal Business Consultants, Inc.
Corporate Office: A.F.C.
www.rosenthalbc.com
wdixon@rosenthalbc.com
(O) 678.235.4878
(C)  770.905.0514



PLAINTIFF'S EXHIBIT
22





U-Haul International, Inc., 2727 N. Central Ave., Phoenix, AZ 85004

April 21, 2025

Walter Dixon
PO Box 464512
Lawrenceville, GA 30042

Dear Mr. Dixon,

I reviewed your letter dated April 11, 2025 regarding an incident at a U-Haul store on October 7, 2023.

For starters, I extend my apology. Good manners are free. Everyone can have them. No one has a good excuse for acting otherwise.

As a merchant, U-Haul should take the lead in displaying good manners. This does not appear to have been the case at the U-Haul store that day. To the best of my recollection this is my first notice of the exchange between you and Andrea that day. I do not believe Andrea works at U-Haul any longer so please accept my belated apology on her behalf.

Like yourself, I am a "senior". In my case, I am 76 years old. The conflict and friction in society disappoints me and wear me out. Ending an exchange with "fuck off" was unthinkable in my early years, today it punctuates too many exchanges.

I have worked in U-Haul for most of my adult life. I am generally very proud of how we help Americans move. I quickly found four times you have patronized U-Haul. I thank you. This is how I make my living.

Should you need U-Haul services in the future, please text me at 602-390-6525 and I will try to extend to you the courtesy you deserve.

Thank you for giving me the chance to address this matter.

Sincerely,

Joe Shoen
Chairman

PLAINTIFF'S
EXHIBIT
23

*Moving Made Easier* SM



**Rosenthal BC Inc.**
**Legal Service Department**

Walter L. Dixon, Sr.
Senior Paralegal Litigator
GAP & NFOPA
Member No.# 87748605
Services For Attorney Only
P. O. Box 464512
Lawrenceville, GA 30042

EIN# 46-2624706
D-U-N-S 07-9308668

Office: 678.235.4878
Cell:   770.905.0514
wdixon@rosenthalbc.net

➤ Paralegal Services For
   Attorney Only
➤ Attorney & Consumer
   Workplace Investigative
   EEOC Complaint
➤ Case Law Legal
   Research Attorney Only
➤ Sexual Harassment
   Prevention Seminar
➤ Business Management
➤ Court Room Case Jury
   Analysis Attorney Only
➤ Active Shooter/Active
   Threat Seminar
➤ Human Resources
   Management Seminar
➤ Corporate, Distribution,
   & Manufacturing Risk
   Management Seminar
➤ Attorney's Client
   Detention Center Visit
➤ Workplace Safety
   Basics Seminar
➤ Employees On-Site
   Motivation Seminar
➤ Workplace Bullying and
   Violences
   **RBC**
   *Since 2013*





April 11, 2025

**VIA USPS CERTIFIED MAIL 70150640000228890929 AND
ELECTRONIC MAIL**
Alyssa_espinoza@uhaul.com Corporate Executive Secretary

Edward J. Joe Shoen
Chairman, President and Chief Executive Officer
U-Haul Holding Company
2727 North Central Avenue
Phoenix, AZ 85004 USA

**RE: NOTICE OF LEGAL ACTION AND DEMAND FOR
IMMEDIATE SETTLEMENT - Walter Dixon v. U-Haul
Corporation**

Dear Mr. Shoen,

This firm represents Walter Dixon, who was subjected to a series of
unlawful and reprehensible acts by your employee, Andrea, at the U-
Haul location at 5365 Jimmy Carter Blvd., Norcross, GA 30093, on
October 7, 2023. This letter constitutes a formal demand for
settlement prior to the commencement of rigorous legal proceedings.

Our client, a loyal U-Haul customer for over 25 years, returned a
rental truck under contract #17110755 at approximately 10:38 a.m. on
the aforementioned date. Upon entering the premises, our client was
subjected to a torrent of racially charged and abusive language by an
employee identifying herself as "Andrea," the assistant manager.

Specifically, Andrea, in a flagrant violation of basic human decency
and company policy, responded to our client's polite greeting with a
vitriolic outburst, stating, "Don't be calling me darling, I don't like
that, and don't you ever call me that no damn more." Further, she
escalated her verbal assault by uttering the racially charged epithet,
"you damn black niggers always trying to be so damn slick." When
confronted about her reprehensible conduct, Andrea defiantly stated
that she could "say any damn thing she want to" and threatened to ban
our client from the premises.

The conduct of your employee, Andrea, represents a clear and
unequivocal violation of Mr. Dixon's civil rights, specifically
protected under both federal and state laws. Her use of racial slurs,
coupled with her aggressive and abusive behavior, constitutes
intentional discrimination and harassment. Further, her actions-



Rosenthal P.C.

Mr. Edward J. Shoen
U-Haul Corporation
April 11, 2025
Page 2 of 3

demonstrate a blatant disregard for the standards of professional conduct and the duty of care owed to customers.

The client, a 71-year-old individual, was subjected to extreme emotional distress, humiliation, and a profound sense of violation. Due to the severity of Andrea's actions and the palpable threat posed, our client was compelled to contact the Gwinnett County Police Department's 911 emergency line.

Responding to the call, Officer J.M. Cray arrived at the scene. His investigation confirmed that Andrea did not deny the statements attributed to her, merely asserting that she preferred to be addressed by her given name. Officer Cray's report, a copy of which is attached as Plaintiff's Exhibit A, details the incident and underscores the severity of Andrea's misconduct. Officer Cray further advised our client to seek legal counsel, stating that he has responded to multiple calls regarding this employee, and location.

Furthermore, upon the client's request for a copy of notes Andrea was making on his file, she responded by yelling "fuck off."

The attached police report, along with witness testimony, provides incontrovertible evidence of Andrea's unlawful conduct. Your corporation's subsequent actions, including the dismissive response from your General Counsel and the denial of the claim by Repwest Insurance Company, reveal a pattern of corporate malfeasance and a deliberate attempt to shield your company from liability.

Our firm's independent investigation, leveraging judicial system legal databases, has revealed a disturbing pattern of civil rights violations by U-Haul, as evidenced by prior lawsuits filed and settled. This history underscores a systemic failure to address and rectify discriminatory practices within your organization.

Mr. Dixon has suffered significant emotional and psychological harm, including but not limited to, severe anxiety, insomnia, and profound emotional distress. These damages are a direct result of the unlawful and malicious actions of your employee.

**DEMAND FOR SETTLEMENT AND NOTICE OF PUNITIVE DAMAGES:**

U-Haul Corporation is hereby demanded to pay $450,000.00 in settlement of Mr. Dixon's claims, which include:

- Negligence in hiring, training, and supervision of employees.
- Intentional infliction of emotional distress through racially motivated harassment.
- Violation of Mr. Dixon's civil rights under applicable federal and state statutes.
- Demand for punitive damages due to the malicious and egregious nature of the conduct.



PLAINTIFF'S EXHIBIT
2.5



Rosenthal BC

Mr. Edward J. Shoen
U-Haul Corporation
April 11, 2025
Page 3 of 3

Failure to reach a settlement agreement by April 25, 2025, will compel us to file a lawsuit seeking substantial compensatory and punitive damages. We will pursue all available legal avenues to ensure justice for Mr. Dixon, including but not limited to, discovery, depositions, and a jury trial.

**YOUR FAILURE TO RESPOND ADEQUATELY WILL BE CONSTRUED AS AN ADMISSION OF LIABILITY AND A WILLINGNESS TO ENGAGE IN COSTLY AND PROTRACTED LITIGATION.**

Respectfully,

Walter Dixon, Sr.
Senior Associate
wdixon@rosenthalbc.net
Admitted To: GAP & NFOPA
Member No. 87748605
P.O. Box 464512
Lawrenceville, GA 30042
(O) 678.225.4878
(C) 770.905.0514



**U-HAUL** ® Equipment Contract

**In-Town Rental (Out)**

**Contract No:** 17110755
Saturday, October 7, 2023 8:07 AM

**Equipment:**
DC 5938G
KO 8405L

**Dispatched From:** 863067
**Safe-Protection:** (YES)

**Roadside Assistance:**



**U-Haul App**

**Customer Name:**
Walter Dixon
1378 legrand cir
LAWRENCEVILLE, GA 30043

(770) 905-0514
DL xxxx0326, GA 0926
walterleedixon
@gmail.com

**Renting Location:**
U-HAUL MOVING & STORAGE AT JIMMY
CARTER - (863067)
5365 JIMMY CARTER BLVD
NORCROSS, GA 30093
(770) 447-5017

**Authorized Driver(s):** Walter Dixon

**Rental Out Date/Time:**
10/7/2023 8:07 AM

**Rental Due Date/Time:**
10/7/2023 2:00 PM

If you return after store hours please verify your equipment
return on your mobile device using the U-Haul App. Or you can
choose to have a U-Haul Representative verify it for you the next
business day. There is a $20.00 convenience fee for this option.

- Failure to return the equipment by the Rental Due time may result in additional charges.

| Equipment | MI Out | MI Rate | MI Charge | Coverage | Rental Rate | Rental Charge | Estimated Charges |
|---|---|---|---|---|---|---|---|
| DC5938G | 125280.0 | $0.99 x 40.00 | $39.60 | Safe Move: $15.00 | $29.95 | $29.95 | $84.55 |
| AE5R111-AZ | | | | | | | |
| Appliance Dolly: 0000KO 8405L | | | | | $10.00 | $10.00 | $10.00 |

REGULAR CHECK-IN - EMAIL ON FILE
**Fuel Tank Capacity:** 40 Gallons

| E | ⅛ | ¼ | ⅜ | ½ | ⅝ | ¾ | ⅞ | F |
|---|---|---|---|---|---|---|---|---|

33.1 31.1 29.1 26.7 23.1 21.4 18.7 16.1 13.1 10.8 9.1 7.2 5.5 3.3 1.4

Estimated Gallons needed to return to dispatched level of 15/16

**Card Type:** **Account:** **Type:** **Ref No:** **Approved:**
MASTERCARD XXXX-XXXX-XXXX-2028 PREAUTH 328014213356 01831B
The bank has placed a HOLD for 101.29 on your account. This hold may appear on your
statement. U-Haul will not charge/credit your card until you return the equipment and your
rental charges are calculated. If the actual rental charges exceed the held amount, or if your
rental is extended, U-Haul may charge the original amount and authorize a second amount
for the estimated balance.
**Entry Method:** CHIP **Application Label:** **Merchant ID:** **Term ID:** 012
MASTERCARD 4445022905406
AID: A0000000041010 TVR: 0400008000 TSI: E800

**Estimated Environmental Fee:** $1.00
**Estimated Subtotal:** $95.55
**Estimated Rental Tax:** $5.74
**Estimated Charges Paid:** $0.00
**Estimated Total Charges:** $101.29

**Credit Card Authorization Amount:** $101.29
**Net Paid Today:** $0.00

- I agree to verify my truck's fuel level is 15/16th before leaving the premises. I will return the vehicle with the same amount of fuel as when dispatched and/or agree to pay a $5.00 per gallon convenience fee for the estimated fuel I do not replace. If returned with less than 1/4 tank, I agree to also pay a $30.00 service fee. U-Haul does not reimburse if this truck is returned with more fuel than what is printed on the receipt gauge. U-Haul pays for all (save receipts).
- I understand that I am financially responsible for at least the first $250.00 for new damage caused by collision with an overhead object.
- U-Haul provides the Customer with minimum limits of protection required by that state or province where arises any claim, suit or cause of action. This provided protection is in excess or secondary to any insurance coverage(s) of the Customer. Customer assumes Sole Responsibility for any and all liability that exceeds the applicable minimum limits of protection for that state or province.
- I understand that this equipment must be returned to the same U-Haul location where it was rented. I understand that the minimum rental charge for equipment returned to a different location is twice the amount of the current One Way rate from this U-Haul location to the actual drop-off location.
- I understand that the equipment rented is water resistant and not water proof.
- I acknowledge that I have received the appropriate User Instructions and acknowledge my responsibility to fully read and understand these User Instructions before operating the equipment.
- I understand that I will receive an email link to review the rental process and the U-Haul Store employees to feedback to U-Haul any complaints, concerns, or requests that I have about my rental. I understand that I can also contact U-Haul Customer Service at uhaul.com/contact/email.aspx
- Watch for overhead objects and lock-up the cargo box.
- I agree to submit all legal claims in accordance with the U-Haul Arbitration Agreement, incorporated by reference, and available at uhaul.com/arbitration or from my local U-Haul representative.
- I acknowledge that I have received and agree to the terms and conditions of this Rental Contract and the Rental Contract Addendum.
- The failure to return the Equipment requiring U-Haul to recover the Equipment is a material breach of this Rental Contract. In the event of a material breach requiring U-Haul to recover the Equipment, U-Haul will provide You notice by text, e-mail and/or phone to all contact information provided. Upon service of notice, You shall contact U-Haul within 72 hours to make arrangements for removal of Your goods. If You do not contact U-Haul within that time, You agree U-Haul will dispose of all goods in the Equipment at U-Haul's sole discretion and cost. This paragraph supersedes and replaces para. 9 of the Additional Terms and Conditions on the Document Holder.
- "AUTHORIZED DRIVER" - An "Authorized Driver" for purposes of this Agreement is any driver listed on the U-Haul Equipment Contract as authorized by U-Haul Co. of Georgia to operate a U-Haul Vehicle. "UNAUTHORIZED DRIVER"- An "Unauthorized Driver" for purposes of this Agreement is anyone NOT listed on the U-Haul Equipment Contract as an "Authorized Driver."
- I, Walter Dixon agree to be fully responsible to U-Haul Co. of Georgia, or their affiliated U-Haul entities and agents, for all charges relating to the rental of the Equipment that may be incurred by any Authorized Driver or any Unauthorized Driver that Customer or any Authorized Driver allowed to drive the U-Haul Vehicle, including, but not limited to, rental charges, mileage fees, Equipment damage, late or unreturned Equipment charges, charges for Equipment returned to an incorrect location, late fees, cleaning charges, charges for furniture pads and dollies, missing Equipment, fees for any Violations, toll or towing fees, uncovered roadside fees, as well as any additional charges.
- I acknowledge that I was sent a text/email to the phone number or email address provided at the time of the rental, which provides me the opportunity to acknowledge equipment condition, cleanliness, mileage and fuel at the time of the rental. I understand that if I do not provide a response, I am accepting the condition as represented in the text/email. I further acknowledge that I may be responsible for any and all damage, cleaning, mileage and fuel charges as determined by U-Haul upon return of the equipment.
- U-Haul Vehicle(s) or Towable Equipment in your possession may be equipped with a U-Haul Location Tracking Device and/or OEM devices (such as OnStar®). Location information may be accessed for the reasons set forth in the U-Haul Privacy Policy available at https://www.uhaul.com/Legal/PrivacyNotice/.

Shatesa H

X_____
Walter Dixon

U-Haul Signature -(Shatesa H)

**Questions or need help? Call me.**_____ (770) 447-5017

69461162(H) 03/17
PointOfSale

PLAINTIFF'S EXHIBIT 21

# U-HAUL® Receipt

**In-Town Return (In)**

**Contract No:** 17110755
Saturday, October 7, 2023 11:17 AM

U-HAUL MOVING & STORAGE AT
JIMMY CARTER
863067

5365 JIMMY CARTER BLVD
NORCROSS, GA 30093

**(770) 447-5017**

**Customer Name:**
Walter Dixon
1378 legrand cir
LAWRENCEVILLE, GA 30043

**Cust Ph - EMail:**
(770) 905-0514
walterleedixon
@gmail.com

**Authorized Driver(s):** Walter Dixon

**Rental Date/Time:** 10/7/2023 8:07 AM
**Return Date/Time:** 10/7/2023 11:15 AM
**Chargeable Rental Periods:** 1

| Equipment | MI Out | MI In | MI Rate | MI Charge | Coverage | Missing/Damage Charge | Rental Rate | Rental Charge | Actual Charges |
|---|---|---|---|---|---|---|---|---|---|
| DC - 15' Moving Van DC5938G AE58111-AZ | 125280.0 | 125307.0 | $0.99 x 27.00 | $26.73 | Safe Move: $15.00 | $0.00 | $29.95 | $29.95 | $71.68 |
| Appliance Dolly: 0000KO 8405L | | | | | | $0.00 | $10.00 | $10.00 | $10.00 |

E  ¼  ¼  ¾  ½  ⅜  ¾  ¼  F

**Card Type:** MASTERCARD
**Entry Method:** CHIP
**AID:** A0000000041010

**Account:** XXXX-XXXX-XXXX-2028
**Application Label:** MASTERCARD
**TVR:** 0400008000

**Type:** PAYMENT
**Merchant ID:** 4445022905406
**TSI:** E800

**Ref No.:** 01831B

**Approved:** 01831B
**Term ID:** 012

**Environmental Fee:** $1.00
**Subtotal:** $82.68
**Rental Tax:** $4.96
**Total Rental Charges:** $87.64

**Credit Card Payment:** $87.64
**Net Paid Today:** $87.64

- I confirm that during the term of my rental there was not an accident involving the rented U-Haul equipment and no incidence where this equipment struck or otherwise caused damage to any person or property either on a public road or private property. There was no injury or damage sustained by me or any other drivers or passengers of this equipment.
- U-Haul Vehicle(s) or Towable Equipment in your possession may be equipped with a U-Haul Location Tracking Device and/or OEM devices (such as OnStar®). Location information may be accessed for the reasons set forth in the U-Haul Privacy Policy available at https://www.uhaul.com/Legal/PrivacyNotice/.

Raymond G

X _____
    Walter Dixon

U-Haul Signature - (Raymond G)

MobileContractClose



PLAINTIFF'S EXHIBIT 24



# U-HAUL

## Reservation Receipt

Your reservation has been completed. A confirmation and link to the U-Haul app has been sent via text to (770) 905-0514. Prior to your pickup, you can complete your check-in through the app, as well as confirm, review or make any changes to your reservation. 17110755

**Customer Name: Walter Dixon**

## Reservation Summary

**15' MOVING VAN**

**Pick Up Date:** 10/07/2023

**Pick Up Time:** 8:00 AM

**Hours Reserved:** 6 hours

**Rental Type:** In Town

*U-HAUL MOVING & STORAGE AT JIMMY CARTER*

5365 JIMMY CARTER BLVD
NORCROSS, GA 30093

(770) 447-5017

## Summary of Charges

| | |
|---|---|
| 15' Moving Van | $29.95 |
| | plus $0.99/mile |
| Environmental Fee | $1.00 |
| Estimated Tax | $1.86 |
| **Total:** | **$32.81** |
| | *plus $0.99/mile (due in store)* |

© 2020 U-Haul International, Inc. All rights reserved.

*J-Haul is a registered trademark of U-Haul International, Inc*



 Gwinnett

## Event

| | | | | | |
|---|---|---|---|---|---|
| Call Taken 10/07/2023 11:11:51 | Problem 86 - DOMESTIC | Call Disposition C25-CIVIL MATTER | First Unit Assigned 10/07/2023 11:14:51 | Call Closed 10/07/2023 11:47:37 | Primary Officer Cray jmcray |
| Common Place Name | | | Location Type UHUAL | | Cross Street HAYES DR NW/LIVE OAK PKWY NW |
| Address 5365 JIMMY CARTER BLVD NW | | | | Apt. | Bldg. |
| City NORCROSS | State GA | Zip 30093 | Latitude 33.904908 | Longitude -84.20506 | Beat 132 |
| Jurisdiction Gwinnett County PD | Battalion West Side | CAD Incident Type | Priority 3 | Alarm 0 | Alarm Type |
| Call Taker Jackson, Kyarra | How Received | Workstation ID CADAXCT05 | No. Of Injuries | First Unit Enroute 10/07/2023 11:20:03 | First Unit Arrived 10/07/2023 11:20:03 |
| Call Status C | | | | | |
| Call Back Information 770-905-0514 | | | | | |
| User Data Field Name: Aero Map Page Field Value:817-F5 Field ID:821458 Incident User Data FieldID: 821458 Performed By:CO752 | | | | | |

## Comments



PLAINTIFF'S EXHIBIT
30

## Unit 1: 143A

Responders
Cray,

| Primary Unit | Assigned | Enroute | Arrived At Scene | Call Cleared | Unit Name |
|---|---|---|---|---|---|
| Yes | 10/07/2023 11:14:51 | 10/07/2023 11:20:03 | 10/07/2023 11:20:03 | 10/07/2023 11:47:37 | 143A |

Unit Disposition

| Assigned By | Left For Secondary Loc | Arrive @ Secondary Loc. | Name Transported | Transport Protocol | Phone |
|---|---|---|---|---|---|
| Lawrence, Alicia | | | | | |

| Transport To Location | Location Type | Cross Street |
|---|---|---|

| Address | Apt. | Bldg. |
|---|---|---|

| City | State | Zip | Latitude | Longitude |
|---|---|---|---|---|

| On Scene Odometer | At Destination Odometer |
|---|---|

## Person 1

| Involvement Type | Full Name | Date Of Birth | Age | To Age |
|---|---|---|---|---|
| | DIXON, WALTER | | | |

| Address | Apartment |
|---|---|
| 5365 - 5389 JIMMY CARTER BLVD NW | |

| City | State | Zip |
|---|---|---|

| Race | Sex | Phone | License State | License Number | SSN |
|---|---|---|---|---|---|
| | | (770) 905-0514 | | | |

| Height | To Height | Weight | ToWeight | Eye Color | Hair Color | Build | Facial Hair | Glasses |
|---|---|---|---|---|---|---|---|---|
| #Error | | | | | | | | |

## E911 Call 1

| Answered Time | Class Of Service | ANI Phone Number | Customer Name |
|---|---|---|---|
| 10/07/2023 11:11:49 | Phase2 | (770) 905-0514 | |

| Address | Apartment |
|---|---|

| City | State | Zip | Latitude | Longitude |
|---|---|---|---|---|
| | | | 33.904806 | -84.205441 |



Inform CAD Comments
Location: UHUAL

10/7/2023 11:11:52 AM, Performed By: SYS

Comment: [1] ***ADDL Wireless Info: 5320 JIMMY CARTER BLVD NW - SECTOR NE NORCROSS GA ***

10/7/2023 11:11:52 AM, Performed By: SYS

Comment: [2] ***Class of Service: WPH2 LAT: +33.904806 LON: -084.205441 ***

10/7/2023 11:11:52 AM, Performed By: SYS

Comment: [3] ALT# 770-905-0514 T-MOBILE USA

10/7/2023 11:13:01 AM, Performed By: CO752

Comment: [4] COMPL VS BUSINESS

10/7/2023 11:13:47 AM, Performed By: CO752

Comment: [5] NO MENTIONED 28/38/69

10/7/2023 11:14:56 AM, Performed By: CO752

Comment: [6] COMPL ADV HE IS A CUSTOMER TRYING TO RETURN HIS TRUCK AND ONE OF THE EMPLOYEES CUSSED HIM OUT

10/7/2023 11:15:14 AM, Performed By: SCO271

Comment: [7] WILL ADVS IF SECOND UNIT NEEDED

10/7/2023 11:15:30 AM, Performed By: CO752

Comment: [8] COMPL ADV HE WANTS TO MAKE REPORT AGAINST EMPLOYEE BECAUSE HE WANTS TO FILE A COMPL WITH THE CORPRATE OFFICE

10/7/2023 11:15:50 AM, Performed By: CO752

Comment: [9] COMPL CLR TO REMAIN SEPARATED UNTIL PD IS T7 , ALSO CLR TO R.C IF ANYTHING CHANGES

10/7/2023 11:20:03 AM, Performed By: 143A

Comment: [10] 143A On Scene at 10/7/2023 11:20:03, Latitude: 33.9045062666667, Longitude: -84.20563725

10/7/2023 11:47:29 AM, Performed By: 143A

Comment: [11] Cray, Jhontae - 143A - THE COMPL STATED HE CAME IN TO RETURN A TRUCK AND CALLED THE LADY AT THE COUNTER "DARLING". THE COMPL STATED THE EMPLOYEE GOT UPSET AND CURSED AT HIM. THE COMPL STATED HE WANTED TO REPORT THE EMPLOYEE SO HE COULD SEND A COMPLAINT TO THE GENERAL MANAGER. I EXPLAINED TO THE COMPL THE SITUATION WAS CIVIL. THE EMPLOYEE STATED SHE HAS TOLD THE C̶O̶M̶P̶L̶ MULTIPLE TIMES TO STOP CALLING HER "BABY" OR "DARLING" AND TO CALL HER BY HER NAME.

PLAINTIFF'S EXHIBIT
3a





# FILE COPY

**Rosenthal BC Inc.**
Legal Service Department

Walter L. Dixon, Sr.
Senior Paralegal Litigator
GAP & NFOPA
Member No.# 87748605
Services For Attorney Only
P. O. Box 464512
Lawrenceville, GA 30042

EIN# 46-2624706
D-U-N-S 07-9308668

Office: 678.235.4878
Cell:     770.905.0514
wdixon@rosenthalbc.net

➤  Paralegal Services For
     Attorney Only
➤  Attorney & Consumer
     Workplace Investigative
     EEOC Complaint
➤  Case Law Legal
     Research Attorney Only
➤  Sexual Harassment
     Prevention Seminar
➤  Business Management
➤  Court Room Case Jury
     Analysis Attorney Only
➤  Active Shooter/Active
     Threat Seminar
➤  Human Resources
     Management Seminar
➤  Corporate, Distribution,
     & Manufacturing Risk
     Management Seminar
➤  Attorney's Client
     Detention Center Visit
➤  Workplace Safety
     Basics Seminar
➤  Employees On-Site
     Motivation Seminar
➤  Workplace Bullying and
     Violences
          *RBC*

April 22, 2025

**VIA USPS CERTIFIED MAIL #7015064000228890936
AND ELECTRONIC MAIL to** Alyssa_espinoza@uhaul.com
Corporate Executive Secretary and mblarsen@repwest.com

Edward J. Joe Shoen
Chairman, President and Chief Executive Officer
U-Haul Holding Company
2727 North Central Avenue
Phoenix, AZ 85004 USA

**RE: FINAL NOTICE OF INTENT TO LITIGATE AND
DEMAND FOR SETTLEMENT - Walter Dixon v. U-Haul
Holding Company**

Mr. Shoen,

This letter constitutes a final and non-negotiable demand for
settlement concerning the egregious and unlawful actions of your
employee, Andrea, at the U-Haul facility located at 5365 Jimmy
Carter Blvd., Norcross, GA 30093, on October 7, 2023. The racially
charged and abusive treatment of our client, Walter Dixon, by your
assistant manager is indefensible and exposes U-Haul Holding
Company to significant legal liability.

The police report and other exhibits in my letter to you of April 11,
2025 and the comprehensive Petition for Damages provide irrefutable
proof of Andrea's reprehensible conduct and the potential legal
ramifications for U-Haul Holding Company due to negligent hiring,
training, and supervision. The dismissive response from Repwest
Insurance Company is a clear indication of your company's
unwillingness to take responsibility, a stance that will prove to be a
grave miscalculation.

Therefore, U-Haul Holding Company is hereby directed to remit a
settlement a reasonable and acceptable offer no later than **5:00 p.m.
Eastern Standard Time on Monday, May 5, 2025.** Absent your
affirmative response and tender of a settlement, the attached Petition
for Damages will be filed immediately with the Superior Court of
Gwinnett County.

Let this serve as an unequivocal warning, Mr. Shoen: should U-Haul
Holding Company elect to proceed with litigation, you will face a
determined and well-supported legal challenge.



PLAINTIFF'S
EXHIBIT
24

Services



RosenthalBC

P.2 of 2.
Edward J. Shoen
U-Haul Holding Company
April 22, 2025

I'm fully prepared to present compelling evidence of your employee's malicious actions and your company's systemic failures to a jury of twelve. The ultimate determination of damages, including potentially substantial punitive awards, will be left to their discretion. Do not underestimate the potential consequences of such a decision.

The attached Petitions for Damages clearly articulates the legal basis for my claims and the significant monetary relief sought, including punitive damages warranted by the egregious and racially motivated nature of the misconduct.

This is your final opportunity to avoid a costly and potentially damaging legal battle. Your immediate attention to this demand is paramount and there will be no other documents forward to Repwest Insurance Company. All future documents will be available through the discovery process during the trial.

Respectfully,

Walter Dixon, Sr.
Senior Associate
wdixon@rosenthalbc.net
 Admitted To: GAP & NFOPA
Member No. 87748605
P.O. Box 464512
Lawrenceville, GA 30042
(O) 678.225.4878
(C) 770.905.0514

cc: Attachments: Plaintiff's Petition, Plaintiff's List of Evidences, Plaintiff's List of Demanding Resolutions Prior To Litigation,







**FILE COPY**

**Rosenthal BC Inc.**
**Legal Service Department**

Walter L. Dixon, Sr.
Senior Paralegal Litigator
GAP & NFOPA
Member No.# 87748605
Services For Attorney Only
P. O. Box 464512
Lawrenceville, GA 30042

EIN# 46-2624706
D-U-N-S 07-9308668

Office: 678.235.4878
Cell:  770.905.0514
wdixon@rosenthalbc.net

➤ Paralegal Services For
  Attorney Only
➤ Attorney & Consumer
  Workplace Investigative
  EEOC Complaint
➤ Case Law Legal
  Research Attorney Only
➤ Sexual Harassment
  Prevention Seminar
➤ Business Management
➤ Court Room Case Jury
  Analysis Attorney Only
➤ Active Shooter/Active
  Threat Seminar
➤ Human Resources
  Management Seminar
➤ Corporate, Distribution,
  & Manufacturing Risk
  Management Seminar
➤ Attorney's Client
  Detention Center Visit
➤ Workplace Safety
  Basics Seminar
➤ Employees On-Site
  Motivation Seminar
➤ Workplace Bullying and
  Violences
     *RBC*
   *Since 2013*
   *Your Trusted*
  *Source In Attorney,*
*Consumer, Corporate and*
*Small Business Consulting*
     *Services*

April 23, 2025

VIA USPS-CERTIFIED MAIL No. 7015 0640 0002 2889 0943
AND ELECTRONIC MAIL to **Alyssa_espinoza@uhaul.com**
Corporate Executive Secretary and **mblarsen@repwest.com**

Edward J. Shoen
Chairman, President, CEO and Board Member
U-Haul Holding Company
2727 North Central Avenue
Phoenix, AZ 85004 USA

### NOTICE OF CONTINUED PROSECUTION OF LAWSUIT DUE TO LACK OF SUBSTANTIVE RESPONSE

Mr. Shoen, while your correspondence has been received, it is unequivocally rejected as an adequate response to the serious allegations of discriminatory conduct outlined in the Plaintiff's previous communication of April 11, 2025. Your generalized apology and personal anecdotes fail to address the core issue of U-Haul's responsibility for the actions of its agents and, more importantly, your plan as a leader to prevent future discriminatory acts.

The Plaintiff's decision to initiate litigation was not taken lightly. It was a direct result of the discriminatory treatment experienced and the perceived failure of U-Haul to take meaningful action to rectify the situation and prevent its recurrence. Your letter, devoid of any concrete commitment to policy changes or internal reforms, only reinforces the Plaintiff's belief that legal intervention is the only viable path to ensure accountability and systemic change within U-Haul.

Therefore, be advised that the Plaintiff remains steadfast in their pursuit of this litigation. The aim is not simply to secure monetary damages but to compel U-Haul, under your leadership, to implement tangible and verifiable measures to prevent discrimination and ensure equal treatment for all customers, regardless of race. Your current response indicates a fundamental disconnect that necessitates the continued prosecution of this matter before a court of law.



PLAINTIFF'S EXHIBIT
25



P.2 of 2.

Edward J. Shoen

U-Haul Holding Company

April 23, 2025

Respectfully,

Walter Dixon, Sr.

Senior Associate & Chief Litigator

wdixon@rosenthalbc.net

walterleedixon@gmail.com

Admitted To: GAP & NFOPA

Member No. 87748605

P.O. Box 464512

Lawrenceville, Georgia 30042





**FILE COPY**

Rosenthal BC Inc.
Legal Service Department

Walter L. Dixon, Sr.
Senior Paralegal Litigator
GAP & NFOPA
Member No.# 87748605
Services For Attorney Only
P. O. Box 464512
Lawrenceville, GA 30042

EIN# 46-2624706
D-U-N-S 07-9308668

Office: 678.235.4878
Cell:    770.905.0514
wdixon@rosenthalbc.net

➤ Paralegal Services For
  Attorney Only
➤ Attorney & Consumer
  Workplace Investigative
➤ EEOC Complaint
➤ Case Law Legal
  Research Attorney Only
➤ Sexual Harassment
  Prevention Seminar
➤ Business Management
➤ Court Room Case Jury
  Analysis Attorney Only
➤ Active Shooter/Active
  Threat Seminar
➤ Human Resources
  Management Seminar
➤ Corporate, Distribution,
  & Manufacturing Risk
  Management Seminar
➤ Attorney's Client
  Detention Center Visit
➤ Workplace Safety
  Basics Seminar
➤ Employees On-Site
  Motivation Seminar
➤ Workplace Bullying and
  Violences

RBC

Services



**VIA CERTIFIED MAIL No. 7015 0640 0002 2889 0943**
**AND ELECTRONIC MAIL to** Alyssa_espinozza@uhaul.com
**Corporate Executive Secretary and** mblarsen@repwest.com

April 24, 2025

Mr. Edward Shoen
Chairman, President, CEO and Board Member
U-Haul Holding Company
2727 North Central Avenue Phoenix, AZ 85004

**RE: <u>IMMEDIATE AND URGENT DEMAND FOR PRE-
LITIGATION SETTLEMENT – WALTER L. DIXON, SR. v. U-
HAUL HOLDING COMPANY – AVOIDANCE OF IMMINENT
LITIGATION</u>**

Dear Mr. Shoen,

This correspondence serves as an unequivocal and final
notification regarding the impending legal action to be
initiated by against U-Haul Holding Company in the
Superior Court of Gwinnett County, State of Georgia. This
matter arises from the grievances and demands for
settlement articulated in my prior communication dated
April 22, 2025, the contents of which are hereby reiterated
and incorporated by reference.

Be advised that absent a complete and satisfactory
resolution of the claims set forth in my aforementioned
correspondence, a formal complaint will be filed with the
Superior Court on **Tuesday, May 6, 2025.** This legal action
will seek all available remedies at law and equity, including
but not limited to compensatory damages, punitive
damages, injunctive relief, and recovery of all associated
legal costs and fees incurred.

Mr. Shoen, I emphasize, in the strongest possible terms, that
the commencement of litigation will necessitate significant
expenditure of resources by U-Haul Holding Company,
expose the company to potential reputational harm, and



Rosenthal BC

P.2 of 2.
Edward J. Shoen
U-Haul Holding Company
April 24, 2025

subject it to the rigorous and public scrutiny of the judicial process. It remains our client's sincere hope, and indeed our considered legal opinion, that U-Haul Holding Company would be best served by engaging in immediate and good-faith settlement negotiations to avert the filing of this lawsuit.

Mr. Shoen, should this Honorable Court deem it appropriate to grant my Motion for Media Access and Live Recording of Court Proceedings as attached, the ramifications for U-Haul Holding Company,

upon the public consciousness cannot be understated. The transparency afforded by such an order will inexorably expose the operational framework that goes on at U-Haul Stores located nationwide throughout the United States and other countries, potentially revealing a corporate culture wherein discriminatory practices are not merely isolated incidents but are, in fact, tolerated or tacitly endorsed under your leadership Mr. Edward Shoen. This public unveiling of alleged malfeasance and the allowance of discriminatory conduct will undoubtedly cast a pall of disrepute upon U-Haul Stores, impacting its public image, consumer trust, and overall standing within the commercial sphere.

Therefore, I demand your prompt attention to this critical matter and urge you to reconsider your position prior to the **May 5, 2025** deadline. Failure to achieve a mutually agreeable resolution by this date will leave me with no alternative but to vigorously pursue my rights through the formal litigation process.

This is a serious legal matter that warrants your immediate and decisive action. I await your response with the urgency it demands.

Sincerely,

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net



PLAINTIFF'S
EXHIBIT
26.2

# GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**                              **CIVIL ACTION**
**PLAINTIFF**                                         **FILE NO._____**


**U-HAUL International, Inc.**
**DEFENDANT**

## CERTIFICATE OF SERVICE

**COMES NOW**, Plaintiff, Walter L. Dixon, Sr., hereby certify that I have this day served the foregoing **PLAINTIFF'S DEMANDING RESOLUTION PRIOR TO LITIGATION** upon counsel Kristine Campbell or current counsel by delivering a copy of same in the United States mail in an envelope with sufficient postage thereon addressed as follows:

U-Haul Holding Company, Attn: Kristine Campbell counsel of record 2727 North Central Avenue. Phoenix, AZ 85004 USA.

This 29 day of April 2025.

_____
Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

Case 1:25-cv-02910-MLB    Document 1-2    Filed 05/27/25    Page 124 of 135

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
25-A-03941-1
4/30/2025 12:38 AM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT

## OF

## GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**　　　　　　**CIVIL ACTION**
**PLAINTIFF**　　　　　　　　　　　　　**FILE NO. 25-A-03941-1**


**U-HAUL International, Inc.**
**DEFENDANT**


## <u>PLAINTIFF'S FIRST MOTION</u>

## <u>TO</u>

## <u>PRODUCE DOCUMENTS</u>

## <u>TO DEFENDANT U-HAUL INTERNATIONAL, INC.</u>

Plaintiff, Walter L. Dixon, Sr., pursuant to Rule 34 of the Official Code of Georgia Annotated ("O.C.G.A."), hereby moves this Honorable Court for an Order compelling Defendant, U-Haul International, Inc. ("U-Haul"), to produce the documents and electronically stored information described below. These documents and information are relevant to the subject matter of the pending action, are reasonably calculated to lead to the discovery of admissible evidence, and are within the possession, custody, or control of Defendant U-Haul, including through its wholly-owned subsidiary, Repwest Insurance Company ("Repwest").

## I.

## **INTRODUCTION**

This action arises from (Plaintiff's Petition For Damages and Jury Trial and Plaintiff's Motion To Strike Fraudulent Claim Denial And Compel Independent Claim Adjudication Due To Defendant's Undisclosed Fiduciary pending before this court.)

Plaintiff has learned that Repwest Insurance Company, the entity handling claims related to U-Haul's operations, is a wholly-owned subsidiary of Defendant U-Haul International, Inc. This corporate relationship raises significant concerns regarding potential bias and conflicts of interest in the claims handling process, directly impacting Plaintiff's claim and potentially the claims of - numerous other consumers. The inherent conflict arises from Repwest's financial interest in minimizing payouts, which directly benefits its parent company, U-Haul.

Plaintiff contends that U-Haul, through its control over Repwest, has created a system where claims are evaluated and adjudicated with a focus on minimizing costs rather than ensuring fair compensation to claimants. This motion seeks to uncover the extent of this alleged practice, the financial benefits U-Haul derives from it, and the potential impact on consumers, including Plaintiff. The information sought is crucial to demonstrate a pattern of conduct, potential systemic bias, and the financial incentives that may influence claim decisions, all of which are directly relevant to the issues presented in this case, including but not limited to liability, damages, and punitive damages under Georgia law.

## II.

## **DEFINITIONS**

For the purposes of this Request for Production, the following definitions shall apply:

- "Document" shall mean all writings, recordings, and data compilations from which information can be obtained, including, but not limited to, paper documents, electronic mail (e-mail), attachments to e-mails, word processing documents, spreadsheets, databases, presentations, calendars, memoranda, notes, reports, studies, analyses, policies, procedures, manuals, photographs, video recordings, audio recordings, and

any other tangible form of information, including electronically stored information, regardless of the medium on which it is stored. This definition is intended to be construed broadly, consistent with the scope of discovery permitted under O.C.G.A. § 9-11-26.

- "Concerning" or "Relating to" shall mean directly or indirectly referring to, describing, evidencing, constituting, or in any way pertaining to the subject matter identified.
- "Claim" shall mean any demand for payment or compensation made by a customer or third party against U-Haul or related to U-Haul's operations, including but not limited to claims arising from rentals, accidents, damages, injuries, loss of property, or any other incident covered by insurance policies or agreements related to U-Haul rentals.
- "Similar Claim" shall mean any Claim arising from circumstances substantially similar to those underlying Plaintiff's claim, including but not limited to [specify the key elements of your claim with as much detail as possible, e.g., "claims involving damage to rented vehicles where the customer disputes liability," "claims for personal injury arising from accidents involving U-Haul trucks," "claims related to damage to personal property during a move facilitated by U-Haul," etc.]. The definition of "Similar Claim" should be tailored to the specific facts of your case to ensure the request is both relevant and likely to be granted.
- "Repwest" shall mean Repwest Insurance Company and all of its agents, employees, representatives, and any persons acting on its behalf.
- "U-Haul" shall mean U-Haul International, Inc., its subsidiaries (including U-Haul Truck Leasing), divisions, affiliates, officers, directors, employees, agents, representatives, and any persons acting on its behalf.
- "Consumer/Customer" shall mean any individual or entity that has rented equipment or services from U-Haul Truck Leasing.
- "Annual" shall mean the calendar year or U-Haul's fiscal year, whichever is applicable.

## III.

## REQUESTS FOR PRODUCTION

Plaintiff hereby requests that Defendant U-Haul produce the following documents and electronically stored information within thirty (30) days of service of this Motion, as required by O.C.G.A. § 9-11-34:

## A. Documents and Information Regarding Similar Claims

1. All Documents in Repwest's possession, custody, or control concerning all Claims filed against U-Haul by Consumers/Customers that are Similar Claims to the claim filed by Plaintiff. This shall include, but not be limited to, the complete claim file, including:

   o Initial claim reports and supporting documentation submitted by the claimant.

   o Investigation reports, including photographs, diagrams, and any expert evaluations.

   o Witness statements, whether recorded, written, or transcribed.

   o Internal communications, including emails, memoranda, and notes, relating to the evaluation and processing of the Claim.

   o Assessments of liability, including any internal evaluations or opinions regarding the degree of fault of the customer or U-Haul.

   o Damage estimates, repair records, and appraisals of property damage.

   o Medical records, if applicable, and any evaluations of personal injury claims.

   o Settlement offers, demands, and agreements.

   o Any denials of Claims, including the reasons for denial.

   o Documentation related to subrogation efforts, if any.

2. For each Similar Claim identified in response to Request No. 1, produce a data compilation or spreadsheet (in a readily usable electronic format, such as Microsoft Excel or CSV) containing the following information, to the extent such information is maintained by Repwest:

- o The race and ethnicity of the claimant.
- o The total amount of the Claim as initially filed.
- o The final disposition of the Claim (e.g., settled, denied, withdrawn, litigated).
- o If the Claim was settled, the final settlement amount.
- o The date the Claim was filed and the date of final disposition.
- o A brief description of the nature of the Claim, including the type of incident, the nature of the damage or injury, and the location of the incident.
- o The policy number or rental agreement number associated with the Claim.
- o The name and contact information of the assigned claims adjuster.

3. All policies, procedures, guidelines, and training materials, whether written or electronic, used by Repwest in evaluating and processing Claims, particularly those relating to Similar Claims. This includes any updates, revisions, or amendments to these materials.

4. All internal communications between U-Haul and Repwest concerning the handling, evaluation, or settlement of Similar Claims. This includes, but is not limited to, communications regarding:

- o Specific claims or categories of claims.
- o Settlement authority and approval processes.
- o Strategies for minimizing claim payouts.
- o Performance metrics for claims adjusters.
- o Legal reviews or opinions related to claims handling practices.

5. Any statistical reports, analyses, or summaries, whether prepared internally or by external consultants, regarding the number, type, disposition, and settlement amounts of Claims filed against U-Haul by Consumers/Customers, specifically including data on Similar Claims. This includes reports relating to:

- o Average settlement amounts by claim type.
- o Percentage of claims denied by claim type.
- o Timeframes for claim resolution.
- o Customer satisfaction surveys or feedback related to the claims process.
- o Data on claims litigation rates.

6. All documents relating to any complaints filed with regulatory agencies (e.g., the Georgia Office of Insurance and Safety Fire Commissioner) concerning Repwest's claims handling practices related to U-Haul rentals.

## B. Documents and Information Regarding Financial Relationship and Profitability

7. The Annual Profit and Loss Statements for Repwest for the past five (5) years [or a longer period if deemed relevant and discoverable under Georgia law, such as ten (10) years, if there is evidence suggesting a longer pattern of conduct]. These statements should include detailed information on revenue, expenses, and net income.

8. Documents detailing the total amount of insurance premiums charged and received by Repwest in connection with U-Haul rentals for the past five (5) years [or a longer period, such as ten (10) years, if warranted]. This should include a breakdown of premium income by type of coverage (e.g., cargo protection, damage waiver, liability coverage).

9. Documents reflecting the total number of Claims filed with Repwest annually for the past five (5) years [or a longer period, such as ten (10) years, if warranted], broken down by claim type.

10. Documents reflecting the total number of Claims denied by Repwest annually for the past five (5) years [or a longer period, such as ten (10) years, if warranted], broken down by claim type and the stated reason for denial.

11. Documents outlining the financial arrangements, agreements, or contracts between U-Haul and Repwest concerning the handling and payment of claims, including but not limited to any agreements regarding:
    o The transfer of funds between U-Haul and Repwest.
    o The allocation of expenses related to claims processing.
    o Profit sharing or distribution related to insurance operations.
    o Reinsurance agreements.
    o Management fees or other charges paid by U-Haul to Repwest.

12. Any internal audits, reviews, or reports concerning Repwest's claims handling practices and financial performance conducted by or for U-Haul, including any assessments of the efficiency, fairness, or profitability of the claims process.

13. Documents relating to the compensation and incentive structures for Repwest employees involved in claims handling, including any metrics or goals related to claim settlement amounts or claim denial rates.

## IV.

## RELEVANCE AND GOOD CAUSE

The requested documents and information are relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence, as permitted under O.C.G.A. § 9-11-26(b)(1), for the following reasons:

- **Pattern of Conduct and Potential Bias:** Information regarding the handling of Similar Claims, including the race and ethnicity of the claimants and the outcomes of those claims, is essential to determine whether there is a pattern of unfair, discriminatory, or biased practices in how U-Haul, through Repwest, handles claims. This is crucial for establishing liability, assessing damages, and potentially seeking punitive damages under Georgia law, which allows for such damages in cases of willful misconduct, fraud, or oppression. The requested racial and ethnic data is specifically relevant to investigating potential violations of equal protection principles and whether U-Haul's claims practices have a disparate impact on certain groups.

- **Conflict of Interest and Financial Incentives:** The fact that Repwest is a wholly-owned subsidiary of U-Haul creates an inherent and substantial conflict of interest in the claims handling process. Documents detailing the financial relationship between the two entities, including profit and loss statements, premium income, and financial arrangements, will shed light on the financial incentives that may influence Repwest's decisions regarding claim approvals and settlements. Understanding the profitability of denied claims versus paid claims is directly relevant to assessing the extent of this conflict and whether Repwest prioritizes U-Haul's financial interests over the fair resolution of claims.

- **Corporate Influence and Control:** The requested documents will help establish the degree of control U-Haul exercises over Repwest's claims handling operations. This is important for determining whether U-Haul is directly responsible for any unfair or

improper practices. Evidence of centralized control and influence will support Plaintiff's arguments regarding corporate liability.

- **Financial Information and Profitability:** The annual profit and loss statements for Repwest, along with data on premiums received and claims paid and denied, will provide critical insight into the financial benefits U-Haul derives from its insurance operations. This information is relevant to understanding the overall context of Plaintiff's claim and the potential for systemic issues in U-Haul's claims handling practices. It may also be relevant to determining the appropriate amount of punitive damages, should the jury find in favor of the Plaintiff.

- **Claims Handling Policies and Procedures:** Production of Repwest's claims handling policies, procedures, and training materials will allow Plaintiff to assess whether these policies are fair, reasonable, and consistently applied, particularly in the context of Similar Claims. This will help determine whether U-Haul has established adequate safeguards to prevent bias and ensure that claims are handled in good faith, as required by Georgia law.

- **Regulatory Compliance:** Documents relating to complaints filed with regulatory agencies are relevant to demonstrate whether U-Haul and Repwest have a history of violating applicable insurance regulations or engaging in unfair claims settlement practices.

Plaintiff has good cause for the production of these documents and information, as they are essential to substantiating Plaintiff's claims, exploring potential systemic issues in Defendant's claims handling practices, and potentially establishing grounds for punitive damages under Georgia law. The information sought is uniquely within the possession, custody, or control of Defendant U-Haul and Repwest, and Plaintiff has no other means of obtaining this crucial evidence. The production of these documents is necessary to ensure a full and fair adjudication of Plaintiff's claims and to prevent Defendant from withholding information that is critical to the resolution of this case.

## V.

### COMPLIANCE WITH RULE 34

This Request for Production is specific and describes with reasonable particularity each item or category of items to be produced, as required by O.C.G.A. § 9-11-34. The requested documents and electronically stored information are within the scope of discovery permitted by the Georgia Rules of Civil Procedure and O.C.G.A. § 9-11-26.

## VI.

### CONCLUSION

For the foregoing reasons, Plaintiff, Walter L. Dixon, Sr., respectfully requests that this Honorable Court enter an Order compelling Defendant, U-Haul International, Inc., to produce the documents and electronically stored information requested herein within thirty (30) days of the date of said Order.

Respectfully, submitted

This the 30 day of April, 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

# IN THE SUPERIOR COURT

## OF

## GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**              **CIVIL ACTION**
**PLAINTIFF**                          **FILE NO. 25-A-03941-1**

**U-HAUL International, Inc.**
**DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that on this 30 day of April, 2025, I electronically filed the foregoing **Plaintiff's First Motion to Produce Documents to Defendant** U-Haul International, Inc., upon counsel to Kristine Campbell or current Defendant's Attorney on record, by depositing a copy of same in the United States mail in an envelope with sufficient postage thereon addressed as follows:

U-Haul Internation., Attn: Kristine Campbell counsel of record 2727 North Central Avenue. Phoenix, AZ 85004 USA.

This the 30 day of April, 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
(O) 678.235.4878
(C) 770.905.0514
walterleedixon@gmail.com
wdixon@rosenthalbc.net

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
25-A-03941-1
4/30/2025 12:38 AM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT

## OF

## GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**
**PLAINTIFF**

**CIVIL ACTION**
**FILE NO. 25-A-03941-1**

**U-HAUL International, Inc.**
**DEFENDANT**

## PLAINTIFF'S
## REQUEST FOR ORAL ARGUMENT ON MOTION

Comes Now Walter L. Dixon, Sr., in the above styled case and hereby request that a time for oral argument be scheduled for the Plaintiff's First Motion To Produce Documents To Defendant U-Haul International, Inc., filed by Plaintiff on the 30th day of April, 2025.

This the 30 day of April 2025.

_____
Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514 walterleedixon@gmail.com
  or wdixon@rosenthalbc.net

# IN THE SUPERIOR COURT

## OF

## GWINNETT COUNTY

## STATE OF GEORGIA

)
)
)
)
)
)
)

**WALTER L. DIXON, SR.**
**PLAINTIFF**

          **CIVIL ACTION**
          **FILE NO. 25-A-03941-1**

**U-HAUL International, Inc.**
**DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

**COMES NOW**, Plaintiff, Walter L. Dixon, Sr., hereby certify that I have this day served the foregoing Plaintiff's Request For Oral Argument, upon counsel Kristine Campbell or current counsel by delivering a copy of same in the United States mail in an envelope with sufficient postage thereon addressed as follows:

U-Haul Holding Company Attn: Kristine Campbell counsel of record 2727 North Central Avenue. Phoenix, AZ 85004 USA.

This the 30 day of April 2025.

Walter L. Dixon, Sr.
Pro Se
Senior Associate & Chief Paralegal Litigator
1378 Legrand Circle
Lawrenceville, GA 30043
Member No.87748605
GAP & NFOPA
(O) 678.235.4878
(C) 770.905.0514 walterleedixon@gmail.com  or wdixon@rosenthalbc.net